**Thomas Freedman Jr.** (OSB No. 080697) thomas@prllaw.com
**Pearl Law LLC**
552 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
Tel:    (503) 295-6296 | Fax: (503) 295-6344

**Valentin Gurvits** (*pro hac vice*) vgurvits@bostonlawgroup.com
**Matthew Shayefar** (*pro hac vice*) matt@bostonlawgroup.com
**Boston Law Group, PC**
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:    (617) 928-1800 | Fax: (617) 928-1802

**Sean Ploen** (*pro hac vice*) sploen@ploen.com
**Ploen Law Firm, PC**
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
Tel:    (651) 894-6800 | Fax: (651) 894-6801

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **CALISTA ENTERPRISES LTD.**, a Republic of Seychelles company,<br><br>     Plaintiff/Counter-defendant,<br><br>- v. -<br><br>**TENZA TRADING LTD.**, a Cyprus company,<br><br>     Defendant/Counterclaimant. | Case No. 3:13-cv-01045-SI<br><br>**COUNTER-DEFENDANT'S ANSWER TO COUNTERCLAIMS OF TENZA TRADING LTD.**<br><br>JURY TRIAL DEMANDED |

Counter-defendant Calista Enterprises Ltd. ("Calista"), for its Answer to the

Counterclaims of Tenza Trading Ltd. ("Tenza") hereby admits, denies and alleges as follows:

1.      Calista admits that Tenza attempts to assert counterclaims under the statutes cited

in paragraph 1 of the Counterclaim and that Calista filed this action, but denies the substance of

all remaining alleged claims and that Tenza is entitled to any relief.

2.     Calista admits Tenza attempts to assert counterclaims under the statutes cited in paragraph 1 of the Counterclaim, that the domain names listed in paragraph 11 of the Counterclaim are registered through Moniker Online Services, LLC ("Moniker") and that Calista filed this action, but denies the substance of all remaining alleged claims and that Tenza is entitled to any relief.

### The Parties

3.     Calista is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

4.     Calista admits that Calista is a Seychelles company.  Calista denies the remaining allegations of this paragraph.

5.     Calista is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

6.     Calista is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

### Allegations Common to Defendant and Counterclaimant's Affirmative Defenses and Counterclaim.

7.     Calista admits that the website at www.porntube.com (the "Porntube.com Website") features adult entertainment photographs, videos, related film clips and other multimedia material.  Calista is without sufficient information or knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

8.     Calista is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**  
825 Beacon Street, Suite 20 | Newton Centre, MA 02459  
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **2**  
Answer to Counterclaim

9. Calista is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same. In answering further, Calista denies that the PORNTUBE mark (the "Putative Mark") and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

10. Calista admits that the Porntube.com Website utilizes an affiliate program to drive visitors to the Porntube.com Website. Calista is without sufficient information or knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

11. Calista admits that it owns and operates the websites listed in paragraph 11 of the Counterclaim ("Calista's Websites"). Calista denies the remaining allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a Website.

12. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services provided via a Website. In answering further, Calista denies that any permission, authorization or consent to use the Putative Mark is necessary or could be validly given, given the Putative Mark's status as a generic designation or a merely descriptive term not susceptible to proprietary rights.

13. Calista is without sufficient information or knowledge to admit or deny the allegations concerning what Tenza has been informed and what Tenza believes, and therefore denies the same.

14. Calista admits that Calista's Websites contain hyperlinks that direct visitors to other websites, including, at one time, the Porntube.com Website. Calista also admits that it participated in the affiliate program for the Porntube.com Website and that it received payment from Tenza for directing traffic to the Porntube.com Website. Calista denies the remaining allegations of this paragraph.

15. Calista admits that Calista's Websites identify and link to each other and that Calista's Websites also directed visitors to the Porntube.com Website. Calista denies the remaining allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services provided via a Website.

16. Calista admits that Calista's Websites identified and linked to each other using the generic and/or merely descriptive term "Porn Tube." Calista denies the remaining allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a Website. In answering further, Calista denies that any permission, authorization or consent to use the Putative Mark is necessary or could be validly given, given the Putative Mark's status as a generic designation or a merely descriptive term not susceptible to proprietary rights.

17. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

18. Calista admits that Tenza filed a complaint pursuant to the Uniform Domain-Name Dispute-Resolution Policy (the "UDRP") against Calista regarding Calista's Websites. Calista admits that a one-vote majority of the UDRP administrative panel found in favor of Tenza and ordered Moniker to transfer registration of the domains to Tenza. Calista denies the remaining allegations of this paragraph.

19. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website. In answering further, Calista denies that any permission, authorization or consent to use the Putative Mark is necessary or could be validly given, given the Putative Mark's status as a generic designation or a merely descriptive term not susceptible to proprietary rights.

## First Cause of Action

Infringement of Registered Trademark

15 U.S.C. § 1114

20. Calista restates and incorporated the answers to the above paragraphs as if set forth fully herein.

21.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a Website.

22.     Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a Website.

23.     Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

24.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

25. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

26. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

27. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

**Second Cause of Action**

Federal Unfair Competition

15 U.S.C. § 1125(a)

28. Calista restates and incorporated the answers to the above paragraphs as if set forth fully herein.

29. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

30. Calista denies the allegations of this paragraph.

31. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

### Third Cause of Action

Common Law Trademark Infringement

32. Calista restates and incorporated the answers to the above paragraphs as if set forth fully herein.

33. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph.

34. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a

generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

35. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

36. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

37. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

38. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

39. Calista denies the allegations of this paragraph.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**  
825 Beacon Street, Suite 20 | Newton Centre, MA 02459  
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **9**  
Answer to Counterclaim

## Fourth Cause of Action

Counterfeiting

15 U.S.C. § 1116

40. Calista restates and incorporated the answers to the above paragraphs as if set forth fully herein.

41. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

42. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

43. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **10**
Answer to Counterclaim

**Fifth Cause of Action**

Cybersquatting

15 U.S.C. § 1125(d)

44. Calista restates and incorporated the answers to the above paragraphs as if set forth fully herein.

45. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

46. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

47. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

48. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**  
825 Beacon Street, Suite 20 | Newton Centre, MA 02459  
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **11**  
Answer to Counterclaim

trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

49. Calista denies the allegations of this paragraph.

50. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph.

## Sixth Cause of Action

### Constructive Trust

51. Calista restates and incorporated the answers to the above paragraphs as if set forth fully herein.

52. Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website. In answering further, Calista denies that any permission, authorization or consent to use the Putative Mark is necessary or could be validly given, given the Putative Mark's status as a generic designation or a merely descriptive term not susceptible to proprietary rights

53. Calista denies the allegations of this paragraph.

54. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **12**
Answer to Counterclaim

Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

55. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

56. Calista denies the allegations of this paragraph.

57. Calista denies the allegations of this paragraph.

### Seventh Cause of Action

Accounting

58. Calista restates and incorporated the answers to the above paragraphs as if set forth fully herein.

59. This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

60. Calista denies the allegations of this paragraph.

## Eighth Cause of Action

### Conversion

61.     Calista restates and incorporated the answers to the above paragraphs as if set forth fully herein.

62.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services rendered via a Website.

63.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph.

64.     Calista denies the allegations of this paragraph.

65.     Calista denies the allegations of this paragraph.

### General Denial

Each and every allegation of the complaint not specifically admitted is hereby denied.

### Affirmative Defenses

1.     This Court lacks personal jurisdiction over Calista.

2.     This Court lacks subject matter jurisdiction over Tenza's claims.

3.     The Counterclaim fails to state a claim upon which relief can be granted.

4.     The Putative Mark is not a trademark, but is instead a generic designation or a merely descriptive term and thus is not entitled to trademark protection; as such, the Counterclaim must fail in whole or in part.

5. Tenza is barred from equitable recovery inasmuch as it has unclean hands.

6. The Causes of Action in the Counterclaim are barred by their respective statutes of limitations.

7. Tenza lacks standing on all or some of its claims.

8. Calista's actions and omissions were licensed, authorized or otherwise lawful and, as such, the Counterclaim must fail in whole or in part.

9. Calista's actions and omissions constitute fair use, nominative fair use and/or descriptive use and, as such, the Counterclaim must fail in whole or in part.

