IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CALISTA ENTERPRISES LTD,** a Republic of Seychelles Company**,**

        Plaintiff,

vs.

**TENZA TRADING LTD.,** a Cyprus Company**,**

        Defendant.

No. 3:13-cv-01045-SI

Joint Stipulated Protective Order

### 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Page 1 -   JOINT STIPULATED PROTECTIVE ORDER



**2.    DEFINITIONS**

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".

2.4 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor or customer, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor or customer.

2.6 "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY": extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

ECLIPSE GROUP LLP ATTORNEYS AT LAW
2020 Main Street, Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

2.7 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated or associated with a law firm which has appeared on behalf of that party,

2.9 Party: any party to this action, including all of its officers, directors, and employees.

2.10   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.13   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

Page 3 -   JOINT STIPULATED PROTECTIVE ORDER



all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information the Receiving Party can show was known to it prior to the disclosure or was obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## 4. DURATION

4.1 Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court of competent jurisdiction's order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to



limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) are prohibited.

5.2 Manner and Tinting of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEY'S EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.)

(b)     for testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall at the deposition or proceeding identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Stipulated Protective Order. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Party representatives present at a deposition must leave the deposition where "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" testimony or Exhibits are being discussed or used. Parties are not entitled to review portions of exhibits or deposition transcripts or other proceeding transcripts designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements and provide the court reporter with a copy of this Protective Order.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.



6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, either Party may file and serve a motion to retain confidentiality or a motion challenging a confidentiality designation. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose either Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(I) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

ECLIPSE GROUP LLP ATTORNEYS AT LAW
2020 Main Street   t: 949.851.5000
Suite 600   f: 949.851.5051
Irvine, CA 92614

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

ECLIPSE GROUP LLP ATTORNEYS AT LAW
2020 Main Street    t: 949.851.5000
Suite 600    f: 949.851.5051
Irvine, CA 92614

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" that Party must:

8.1 promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

8.2 promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

8.3 cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.



## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1 The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce information subject to a confidentiality agreement with a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY," or words to that effect, the Receiving Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the request and the information, then the Receiving Party may produce the information. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality

ECLIPSE GROUP LLP ATTORNEYS AT LAW
2020 Main Street, Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B),

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.



12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use of any material covered by this Protective Order.

12.3 Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with LR 3-8, Sealed Documents, including pleadings or other papers filed with the Court disclosing or containing Protected Material in accordance with the specified practices of the U.S. District Court for the District of Oregon.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party.  In lieu of returning Protected Material, a Receiving Party may destroy such Protected Material within 60 days after the final disposition of this action and certify to the Producing Party that it has destroyed the

ECLIPSE GROUP LLP ATTORNEYS AT LAW
2020 Main Street, Suite 600, Irvine, CA 92614
t: 949.851.5000  f: 949.851.5051

Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material

SO STIPULATED.

Respectfully submitted,

| | |
|---|---|
| Date: October 4, 2013 | Date: October 16, 2013 |

s/ Paul N. Tauger_____  
Paul N. Tauger, Admitted *Pro Hac Vice*  
Anna M. Vradenburgh, Admitted *Pro Hac Vice*  
THE ECLIPSE GROUP LLP  
Telephone: 949-851-5000 ext. 110  
Facsimile: 949-851-5051  

Devon Zastrow Newman, OSB #014627  
Catherine B. Brinkman, OSB #002134  
SCHWABE, WILLIAMSON & WYATT, P.C.  
Telephone: 503-222-9981  
Facsimile: 503-796-2900  

Attorneys for Defendant Tenza Trading Ltd.

s/ Matthew Shayefar_____  
Valentin Gurvits, Admitted *Pro Hac Vice*  
Matthew Shayefar, Admitted *Pro Hac Vice*  
Boston Law Group, PC  
825 Beacon Street, Suite 20  
Newton Centre, Massachusetts 02459  
Tel: (617) 928-1800  
Fax: (617) 928-1802  

Sean Ploen, Admitted *Pro Hac Vice*  
Ploen Law Firm, PC  
100 South Fifth Street, Suite 1900  
Minneapolis, MN 55402  
Tel: (651) 894-6800  
Fax: (651) 894-6801  

Thomas Freedman JrPearl Law LLC  
552 SW 5th Avenue, Suite 1100  
Portland, Oregon 97204  
Tel: (503) 295-6296  
Fax: (503) 295-6344  

Attorneys for Plaintiff Calista Enterprises LTD

IT IS SO ORDERED.

Dated: October 16, 2013            _/s/ Michael H. Simon_____  
The Honorable Michael H. Simon  
Judge of the United States District Court  
for the District of Oregon, Portland Division

Page 16 -    JOINT STIPULATED PROTECTIVE ORDER



**Exhibit A**

| | |
|---|---|
| **CALISTA ENTERPRISES LTD,** a Republic of Seychelles Company**,**<br><br>                    Plaintiff,<br><br>    vs.<br><br>**TENZA TRADING LTD.,** a Cyprus Company**,**<br><br>                    Defendant. | No. 3:13-cv-01045-SI<br><br>Acknowledgment of Protective Order and Agreement to be Bound |

I, _____, declare as follows:

1. My address is  _____.

2. My present occupation is _____   , and I am currently employed by _____.

3. I have been retained by _____ with  respect to this litigation,

4. I have received a copy of the Protective Order in this action, and I have carefully read and understand its provisions. I acknowledge that I am one of the persons contemplated in paragraphs 3, 4, or 6 thereof as being able to be given access to Confidential Information.

5. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective

ECLIPSE GROUP LLP ATTORNEYS AT LAW
2020 Main Street   t: 949.851.5000
Suite 600          f: 949.851.5051
Irvine, CA 92614

Order, and will not copy or use for purposes other than for this lawsuit any Confidential Information that I receive in this action, except to the extent that such Confidential Information is or becomes public domain information through no fault, act or omission on my part, or otherwise is not deemed Confidential Information in accordance with the Protective Order.

6.      I agree to subject myself personally to the jurisdiction of the United States District Court for the District of Oregon, or any other Court to which the case may be transferred, for the purpose of proceedings relating to my performance under, compliance with, or violation of this Protective Order.

7.      I understand that disclosure of Confidential Information in violation of this Protective Order may constitute contempt of Court.

I swear or affirm under penalty of perjury pursuant to the laws of the United States that foregoing is true and correct.  Executed this ____ day of _____, 2013, at _____.

_____