**Thomas Freedman Jr.** (OSB No. 080697) thomas@prllaw.com
**Pearl Law LLC**
552 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
Tel:     (503) 295-6296 | Fax: (503) 295-6344

**Valentin Gurvits** (*pro hac vice*) vgurvits@bostonlawgroup.com
**Matthew Shayefar** (*pro hac vice*) matt@bostonlawgroup.com
**Boston Law Group, PC**
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:     (617) 928-1800 | Fax: (617) 928-1802

**Sean Ploen** (*pro hac vice*) sploen@ploen.com
**Ploen Law Firm, PC**
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
Tel:     (651) 894-6800 | Fax: (651) 894-6801

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **CALISTA ENTERPRISES LTD.**, a Republic of Seychelles company,<br><br>   Plaintiff/Counter-defendant,<br><br>- v. -<br><br>**TENZA TRADING LTD.**, a Cyprus company,<br><br>   Defendant/Counterclaimant. | Case No. 3:13-cv-01045-SI<br><br>**DECLARATION OF MATTHEW SHAYEFAR IN SUPPORT OF CALISTA ENTERPRISES LTD.'S REPLY IN SUPPORT OF ITS MOTION TO STAY LITIGATION** |

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**                                                              Page **1**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                                        Shayefar Decl. in support of
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com              Calista's Motion to Stay Reply

I, Matthew Shayefar, declare as follows:

1.    I am an attorney licensed to practice in the Commonwealth of Massachusetts and the State of California and I am admitted to practice *pro hac vice* before this Court. I am an attorney at Boston Law Group, PC, counsel of record for Plaintiff and Counter-defendant Calista Enterprises Ltd. ("Calista") in this action against Defendant and Counterclaimant Tenza Trading Ltd. ("Tenza"). I have personal knowledge of the facts stated herein. If called upon to do so, I could and would testify to the truth thereof.

2.    Attached hereto as Exhibit 1 is a true and correct copy of a chain of emails dated on or about July 16, 2013, sent by me, Attorney Paul N. Tauger and Attorney Anna M. Vradenburgh, both of whom are counsel of record for Tenza.

3.    Neither Attorney Tauger nor Attorney Vradenburgh responded to my last email in Exhibit 1.

4.    Attached hereto as Exhibit 2 is a true and correct copy of an email conversation between me and Attorney Tauger, dated August 5, 2013.

I swear under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Dated: November 7, 2013         /s/Matthew Shayefar
                                Matthew Shayefar

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**                                Page **2**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                     Shayefar Decl. in support of
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com      Calista's Motion to Stay Reply

# Exhibit 1

## Demand for implementation of DECISION - Tenza Trading Ltd. v Calista Enterprises Ltd., FA1303001491515

**Matthew Shayefar** <matt@bostonlawgroup.com>  Tue, Jul 16, 2013 at 6:30 PM
To: "Paul N. Tauger" <pnt@eclipsegrp.com>
Cc: "Anna M. Vradenburgh" <amv@eclipsegrp.com>, "Lynda N." <LyndaN@adrforum.com>, "legal@moniker.com" <legal@moniker.com>, "dispute@moniker.com" <dispute@moniker.com>, Val Gurvits <vgurvits@bostonlawgroup.com>, "Stacey L. Messina" <slm@eclipsegrp.com>, "Mahogany P. Jenkins" <mpj@tennlaw.com>, Sean Ploen <sploen@ploen.com>

Dear All,

I am surprised by Mr. Tauger's allegation that I have made misstatements and misrepresentations give that (1) I have not done so and (2) it is Mr. Tauger's email that raises such concerns.  Although I believe that none of what Mr. Tauger has brought up is a proper issue for the Forum or for Moniker, for the purposes of keeping a complete record for everyone involved, I respond herewith to Mr. Tauger's email.

As an initial matter, despite Mr. Tauger's insinuation that he or his client should have been notified that Moniker was notified of the Complaint, Policy 4(k) requires only that the registrar be notified of the lawsuit.  It says nothing of the Complainant or even of the National Arbitration Forum.  To quote: "We will then implement the decision unless we have received from you during that ten (10) business day period official documentation . . . that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure."

In conformity with Policy 4(k), and as I have already pointed out, Calista filed a lawsuit for injunctive relief, declaratory relief and cancellation of trademark in the United States District for the District of Oregon on June 21, 2013, within the 10 business day period referenced in Policy 4(k).  *See* Calista Enterprises Ltd. v. Tenza Trading Ltd, Case No. 3:13-cv-1045 (D. Oregon).  On that same day, Calista notified Moniker of the lawsuit and Moniker acknowledged that, pursuant to Policy 4(k), it would not transfer the domains.  For your reference, I have attached a copy of the Complaint.

