**Paul N. Tauger** (*Admitted pro hac vice* – CA Bar No. 160552)
Email: pnt@eclipsegrp.com
**Anna M. Vradenburgh** (*Admitted pro hac vice* – CA Bar No. 163212)
Email: amv@eclipsegrp.com
THE ECLIPSE GROUP LLP
2020 Main Street, Suite 600
Irvine, CA 92614
Telephone: 949-851-5000 ext. 110
Facsimile: 949-851-5051

Devon Zastrow Newman, OSB #014627
Email: dnewman@schwabe.com
Catherine B. Brinkman, OSB #002134
Email: cbrinkman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

Attorneys for Defendant Tenza Trading Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALISTA ENTERPRISES LTD,** a Republic of Seychelles Company, <br><br> Plaintiff, <br><br> vs. <br><br> **TENZA TRADING LTD.,** a Cyprus Company, <br><br> Defendant. | No. 3:13-cv-01045-SI <br><br> Supplement Exhibit in Support of Defendant and Counterclaimant's Opposition to Plaintiff's Motion to Stay its Own Action |

Page 1 -   SUPPLEMENT EXHIBIT IN SUPPORT OF DEFENDANT
           AND COUNTERCLAIMANT'S OPPOSITION TO
           PLAINTIFF'S MOTION TO STAY ITS OWN ACTION

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Calista Enterprises Ltd. | Mark: PORNTUBE |
| Petitioner, | Reg. No.: 3,936,197 |
| v. | Opposition No.: 92/057048 |
| Tenza Trading, Ltd. | |
| Registrant | |

## MOTION TO EXTEND DISCOVERY DEADLINES AND TRIAL PERIODS

### I.   Introduction

Calista Enterprises Ltd. ("Petitioner" or "Calista") hereby moves the Board for an order extending all discovery and trial period deadlines, including the expert disclosure deadline, close of discovery deadline, and disclosure and trial period deadlines, by 120 days. Registrant Tenza Trading, Ltd. ("Registrant" or "Tenza") has refused its consent to any extension of these deadlines.

Petitioner maintains that good cause exists for this extension request. First, neither party has completed its discovery in the case, although both parties intend to take further discovery and counsel have discussed the logistics of same.[1] Second, both Petitioner and Registrant are foreign entities: Petitioner is a Seychelles corporation, and Registrant is a Cyprus corporation. As such, the parties will experience difficulty and delay in completing their respective discovery and fact-finding in this proceeding under the current timeline. Finally, as has been previously noted to the

---

[1] In an October 17, 2013 e-mail to counsel for Petitioner Calista, counsel for Registrant Tenza stated that "Our intent is to depose Calista in person, and not on written questions," and "I agree that deposition on written questions is cumbersome (though not any more time consuming than taking an in-person deposition), which is why Tenza intends to depose Calista in person, as well as take provide [sic] its testimony, in person.

1

Board in Registrant's October 14, 2013 "Motion to Stay Proceedings Pending Disposition of Federal Litigation Filed by Petitioner" and Petitioner Calista's opposition to same, which motion remains pending as of the filing date of the instant motion, the parties presently occupy a somewhat unusual procedural posture. Calista and Tenza are engaged in a corresponding litigation in the U.S. District Court for the District of Oregon, where Calista has moved the Court to stay that litigation in favor of the Board continuing to hear this earlier-filed cancellation proceeding. Tenza has opposed the motion to stay the civil court proceeding, and the Court has ordered a hearing on that motion to be held on November 19, 2013. Thus, if for no other reason than to avoid duplicative discovery or the prospect of engaging in extensive and expensive discovery activity in either proceeding during the pendency of the respective motions to stay, it makes sense for the discovery deadlines and other case deadlines in this TTAB proceeding to be extended.