10. The Counterclaim is barred, in whole or in part, by the doctrine of laches.

11. The Counterclaim is barred, in whole or in part, by lack of scienter.

12. The Counterclaim is barred, in whole or in part, because any damages to Tenza are a result of Tenza's own conduct.

13. The Counterclaim is barred, in whole or in part, because any damages to Tenza were not the proximate result of Calista's actions or omissions.

14. The Counterclaim is barred, in whole or in part, because Tenza has suffered no compensable injury.

15. Tenza is not entitled to injunctive relief because it has not established irreparable harm.

16. Tenza is not entitled to an award of attorneys' fees in absence of a statute or law authorizing such fees.

17. Tenza cannot recover damages from Calista to the extent that damages alleged by Tenza are speculative or uncertain.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**  
825 Beacon Street, Suite 20 | Newton Centre, MA 02459  
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **15**  
Answer to Counterclaim

18. Tenza cannot recover damages from Calista to the extent that Tenza failed to mitigate its alleged damages.

19. To the extent that Tenza has any legitimate claims, which Calista denies, such claims would only serve as a set off against the claims of Calista.

20. The Counterclaim is barred by the doctrine of unjust enrichment.

21. The Counterclaim is barred, in whole or in part, because the accused actions do not create any likelihood of confusion.

22. Calista has not infringed any applicable trademarks under state or federal law.

23. Tenza's Counterclaim is barred, in whole or in part, because the alleged infringement, if any, was innocent.

24. The Counterclaim is barred, in whole or in part, by the First Amendment to the Constitution of the United States and applicable state law free speech provisions, including Article I, Section 8 of the Oregon Constitution.

25. The Counterclaim is barred, in whole or in part, by fraud on the United States Patent and Trademark Office.

26. The Counterclaim is barred, in whole or in part, by reason of other parties' use of any alleged marks at issue.

27. Without admitting that the Counterclaim states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Calista or other for any alleged single wrong.

28. The Counterclaim is barred by waiver, negligence, failure to mitigate damages, lack of privity of contract, absence of contract, estoppels, set-off, recoupment, release, and such

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**  
825 Beacon Street, Suite 20 | Newton Centre, MA 02459  
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **16**  
Answer to Counterclaim

other and further affirmative defenses as set forth in Rule 8(c) of the Federal Rules of Civil Procedure as may be deemed applicable to this case by further discovery and disclosure.

29. Calista alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Counterclaims under the laws of the United States and Oregon because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and Oregon Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 8 of the Oregon Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Oregon Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under the United States and Oregon Constitutions; (iv) any such award is precluded or limited pursuant to the United States Constitution and the Oregon Constitution; and (v) punitive damages would violate the United States and Oregon Constitutions and common law because such an award is based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

Calista has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Calista further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

CALISTA DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

**WHEREFORE**, Calista respectfully prays that this Court dismiss Tenza's Counterclaim, in whole or in part, based on the grounds set forth herein.

Dated:  September 16, 2013

                    Respectfully Submitted,
                    Plaintiff/Counter-defendant
                    Calista Enterprises Ltd.
                    By its Attorneys,

                    /s/ Matthew Shayefar
                    Matthew Shayefar (*pro hac vice*)
                    Valentin Gurvits (*pro hac vice*)
                    Boston Law Group, PC
                    825 Beacon Street, Suite 20
                    Newton Centre, Massachusetts 02459
                    Tel:    (617) 928-1800
                    Fax:   (617) 928-1802
                    matt@bostonlawgroup.com
                    vgurvits@bostonlawgroup.com

                    /s/ Thomas Freedman Jr.
                    Thomas Freedman Jr. (OSB No. 080697)
                    Pearl Law LLC
                    552 SW 5th Avenue, Suite 1100
                    Portland, Oregon 97204
                    Tel:    (503) 295-6296
                    Fax:   (503) 295-6344
                    thomas@prllaw.com

                    /s/ Sean Ploen
                    Sean Ploen (*pro hac vice*)
                    Ploen Law Firm, PC
                    100 South Fifth Street, Suite 1900
                    Minneapolis, MN 55402
                    Tel:    (651) 894-6800
                    Fax:   (651) 894-6801
                    sploen@ploen.com

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**      Page **18**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459      Answer to Counterclaim
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com