Moreover, Attorneys Tauger and Vradenbergh have been aware of the lawsuit since, at the latest, June 25th.  On June 25th, my co-counsel in the Oregon litigation, Mr. Sean Ploen, engaged in a telephone conference with Attorneys Tauger and Vradenbergh.  On that phone call, Mr. Ploen informed Attorneys Tauger and Vradenbergh that the lawsuit had been filed.  In response, Mr. Tauger immediately informed Mr. Ploen that neither he nor his lawfirm were authorized to accept service of the complaint on behalf of Tenza.  I have attached hereto a copy of an email from Mr. Ploen evidencing the telephone conversation.

Mr. Tauger's allegation that the lawsuit does not satisfy the Policy 4(k) requirement is either based on his own misunderstanding of Rule 4(k) or on his purposeful misreading of the Complaint (which he was certainly aware of and, based on his email, he has already read).

The Complaint is not simply a request for declaratory judgment.  It also states claims under the 15 U.S.C. § 1125(2)(D)(5) and requests the court to grant injunctive relief pursuant to both the statute and the court's inherent equitable powers to cease the transfer of the disputed domains to Tenza pursuant to the UDRP Panel's order.  Calista prays that the Court will "Issue a permanent injunction to enjoin Defendant from interfering with Plaintiff's use and registration of the Domains" and "Issue a permanent injunction to enjoin Moniker Online Services, LLC and the National Arbitration Forum from transferring the registrations for the Domains to the Defendant."  These requests for relief have been

explicitly and especially formulated in response to the UDRP Panel's decision.  Therefore, it is clearly within Policy 4(k).  Any other reading is simply absurd and would leave Policy 4(k) absolutely useless.

Finally, the Complaint has been filed in a court of competent jurisdiction.  The Court has proper subject matter jurisdiction over the case not only because of the injunctive relief that Calista has requested, but also because Tenza has clearly alleged infringement against Calista in the UDRP Complaint.  The UDRP Complaint is rife with allegations of infringement.  Looking at just page 6 of the Complaint, you find at least four references to the disputed domains as "infringing domain names" and a statement that "This is classic trademark infringement . . . ."  On page 7, Tenza also alleges that "Complainant has paid Respondent for sending it traffic via infringing Complainant's registered trademark."  These allegations in conjunction with Tenza's attempt to transfer the disputed domains are clearly "an actual controversy."

If Tenza wishes to dispute the propriety of the Complaint in Court (despite the obvious weaknesses in Mr. Tauger's argument) it is wholly within its rights.  However, and with all due respect, this issue is now simply out of the hands of both the NAF and Moniker.  Because the lawsuit timely was filed and Moniker was timely notified, Moniker is prohibited by the UDRP Policy to transfer the domains.  The domains must stay registered to Calista until such time as the lawsuit is resolved.

Very Truly Yours,

Matthew Shayefar

Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
Direct: (617) 928-1806 | Tel: (617) 928-1800 | Fax: (617) 928-1802
matt@bostonlawgroup.com

---------------------------------------------------------------------------
The contents of this message and any attachments are confidential and intended only for the addressee(s).  This message may also be subject to attorney-client privilege.  If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.  Boston Law Group, PC | Tel: (617) 928-1800 | E-mail: info@bostonlawgroup.com


On Tue, Jul 16, 2013 at 4:24 PM, Paul N. Tauger <pnt@eclipsegrp.com> wrote:

Dear Lynda:

There are a number of misstatements and misrepresentations in Mr. Shayefar's email that must be addressed so that Moniker can take the proper action with respect to the Panel's recent order.

As a threshold matter, neither Tenza nor my office was ever provided notice that Moniker or ICANN had received evidence of Calista's filing as is a mandatory predicate for staying implementation of the Panel's order pursuant to Rule 4(k) (assuming this rule is even applicable, as discussed below).  Please note that, neither my office nor my client are among the cc's in Mr. Shayefar's email, nor has Mr. Shayefar, nor anyone else representing Calista, ever advised of such notice being provided to the Registrar.