## II.    Argument

Trademark Rule 2.120(a)(2) provides, in part, that:

> The discovery period may be extended upon stipulation of the parties approved by the Board, or upon motion granted by the Board, or by order of the Board. [. . .] Disclosure deadlines and obligations may be modified upon written stipulation of the parties approved by the Board, or upon motion granted by the Board, or by order of the Board.

The Board thus has clear authority to extend these deadlines and obligations in the instant proceeding. As noted above, such an extension would permit the parties to conduct their respective intended discovery activities in an orderly and thorough fashion, and the extension also would acknowledge and make allowance for the geographically far-flung presences of these two parties, given the particular difficulty of conducting depositions in such circumstances.

As noted, counsel for Registrant Tenza has stated that "Our intent is to depose Calista in

person, and not on written questions." That process often is lengthy, since the Board's rules provide that:

> *[I]f the discovery deposition of such a person [as Calista] is taken in a foreign country, it must be taken on written questions, in the manner described in 37 CFR § 2.124, unless the Board, on motion for good cause, orders, or the parties stipulate, that the deposition be taken by oral examination.*

*Trademark Trial and Appeal Board Manual of Procedure* (*TBMP*) § 404.03(b). Absent Calista's consent, Tenza thus will have to move the Board and show good cause for its preference to prevail. Moreover, regardless of whether Calista consents to Tenza's request, further time-consuming logistical requirements will ensue:

> *A party which wishes to take a deposition in a foreign country should first consult with local counsel in the foreign country, and/or with the Office of Citizens Consular Services, Department of State, in order to determine whether the taking of the deposition will be permitted by the foreign country, and, if so, what procedure must be followed.*

*Id.* Calista itself intends to take its deposition(s) of Tenza upon written questions, a process that the Board itself recognizes and describes as a "cumbersome, time-consuming procedure." *TBMP* § 404.07(j).

However conducted, such depositions and the parties' responses to discovery requests are likely to reveal other witnesses with information relevant or even necessary to the issues in this proceeding. These new witnesses will in turn require significant advance notice to coordinate additional times and/or locations for additional depositions, considerations that also will inform the parties' decisions concerning reliance upon expert testimony.

Finally, Petitioner's motion is not made for the purposes of delay. To date, no extensions of any sort have been requested by either party. The requested 120-day extension will not unreasonably delay Petitioner's prosecution of its case or Registrant's defense of same; instead,

it will permit the parties to move forward in full compliance with both the spirit and the letter of the Board's requirements concerning discovery involving foreign entities.

Finally, before bringing this motion to the Board, Petitioner sought Registrant's counsel's stipulation to an extension of the proceeding deadlines. Registrant's counsel adopted the uncompromising position that Registrant would not agree to <u>any</u> extension of the discovery deadlines in this proceeding and that Registrant would oppose any attempt to obtain such an extension. Petitioner thus must rely on the Board to mitigate the hardship posed by the refusal to grant an extension of any duration whatsoever.

In light of the ongoing nature of discovery, the divergent physical locations of both the Registrant and the Petitioner, and the fact that an extension grant would benefit both Registrant and Petitioner without causing undue delay, Petitioner respectfully submits that there is good cause for an extension of the proceeding deadlines.

### III.   Conclusion

Because good cause exists for an extension of deadlines in this proceeding, Petitioner hereby requests that the Board issue an order extending all deadlines and other dates set forth in its April 12, 2013 scheduling order by 120 days.

Dated: November 18, 2013

Respectfully submitted,

/Sean Ploen/
Sean Ploen
Attorney for Petitioner
Ploen Law Firm, PC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: sploen@ploen.com
Tel: 651/894-6800

4

## Certificate of Service

I hereby certify that on November 18, 2013, a copy of the foregoing Motion was sent by U.S. First Class mail, postage prepaid, to Registrant's counsel of record:

> Anna M. Vradenburgh, Esq.
> The Eclipse Group, LLP
> 6345 Balboa Blvd., Suite 325, Bldg. 11
> Encino, CA  91316

/Sean Ploen/
Sean Ploen