Of greater importance, however, is Mr. Shayefar's apparent misunderstanding of the meaning of Rule 4(k), which is restricted, by its plain language, to "submi[ssion] of the dispute to a court of competent jurisdiction."  Calista has, apparently, filed in federal court a lawsuit for declaratory judgment that Calista does not infringe Tenza's federal trademark registration.  This suit does not

satisfy the Rule 4(k) requirements for two reasons:

1.   The dispute referenced by the rule is that which was submitted to the UDRP.  The UDRP addresses issues unrelated to trademark, namely confusing similarity and bad-faith on the part of the registering party.  Calista's declaratory judgment action is predicated upon a purported lack of trademark infringement on its part, which involves a completely different standard and analysis, and provides a completely different set of remedies than the UDRP.  That Calista has chosen to graft on to its action claims regarding the UDRP is irrelevant; the outcome of the declaratory relief action is unrelated to the UDRP, just as the outcome of the UDRP is unrelated to the federal action.  That relegates Calista's federal law suit to Rule 5 (All Other Disputes and Litigation) rather than Rule 4(k), and provides no basis for refusing to implement the Panel's order.

2.   Rule 4(k) specifically requires that an applicable action be filed in a court of "competent jurisdiction."  For a federal court to have "competent jurisdiction" over a matter, it must have both subject matter and personal jurisdiction.  Federal courts are courts of limited jurisdiction, meaning that Congress must expressly authorize the court to have the power to exercise subject matter jurisdiction.  A constitutional limitation on subject matter jurisdiction is the "ripeness" requirement, i.e. there must be an actual controversy upon which the court may rule.  Tenza has not sued Calista for trademark infringement, which would vest the court with subject matter jurisdiction pursuant to  28 USC § 1331 – federal question.  Accordingly, Calista can only seek subject matter jurisdiction pursuant to 28 USC § 2801(a), which authorizes subject matter jurisdiction for declaratory judgment actions.  As a matter of law, a predicate for a declaratory judgment action is, "an actual controversy," which courts have construed as requiring, "a reasonable apprehension of imminent likelihood of litigation."  Tenza has made no threats of litigation, nor does Calista have any reason to believe that trademark infringement litigation is imminent.  As already noted, the fact of the UDRP is not related to an allegation of trademark infringement, and no reported decision has found that institution of a UDRP satisfies this requirement for declaratory relief subject matter jurisdiction.  As such, the federal court in which Calista has filed its suit is <u>not</u> a "court of competent jurisdiction," and, should Calista ever bother to serve its improper lawsuit (which, to date, it has not done), Tenza will respond with a motion to dismiss on exactly those grounds.  In any event, unless and until Calista can establish that it comes within the subject matter jurisdiction of the declaratory relief statute, it has not filed in a court of competent jurisdiction.

> I cannot account for Calista's failure to provide notice to me or my client that it has filed notice with ICANN and Moniker of its lawsuit.  Presumably, Calista is aware that its filing is legally insufficient for the reasons I have explained.  Nonetheless, its efforts in this regard are inadequate to invoke the stay on implementation provided by Rule 4(k).  I therefore respectfully request that Moniker implement the transfer <u>immediately</u> and without further improper delay.
>
> Best regards,
>
> Paul

**From:** mshayefar@gmail.com [mailto:mshayefar@gmail.com] **On Behalf Of** Matthew Shayefar
**Sent:** Tuesday, July 16, 2013 12:35 PM

**To:** Anna M. Vradenburgh
**Cc:** Lynda N.; legal@moniker.com; dispute@moniker.com; Val Gurvits; Paul N. Tauger; Stacey L. Messina; Mahogany P. Jenkins
**Subject:** Re: Demand for implementation of DECISION - Tenza Trading Ltd. v Calista Enterprises Ltd., FA1303001491515

Dear Lynda,

Calista filed a lawsuit in the Federal District Court for the District of Oregon on June 21, 2013, within the 10 business day period referenced in Rule 4(k). *See* Calista Enterprises Ltd. v. Tenza Trading Ltd, Case No. 3:13-cv-1045 (D. Oregon). Although Tenza has not yet been served in the action, Anna knows that the suit has been filed and that it concerns the domain names at issue in the UDRP proceeding.

Calista notified Moniker, the domain name registrar, of the lawsuit on June 21, 2013, again within the 10 business day period referenced in Rule 4(k). Pursuant to Rule 4(k), Moniker is prohibited from implementing the administrative panel's decision and may not take any further action until it receives "(i) evidence satisfactory to [it] of a resolution between the parties; (ii) evidence satisfactory to [it] that [the] lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing [the] lawsuit or ordering that [Calista does] not have the right to continue to use [the] domain name[s]." None of these situations apply and therefore Moniker may not transfer the domains and the Panel may not order Moniker to do so.

Attached for your reference is the correspondence between myself and Attorney Mahogany P. Jenkins (legal counsel for Moniker, whom I have also copied on this email) wherein Moniker confirms its receipt of the notice of the lawsuit and confirms that, pursuant to Rule 4(k), Moniker will not be transferring the domains.

Thank you for your attention to the foregoing and all your assistance during the UDRP Proceedings. Should you have any questions or concerns, please don't hesitate to be in touch.

Very Truly Yours,

Matthew Shayefar

Boston Law Group, PC

825 Beacon Street, Suite 20 | Newton Centre, MA 02459
Direct: (617) 928-1806 | Tel: (617) 928-1800 | Fax: (617) 928-1802

matt@bostonlawgroup.com

---------------------------------------------------------------------------
The contents of this message and any attachments are confidential and intended only for the addressee(s).  This message may also be subject to attorney-client privilege.  If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.  Boston Law Group, PC | Tel: (617) 928-1800 | E-mail: info@bostonlawgroup.com


On Tue, Jul 16, 2013 at 3:14 PM, Anna M. Vradenburgh <amv@eclipsegrp.com> wrote:

Dear Lynda,

   Pursuant to Rule 4(k), more than 10 business days have elapsed since the Panel rendered its decision awarding transfer of the domains at issue to Tenza.   We therefore respectfully request that the Panel order the Registrar to implement its Order immediately.

Respectfully submitted,

Anna Vradenburgh



Anna M. Vradenburgh


**THE ECLIPSE GROUP LLP**

6345 Balboa Boulevard

Suite 325, Building II

Encino, California 91316

t: 818.488.8146

f: 818.332.4205

amv@eclipsegrp.com

www.eclipsegrp.com

**NOTE:** In certain circumstances, our spam filters may inadvertently block or quarantine legitimate emails from clients and associates. Accordingly, if your email contains important and urgent instructions and if we fail to acknowledge receipt of your email within 1 working day, please send your instructions to us by facsimile at 818.332.4205 or contact us by telephone at 818.488.8140.

**CONFIDENTIALITY NOTICE:** This message is being sent by or on behalf of a lawyer. It is intended for the exclusive use of the individual or entity that is the named addressee and may contain information that is privileged or confidential, or otherwise legally exempt from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, copy, retain or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, by telephone at 818.488.8140, or by facsimile at 818.332.4205, and discard any paper copies of this message.

**TREASURY NOTICE:** As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

**2 attachments**


**Complaint - Calista v Tenza.pdf**
253K


**Email from Sean Ploen 6-26-13.pdf**
16K

# Exhibit 2

## Calista v Tenza - Service of Complaint
2 messages

**Matthew Shayefar** <matt@bostonlawgroup.com>                                Mon, Aug 5, 2013 at 2:21 PM
To: "Paul N. Tauger" <pnt@eclipsegrp.com>, "Anna M. Vradenburgh" <amv@eclipsegrp.com>
Cc: Val Gurvits <vgurvits@bostonlawgroup.com>, Sean Ploen <sploen@ploen.com>,
"thomas@prllaw.com" <thomas@prllaw.com>

Dear Paul and Anna,

I understand that in a previous conversation with Sean Ploen you stated that you were not at that time authorized to accept service on behalf of Tenza in the lawsuit filed in Oregon. I would like to know whether that is still the case or whether you can now accept service on behalf of your client. Please let me know at your convenience.

Very truly yours,

Matthew Shayefar

Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
Direct: (617) 928-1806 | Tel: (617) 928-1800 | Fax: (617) 928-1802
matt@bostonlawgroup.com

---
The contents of this message and any attachments are confidential and intended only for the addressee(s). This message may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message. Boston Law Group, PC | Tel: (617) 928-1800 | E-mail: info@bostonlawgroup.com

**Paul N. Tauger** <pnt@eclipsegrp.com>                                       Mon, Aug 5, 2013 at 2:23 PM
To: Matthew Shayefar <matt@bostonlawgroup.com>, "Anna M. Vradenburgh" <amv@eclipsegrp.com>
Cc: Val Gurvits <vgurvits@bostonlawgroup.com>, Sean Ploen <sploen@ploen.com>,
"thomas@prllaw.com" <thomas@prllaw.com>

Dear Matthew:

Our office is not, at the present time, authorized to accept service of the complaint.

Best regards,

Paul