**Devon Zastrow Newman**, OSB #014627
Email: dnewman@schwabe.com
**Catherine B. Brinkman**, OSB #002134
Email: cbrinkman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

**Paul N. Tauger,** *appearing pro hac vice*
Email: pnt@eclipsegrp.com
**Anna M. Vradenburgh,** *appearing pro hac vice*
Email: amv@eclipsegrp.com
THE ECLIPSE GROUP LLP
2020 Main Street, Suite 600
Irvine, CA 92614
Telephone: 949-851-5000 ext. 110
Facsimile: 949-851-5051

Attorneys for Defendant Tenza Trading Ltd.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALISTA ENTERPRISES LTD,** a Republic of Seychelles Company**,**<br><br>Plaintiff,<br><br>vs.<br><br>**TENZA TRADING LTD.,** a Cyprus Company**,**<br><br>Defendant. | No. 3:13-cv-01045-SI<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT TENZA TRADING LTD.'S MOTION FOR PROTECTIVE ORDER REGARDING CALISTA'S NOTICE OF FRCP 30(B)(6) AND 45 DEPOSITION OF TENZA<br><br>**EXPEDITED HEARING REQUESTED** |

Page i -   MEMO IN SUPPORT OF TENZA MOTION FOR
          PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................. 1

II.  FACTUAL BACKGROUND ................................................................................. 2

     A.   Calista's Discovery to Tenza………………………………………………...2

     B.   Calista's 30(b)(6) Notice………………………………...………………………...2

III. THIS COURT SHOULD GRANT A PROTECTIVE ORDER BECAUSE THE
     REQUESTED DISCOVERY IS HARASSING AND NOT REASONABLY
     CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE
     EVIDENCE.......................................................................................................... 3

     A.   The legitimate scope of Calista's discovery is framed by the causes of action…...3

     B.   Calista should be precluded from taking discovery outside the scope of
          the agreed-upon issues in this litigation.…………………………………………..4

          1.   Topic Category No. 2 and Document Request No. 1. ............................... 4
          2.   Topic Category No. 3.................................................................................. 5
          3.   Topic Category No. 4 and Document Request No. 3 ................................ 6
          4.   Topic Category No. 6 and Document Request No. 8 ................................ 6
          5.   Topic Category No. 7 and Document Request No. 2 ................................ 7
          6.   Topic Category No. 14................................................................................ 10
          7.   Topic Category No. 16................................................................................ 11
          8.   Topic Category No. 17................................................................................ 14
          9.   Topic Category No. 18................................................................................ 15
          10.  Document Request No. 9 ........................................................................... 15
          11.  Document Request No. 10 ......................................................................... 16

IV.  CALISTA HAS "RESERVED ITS RIGHT" TO CONTINUE THE
     DEPOSITION OVER ADDITIONAL DAYS IN VIOLATION OF THE
     FEDERAL RULES AND THE STIPULATION OF COUNSEL.................................... 16

V.   CALISTA'S LATEST DISCOVERY ABUSE: THE SUBPOENA DUCES
     TECUM TO GO DADDY .................................................................................... 17

VI.  CONCLUSION.................................................................................................... 20

Page ii -    MEMO IN SUPPORT OF TENZA MOTION FOR
             PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AMC v. Sleekcraft,*
    599 F.2d 341 (9th Cir. 1979) ...................................................................................8

*Brookfield Communs. v. W. Coast Entm't Corp.,*
    174 F.3d 1036 ..........................................................................................................8

*Cacique, Inc. v. Robert Reiser & Co., Inc.,*
    169 F.3d 619 (9th Cir. 1999) .................................................................................14

*Committee v. Yost,*
    92 F. 3d 814 820-21 (9th Cir. 1996) .......................................................................9

*Dichter-Mad Family Partners, LLP v. United States,*
    709 F.3d 749 (9th Cir. 2013) .................................................................................11

*Equal Employment Opportunity Commission v. U.S. Bakery,*
    Civ. No. 03-64-HA, 2004 U.S. Dist. LEXIS 11350 (D. Or. Feb. 4, 2004).........3, 11

*Golden Temple of Oregon, LLC. v. Wai Lana Prod., LLC,*
    Civ. Case No. 09-902-KI, 2010 U.S. Dist. LEXIS 47561 (D. Or. May 12, 2010) ...................9

*Lindy Pen Co. v. Bic Pen Corp.,*
    982 F.2d 1400 (9th Cir. 1993) ...............................................................................13

*Marshak v. Green,*
    746 F.2d 927, 1984 U.S. App. LEXIS 17737, 223 U.S.P.Q. (BNA) 1099 (2d Cir.
    N.Y. 1984) ...............................................................................................................5

*Qualcomm Inc. v. Broadcom Corp.,*
    No. 05cv1958-B, 2008 U.S. Dist. LEXIS 91104 (S.D. Cal. Nov. 7, 2008)............19

*Societe de Developments et D'Innovations des Marches Agricoles et Alimentaires-*
    *SODIMA-Union de Cooperatives Agricoles v. International Yogurt Co.,*
    662 F. Supp. 839, 1987 U.S. Dist. LEXIS 4907, 3 U.S.P.Q.2D (BNA) 1641 (D. Or.
    1987) ......................................................................................................................10

*Wecosign, Inc., v. IFG Holdings, Inc.,*
    845 F. Supp. 2d 1072. (C.D. Cal. 2012) ...............................................................13

Page iii -    MEMO IN SUPPORT OF TENZA MOTION FOR
                PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4

STATUTES

Section 35 of the Lanham Act, 15 U.S.C. 1117(a) ................................................................12, 13

OTHER AUTHORITIES

Fed. R. Civ. P. 11 ..................................................................................................................10

Fed. R. Civ. P. 26(b)(1)...........................................................................................................3

Fed. R. Civ. P. 30(b)(6)..........................................................................................................16

Rule 26(b) of the Federal Rules of Civil Procedure ................................................................19

FRCP 30(d)(1) .......................................................................................................................16

FRCP 45 .................................................................................................................................20

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4

Defendant Tenza Trading Ltd. ("Tenza") submits this Memorandum in Support of Tenza's Motion for Protective Order.

## I.    INTRODUCTION

This matter should not be before the Court today and, particularly, not in the context of an informal conference.  Counsel for the parties held a two-and-one-half hour "meet-and-confer" on Monday, January 27, 2014, with respect to Tenza's proposed Motion for a Protective Order Regarding Calista's Notice of FRCP 30(b)(6) and 45 Deposition of Tenza, as well as Calista's objections to Tenza's discovery responses.  That meet-and-confer resulted in stipulations regarding limits on discovery that are now ignored by Calista.  Moreover, because the dispute between the parties goes to the very core of the elements of proof of the legal issues in this case, as well as the nature and scope of discovery permitted under the Federal Rules, Tenza advised that this matter should be fully briefed and argued before the Court. By stipulation (and at the request of Calista), the deposition of Tenza was deferred until the end of February so more than enough time is available to address these issues prior to the deposition – there is no need for an immediate, incomplete and casual determination.  However, as with the stipulations into which it entered at the meet-and-confer, Calista ignored this and, instead, unilaterally noticed the instant conference despite being advised that Tenza's counsel was unavailable on the proposed dates.

The Court will recall that Calista has already been adjudicated a bad-faith infringer pursuant to the ICANN UDRP process.  The Court will also recall that the sole reason Calista filed the instant action was to delay the UDRP Panel-ordered transfer of its infringing domain names to Tenza, a fact it has readily admitted.  Calista never intended to litigate this matter as it failed to make any effort to serve its Complaint for months and, after Tenza waived service and filed an Answer and Counterclaim, attempted to stay the instant proceeding in favor of an a cancellation proceeding that it had long since abandoned and in which it had done nothing at all.

Now, Calista hopes to avoid a review and examination of the applicable law by rushing to the Court with an incomplete and erroneous hodgepodge of "supporting materials," while

Page 1 -    MEMO IN SUPPORT OF TENZA MOTION FOR
              PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

simultaneously depriving Tenza of the opportunity to make a competent and complete response. Calista wishes to have the Court, upon this very limited and inaccurate subset of facts and law, reach a decision that will harm Tenza and further muddy a case in which both the issues and the facts should be crystal clear. It seeks to do so by harassing Tenza with impossibly overbroad discovery demands that are not, even remotely, supported by law or relevant to the issues in this case.

Tenza had prepared this memorandum in contemplation of its Motion for a Protective Order with respect to the scope of discovery permitted at the upcoming 30(b)(6) deposition of its designees. However, the issues raised herein are identical to, and completely overlap, the issues raised by Calista. Accordingly, Tenza requests that the arguments proffered herein be considered in both contexts.

## II.    FACTUAL BACKGROUND

### A.    Calista's Discovery to Tenza

Calista served discovery requests on 12/10/2013. Calista noticed the deposition of Tenza's representative pursuant to Fed. R. Civ. P. 30(6)(b) and 45 on 1/10/2014. *See* Notice of Deposition, Exhibit A, ¶ 2 to the Declaration of Devon Zastrow Newman in Support of Motion for Protective Order (Newman Decl."). Tenza timely responded to the discovery requests on 1/20/2014 and produced non-objectionable documents on 1/24/2014. Although this Motion concerns only the scope of the deposition of Tenza pursuant to Fed. R. Civ. P. 30(6)(b) and 45, Tenza references herein the additional issue of Calista's discovery requests as many of those requests seek discovery regarding the same topics at issue in this Motion, and the parties' correspondence regarding Tenza's objections to the requests (see exhibits) clarify their respective positions.

### B.    Calista's 30(b)(6) Notice

Calista's first deposition notice of Tenza pursuant to Fed. R. Civ. P. 30(6)(b) and 45 included 20 topics and 11 document requests. Tenza notified Calista of its objections to the

Page 2 -    MEMO IN SUPPORT OF TENZA MOTION FOR
            PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

topics by email on 1/23/2014 (Newman Decl., ¶ 3 Exhibit B).  The parties held a two-and-one-half hour conference regarding the objections to Calista's discovery requests, including the deposition topics and document requests.  Counsel for Tenza took extensive notes regarding the conversation.  The Declaration of Paul Tauger ("Tauger Decl.") submitted in support of this Motion reflects statements made during that conversation on both sides.  At the conference, Calista agreed to substantially revise the Notice to both remove topics the parties agreed were not valid for discovery of Tenza (e.g., Tenza's income) and to revise the topics to narrow the lines of inquiry of certain other topics.  Tauger Decl., ¶¶ 3-5.  However, the Amended Notice issued by Calista on January 28th (Newman Decl., ¶ 4 Exhibit C, showing changes made in redline) reflected none of these agreed-upon modifications.

### III.   THIS COURT SHOULD GRANT A PROTECTIVE ORDER BECAUSE THE REQUESTED DISCOVERY IS HARASSING AND NOT REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.

#### A.   The legitimate scope of Calista's discovery is framed by the causes of action.

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Thus, the scope of discovery is necessarily limited by the claims and defenses asserted in the pleadings.  *Cf. Equal Employment Opportunity Commission v. U.S. Bakery*, Civ. No. 03-64-HA, 2004 U.S. Dist. LEXIS 11350, at *7 (D. Or. Feb. 4, 2004) (citing Notes of the Advisory Committee (2000), Fed. R. Civ. P. 26(b)(1)).

Calista seeks declaratory relief only,[1] and requests that this Court find it has not infringed the PORNTUBE mark and/or that the Court find the PORNTUBE mark invalid.  Tenza's counterclaims of trademark infringement, counterfeiting, and common law actions for trademark

---

[1] Calista's Complaint prays for a damage award, but has neither alleged facts nor legal grounds to support one.  The complete failure of Calista to identify a cognizable basis for damages is discussed *infra*.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

infringement and aiding and abetting make Calista's defenses with regard to these claims additionally discoverable material.  With this lens, the legitimate scope of discovery in this matter regarding Tenza's allegations focuses on the following issues:

1.    Whether Tenza's PORNTUBE trademark is invalid as generic, or descriptive without secondary meaning.

2.    If the mark is not invalid, whether Tenza can assert its rights against Calista:

    a.    Whether the mark is registered, valid and subsisting, and whether Tenza has standing to assert the mark.

    b.    Whether Tenza licensed the mark to Calista.

    c.    Whether Tenza sat on its rights in such manner as to invoke laches with respect to Calista's use of the mark.

3.    If the mark is valid and laches does not apply, what are Tenza's damages?

Counsel agreed that the above list of issues accurately reflected the complete scope of issues during the meet and confer conference on January 27th. (Tauger Dec., ¶ 6).  Therefore, the only dispute relevant to this Motion is whether the topics Calista seeks to depose Tenza upon (and the concurrent document requests) are reasonably calculated to lead to the discovery of admissible evidence regarding the above list of issues.

**B.    Calista should be precluded from taking discovery outside the scope of the agreed-upon issues in this litigation.**

Tenza objects to the following topics and concurrent document requests:

**1.    Topic Category No. 2 and Document Request No. 1.**

**TOPIC CATEGORY NO. 2 -** The details of Tenza's purchase and/or receipt of the Putative Mark and the porntube.com domain name from EMC Ideas, Inc., including the individuals involved in the transaction on both sides, the terms of any and all agreements between the parties, whether the transaction was an arms-length transaction, whether the two companies have any overlap in ownership, management or employees, and what due diligence Tenza performed on the strength and/or validity of the Putative Mark prior to gaining control/ownership of it.

Page 4 -    MEMO IN SUPPORT OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4

**DOCUMENT REQUEST NO. 1 -** All documents concerning, referencing, referring or relating to you obtaining and/or purchasing the Putative Mark, the Registration and all rights related thereto, including any documents related to due diligence conducted in connection with obtaining and/or purchasing the Putative Mark.

These requests go solely to two issues: standing and validity of the mark.  For example, an assignment of a mark without the goodwill appurtenant to it would constitute an impermissible assignment in gross.  *Marshak v. Green*, 746 F.2d 927, 929, 1984 U.S. App. LEXIS 17737, 223 U.S.P.Q. (BNA) 1099 (2d Cir. N.Y. 1984) ("A sale of a trade name or mark divorced from its goodwill is characterized as an "assignment in gross.").  At the meet-and-confer, Tenza expressly stipulated that, should Calista narrow this Topic Category to such relevant issues, it would comply. (Tauger Decl., ¶ 7).  However, Calista insists on all manner of information completely related to anything at issue in this litigation, i.e. "the individuals involved in the transaction on both sides, the terms of any and all agreements between the parties, whether the transaction was an arms-length transaction, whether the two companies have any overlap in ownership, management or employees, and what due diligence Tenza performed on the strength and/or validity of the Putative Mark prior to gaining control/ownership of it." None of these areas address, in any way, either the validity of the assignment of the mark, the validity of the mark itself, or Tenza's right to enforce its trademark.

At the meet-and-confer, Calista failed and refused to explain how, for instance, whether transaction was or was not an arm's length transaction would affect the validity of the trademark or any other issue in this litigation. (*Id*).  Further, EMC Ideas, Inc. is not a party to this action nor a corporate predecessor to Tenza, and its corporate structure, ownership, employees, and management structure have no bearing on this case.  Calista has refused to agree to narrowing this topic to discoverable issues.

## 2.  Topic Category No. 3

**TOPIC CATEGORY NO. 3 -** All inquiries, due diligences, surveys, evaluations, investigations and studies conducted by Tenza or EMC Ideas, Inc. (or anyone acting for or on their behalf) that refer or relate in any manner to the Putative Mark.

MEMO IN SUPPORT OF TENZA MOTION FOR
PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4

To Tenza's knowledge it has no activity that falls within this description. However, this topic is objectionable as any such activity is not relevant to any claim or defense in this matter. Calista would have the right to discover a non-infringement opinion or validity opinion, but neither exist and this topic category is far, far broader than that limited inquiry.

### 3. Topic Category No. 4 and Document Request No. 3

**TOPIC CATEGORY NO. 4 -** Efforts taken by Tenza to enforce any trademark or related rights in the Putative Mark, including the issuance of any cease-and-desist demands or letters, the institution of arbitration (including UDRP proceedings), and the filing of lawsuits against third parties in any jurisdiction. Deponent should be capable of identifying dates of each effort to enforce by reference to documents or otherwise.

**DOCUMENT REQUEST NO. 3 -** All documents constituting, concerning, referencing, referring or relating to legal actions (including lawsuits, cease and desist letters, UDRP proceedings and arbitration proceedings) taken by you or any predecessor of interest (including EMC Ideas, Inc.) in the Putative Mark, relating to or concerning the enforcement of the Putative Mark, in any jurisdiction.

Tenza objects to the preparation demanded by Calista for this topic. Tenza has, in response to discovery requests, produced non-privileged documents reflecting Tenza's efforts to enforce rights in its mark, e.g. cease and desist letters sent by Tenza's counsel, prior UDRP proceedings that it instigated, etc. Calista is obviously free to examine the deponents regarding this activity, but requiring the deponent to supply the dates of each and every effort taken against each infringer is so broad a demand that it is burdensome – though Tenza initiates these actions, it is Tenza's counsel that executes them.

### 4. Topic Category No. 6 and Document Request No. 8

**TOPIC CATEGORY NO. 6 -** The porntube.com website affiliate program, including its tracking of domain names sending traffic to the porntube.com website, the number of affiliates in the program, the amounts paid to affiliates, the number of visitors received through the affiliate program, affiliate relations, marketing and promotional efforts for the affiliate program and whether and how often affiliate websites are reviewed.

**DOCUMENT REQUEST NO. 8 -** Documents sufficient to determine the month-to-month number of visitors to the porntube.com website that arrived there through the porntube.com affiliate program.

Page 6 -    MEMO IN SUPPORT OF TENZA MOTION FOR
            PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

This request goes to the very heart of Tenza's business.  Calista, an adjudicated infringer, wants to use the lawsuit it filed as a vehicle to discover Tenza's inner workings and trade secrets including the identities of its affiliates and the information Tenza knows about consumers of its services.   Specifically, the identity of its affiliates and the amounts paid to affiliates are not relevant to anything at issue in this litigation.  Calista has raised, as an affirmative defense, that Tenza was aware of, and acquiesced in, Calista's use of Tenza's PORNTUBE trademark in the Accused Domain names.  This is, of course, both a valid theory and area of inquiry and supports such noticed topics as whether Tenza tracks domain names sending traffic to its site, or whether examination of affiliate websites is a routine part of Tenza's management of the affiliate program – Tenza readily agrees that Calista may explore these questions.  However, nothing else in this category is relevant to anything at issue.

### 5.       Topic Category No. 7 and Document Request No. 2

**TOPIC CATEGORY NO. 7 -** The PORNOTUBE mark and Tenza's actions and omissions related thereto, including any and all agreements between Tenza (or its predecessor-in-interest EMC Ideas, Inc.) and WMM Holdings, LLC (or any predecessor-in-interest to the PORNOTUBE mark).

**DOCUMENT REQUEST NO. 2 -** All documents concerning, referencing, referring or relating to pornotube.com, the PORNOTUBE mark or the owner of either, and any communications between you on the one hand and the registrant of the PORNOTUBE mark on the other hand.

For the benefit of the Court's background, the owner of the registered mark PORNOTUBE filed an opposition proceeding against EMC Ideas, Inc.'s (Tenza's predecessor-in-interest in the PORNTUBE mark and the www.porntube.com website) application to register the trademark PORNTUBE.  During the opposition proceeding, although it was readily determined that EMC Ideas, Inc., and not the opposer, was the senior user of the mark in commerce, the owners of these two marks negotiated a concurrent use agreement.  As a result, the opposition was terminated.

Most importantly (and the only fact potentially relevant to this proceeding), is that the TTAB did not issue any rejection of the PORNTUBE mark, either during or after the opposition,

Page 7 -    MEMO IN SUPPORT OF TENZA MOTION FOR
                  PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4

based on the existence of the PORNOTUBE mark, nor did the examiner of the PORNTUBE mark raise any objection to its registration.

At the meet-and-confer, Calista offered two rationales for its "entitlement" to everything relating to the opposition proceeding.  First, it claimed that if EMC Ideas, Inc. "admitted" that its mark was "substantially similar" to the PORNOTUBE mark (it did not), that would mitigate against a finding of infringement by Calista and, second (and incredibly), that communications between the respective parties to the opposition proceeding might support a finding of abandonment of the mark by Tenza. (Tauger Decl., ¶ 8).

With respect to the first rationale, EMC Ideas, Inc. is not a party to this litigation, nor would anything it said be binding upon Tenza.  Regardless, even such an "admission" by either EMC Ideas, Inc. or Tenza with respect to the PORNOTUBE mark would have no relevance. Likelihood of consumer confusion, the benchmark for determining trademark infringement, measures the parties' respective use in commerce of their respective marks, and evaluates that use against the nine factors identified im *AMC v. Sleekcraft*, 599 F.2d 341 (9th Cir. 1979). Moreover, similarity of the marks is evaluated by analysis of their "sight, sound and meaning." *Brookfield Communs. v. W. Coast Entm't Corp*., 174 F.3d 1036, (9th Cir. Cal. 1999 ("The court assesses the similarity of the marks in terms of their sight, sound, and meaning.").  That analysis would be different for PORNOTUBE, which is not identical in sight, sound and meaning to Tenza's mark, as opposed to Calista's infringing domain names which each include Tenza's verbatim mark.

 Had the TTAB in the opposition proceeding, acting either upon motion or *sua sponte,* voiced an opinion regarding the validity of Tenza's mark, such information would be relevant to, though not dispositive of, key factors in this case.  However, the simple fact is that they did not, and this information is known to Calista because both the prosecution histories and docket filings for the Opposition Proceeding are public record.

At the meet-and-confer, Calista's counsel also claimed that additional documents might

Page 8 -    MEMO IN SUPPORT OF TENZA MOTION FOR
PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4

show that Tenza "divvied up its trademark rights" (his words) with its direct competitor, the owner of PORNOTUBE.  (Tauger Decl., ¶ 9).  This argument is nonsensical as both parties own separate and distinct registered trademarks with their own rights therein.  The USPTO has acknowledged each and both registrations remain valid and subsisting.  It is therefore unclear what could be "divvied up" and Calista has been unable to say.  (*Id.*).

Rather, this appears to be an impermissible *jus tertii* argument, i.e. "Someone else has rights that somehow supersede those of Tenza, so Tenza can't assert its rights against Calista."  This is a *jus tertii* defense; it is black-letter law that it is not available in a trademark action.  *See, Golden Temple of Oregon, LLC. v. Wai Lana Prod., LLC*, Civ. Case No. 09-902-KI, 2010 U.S. Dist. LEXIS 47561 (D. Or. May 12, 2010).  In that case, the plaintiff claimed that the defendant had infringed on its YOGI TEA and YOGI marks, which the plaintiff had licensed from a third party.  In response, the defendant argued that the third party was a necessary party whom must be joined.  Although at the time of the hearing the defendant had not filed its Answer or asserted any affirmative defenses, the Court found that the defendant's arguments fell within the "universally disfavored defense of jus tertii," and held that the third party's interest in the marks was not a defense to the plaintiff's infringement action.  *Id.* at *4, *7.  In reaching its decision, the Court explained that "[A] third party's prior use of a trademark is not a defense in an infringement action*." Id*. at *4-*5 (citations omitted) (*quoting Committee v. Yost, 92 F. 3d 814, 820-21 (9th Cir. 1996)* ("[E]ven if, for some purposes and in some territory, [a third party] may have a right in the trade-mark superior to that of the plaintiff, the defendant is not thereby exonerated from responsibility for an attempt to appropriate to itself a good will created by the plaintiff during a long course of business.").  The Court also noted that **"[a] third-party's rights should not be allowed as a defense in any trademark case. So long as plaintiff proves rights superior to defendant, that is enough**. [emphasis added]" *Id.* at *6.  Having found that any third party's claims against the plaintiff were irrelevant for purposes of determining the plaintiff's trademark infringement claims against the defendant, the Court held that the *jus tertii*

Page 9 -    MEMO IN SUPPORT OF TENZA MOTION FOR
            PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

defense was inapplicable.

Finally, there is Calista's bizarre abandonment allegation.  Tenza notes that Calista has not asserted abandonment as a defense in its pleading, and further contends that doing so would violate Fed. R. Civ. P. 11.  Specifically, "A mark is deemed abandoned . . . when its use has been discontinued with intent not to resume. Intent not to resume may be inferred from circumstances." *Societe de Developments et D'Innovations des Marches Agricoles et Alimentaires-SODIMA-Union de Cooperatives Agricoles v. International Yogurt Co.,* 662 F. Supp. 839, 843, 1987 U.S. Dist. LEXIS 4907, 3 U.S.P.Q.2D (BNA) 1641 (D. Or. 1987).  Here, Calista was referring visitors to the website identified by Tenza's mark, and receiving payment from Tenza therefore, <u>right up until March, 2013, when Tenza filed its UDRP complaint</u>.  It is ludicrous to allege abandonment by Tenza of its trademark.

### 6.    Topic Category No. 14

**TOPIC CATEGORY NO. 14 -** From the date of Tenza's organization, identification of all its personnel who are employed by, contracted to, or otherwise perform services for Tenza, including the position held, services performed, reporting hierarchy and contact information.

Calista alleges that its sole owner and employee, Alexander Zhukov, disclosed the existence of at least one of the Accused Domains to Steve Matthyssen, who is one of the witnesses that Tenza has designated for the upcoming 30(b)(6) deposition.  Obviously, this is a valid area of inquiry to which Tenza does not object as it is directly relevant to Calista's affirmative defenses of license and laches.  This topic category, however, demands identification of everyone, from Tenza's tax accountant to its janitor and everyone in between, without regard to their knowledge of this alleged disclosure.  At the meet-and-confer, Tenza's counsel suggested that this topic be narrowed to identification of Tenza personnel with knowledge of the existence of Calista's Accused Websites.  (Tauger Decl., ¶ 11).  Calista's counsel refused, stating he had the right to determine for himself whether Tenza's personnel had knowledge.  (*Id.*).

This assertion gets to the core of the discovery dispute between Tenza and Calista.  Tenza

Page 10 -    MEMO IN SUPPORT OF TENZA MOTION FOR
PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4

contends that the scope of discovery is necessarily limited by the claims and defenses asserted in the pleadings. *Cf. Equal Employment Opportunity Commission v. U.S. Bakery*, Civ. No. 03-64-HA, 2004 U.S. Dist. LEXIS 11350, at *7 (D. Or. Feb. 4, 2004) (citing Notes of the Advisory Committee (2000), Fed. R. Civ. P. 26(b)(1)).   Accordingly, "A [party] seeking discovery must allege 'enough fact to raise a reasonable expectation that discovery will reveal' the evidence he seeks." *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 751 (9th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Calista, on the other hand, advocates what could aptly be termed, "The Visigoth Doctrine," i.e., it claims the right to storm and pillage Tenza, sifting through everything it can ransack and taking what it decides is of value.

This disparity in the understanding of discovery limitations came up repeatedly during the meet-and-confer with respect to such diverse and completely irrelevant topics as Tenza's finances, its affiliates, its ownership, etc.  Calista's counsel was asked repeatedly for citation to statutory and/or decisional law that supported this "sack and pillage" approach.  (Tauger Decl., ¶ 8).  Each time, Calista's response was, "I just think I'm entitled . . ." (*Id.*).

### 7.    Topic Category No. 16

**TOPIC CATEGORY NO. 16 -** The source and amount of all income to Tenza in connection with the Putative Mark from Tenza's organization to the present.

As a threshold matter, the <u>only</u> party exposed to damages liability in this action is Calista. Calista's Complaint, though entirely declaratory with respect to its causes of action and the relief sought therein, also alleges, without explanation, entitlement to a damages award.  Accordingly, Tenza served an interrogatory calculated to determine Calista's bases for its damages claim.

That interrogatory, and Calista's response, are as follows:

INTERROGATORY NO. 11:
Please describe, in detail, all damages YOU contend you have sustained from unlawful conduct YOU attribute to Tenza, including the nature of the damage, the DATE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4

the damage was sustained, the dollar amount of the damage, and the specific conduct of Tenza that resulted in the damage.

OBJECTIONS:

Calista objects to this Interrogatory on the basis that "damages" is ambiguous and undefined. Calista objects to this Interrogatory to the extent that it implies or presumes that Calista ever stated that its damages specifically resulted from "unlawful conduct." Calista objects to the extent the Interrogatory purports to require Calista to disclose information that is not within Calista's possession, custody, or control. Calista objects to the Interrogatory to the extent that it calls for a determination of an issue of law.

RESPONSE:

Subject to, and without waiving these objections and the General Objections, Calista responds as follows:

Calista suffered a loss of revenues that Calista would have otherwise enjoyed from its participation in Tenza's PornTube.com Affiliate Program, starting on the date of the filing of the UDRP Complaint and arising out of Tenza's filing of the UDRP Complaint. Calista suffered further losses as a result of the incurral of legal fees and other expenses related to Tenza's improper and extra-legal attempt on or about July 16, 2013 to force the registrar for the domains in dispute in the instant litigation to transfer Calista's Domains, despite the pending litigation before this Court. The value of Calista's Websites and domain names is also undermined and decreased as the result of Tenza's actions and Calista will not be able to sell these assets to a third party because of the cloud cast over them by Tenza. Calista's damages are continuing. Calista will be able to determine the dollar amount of damages pending further discovery.

(Newman Decl., ¶ 7, Exh. E).

Though Calista's damages claims herein will be the subject of a future motion and argument, it is readily apparent from its response that Calista has alleged no legally-cognizable basis for damages whatsoever; they are not provided by either statute or contract.  Accordingly, the only damages at issue in this litigation are those to which Calista, itself, may be liable.

Section 35 of the Lanham Act, 15 U.S.C. 1117(a), governs the award of monetary remedies in trademark infringement cases.  In cases involving the violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 43(a) or (d), or a willful violation under section 43(c) of the Lanham Act, the Court may, in its discretion, award actual damages equal to "(1) defendant's profits, (2) any

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. 1117(a); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1405 (9th Cir. 1993). In calculating actual damages, "recovery of both plaintiff's lost profits *and* disgorgement of defendant's profits is generally considered a double recovery under the Lanham Act. Therefore, the Court will not award both Plaintiff's lost profits and Defendants' profits." *Wecosign, Inc., v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1084. (C.D. Cal. 2012) (quoting *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994)) (internal quotation marks omitted).

In recognition of the law precluding double recovery and because proving lost profits would still require discovery regarding the extent of Calista's use of the trademark, Tenza elected from the time of its Answer and Counterclaim, to seek only disgorgement of defendant's profits and the costs of the action as actual damages (as well as enhanced, exemplary and statutory damages, as appropriate). Tenza reiterated its commitment to be bound by this damages theory in its interrogatory response:

> **INTERROGATORY NO. 5**: Please describe, in detail, all damages you contend you have sustained from unlawful conduct you attribute to Calista, including the nature of the damage, the date the damage was sustained, the dollar amount of the damage, and the specific conduct of Calista that resulted in the damage.

> **RESPONSE**: Tenza incorporates by reference its general objections as if fully set forth herein. Tenza further objects to this request as seeking expert discovery in advance of case management deadlines. Subject to and without waiving the foregoing objections, Tenza responds that its damages for trademark infringement are defined by law as Calista's profits from its use of the mark less allowable offsets. As Calista has not yet disclosed its profits, Tenza cannot, as yet, assign a dollar value to the damage it has sustained. Tenza claims that, as Calista's infringement was wilful and deliberate within the meaning of the law, Tenza is entitled, as a matter of law, to the various enhancements for trademark infringement damages as pled in the Prayer for Relief of its Counterclaim. Tenza is also entitled to statutory damages for Calista's counterfeiting of its trademark, resulting in statutory damages up to $2 million per separate counterfeit, for a total of $26 million. However, Tenza further responds that discovery is on-going and Tenza therefore reserves the right to supplement this response as additional relevant information is discovered and in accordance with case management deadlines.

> (Newman Decl., ¶ 8, Exh. G).

Page 13 -    MEMO IN SUPPORT OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Accordingly, Tenza's income associated with its registered trademark is both irrelevant and inadmissible for the purpose of calculating damages.  Calista should not be permitted to seek this discovery.  *See Cacique, Inc. v. Robert Reiser & Co., Inc.*, 169 F.3d 619, 622 (9th Cir. 1999) ("Enforcing a discovery request for *irrelevant* information is a per se abuse of discretion." (quoting *Epstein v. MCA*, 54 F.3d 1422 (9th Cir. 1995))).

Moreover, even accepting for the sake of argument that Calista's claim of entitlement to damages has any validity, examination of Tenza regarding Tenza's income has no relationship thereto.  Calista's "lost revenues" resulting from its own withdrawal from the affiliate program are (1) readily established through other discovery, and (2) unrelated to income Tenza might receive from other participants.  Similarly, Tenza's income has nothing to do with the amount of Calista's legal fees, or what the Accused Domains may have lost in value as a result of this litigation.

Accordingly, Calista's naked, unexplained and unsupported damages claim is not a reason to permit examination on this topic.  The parties discussed this topic at length in the meet and confer, and, remarkably, Calista's counsel stipulated that, as long as Tenza agreed that it would not introduce evidence of its own diminishment of income as a result of Calista's infringing activities, Calista would not demand income and profit information from Tenza. (Tauger Decl., ¶ 5).  Nonetheless, less than 24 hours after this stipulation, Calista served an Amended Deposition Notice that expressly sought to examine on this topic. (Newman Decl., Exh. C, Topic 16).

### 8.    Topic Category No. 17

**TOPIC CATEGORY NO. 17 -** The identity of all persons and/or entities who have an ownership interest in, or otherwise receive income from, Tenza from the date of Tenza's organization to the present.

As with Topic 16, the identity of any party who owns Tenza is not an issue in this case, as Calista has no cognizable claim for damages against Tenza and does not need to obtain discovery regarding how it may recover any judgment that might be entered in this suit.  Counsel

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

for Tenza believed Calista had agreed not to pursue this line of inquiry as a result of the meet and

confer, but it remains in the Amended Notice (Tauger Decl., ¶ 5).  Calista has not explained how

identification of the owners of Tenza has bearing on this suit, and Tenza submits no discovery

should be permitted

### 9.    Topic Category No. 18

**TOPIC CATEGORY NO. 18 -** The information provided by Tenza in its
Fed. R. Civ. P. 7.1 Statement; namely, Tenza's corporate structure, when it was
first organized, and identities of its chief operating officer and any other top
decision makers, including their titles and their relationship to Tenza, (i.e.,
whether they are employees, officers, directors, agents and/or independent
contractors).

Tenza stipulates that Calista may examine Tenza to establish that Tenza has standing to

assert the trademark claim at issue in this case and whether Calista has named the real party in

interest in its Complaint.  Additional information beyond that is not relevant to Calista's

declaratory judgment claims.  As discussed above, Calista has no tenable damages claim against

Tenza.  Hence, Tenza's organization, management and ownership have no bearing on this case,

and the Court should not permit examination beyond this narrowed scope.

### 10.    Document Request No. 9

**DOCUMENT REQUEST NO. 9 –** All documents constituting,
reflecting, referencing, referring or relating to payments you have made to Calista.

Tenza agrees to provide documents sufficient to show the payments it has made to Calista

per the affiliate program.  However, providing "all documents" as requested is burdensome and

would require production of sensitive documents such as tax records which are not necessary to

establish the facts Calista seeks.  Calista has, consistently, argued that Tenza's payments to

Calista evidence either license or laches.  (Tauger Decl., ¶ 4).  It can, of course, argue that if it

wishes, and Tenza is willing to provide evidence sufficient to demonstrate the amount of

payments that were made – neither the fact of the payments nor their amount has ever been in

dispute.  The request, as framed, however, is far overbroad and calls for production of documents

that have absolutely no relevance to this action.

Page 15 -    MEMO IN SUPPORT OF TENZA MOTION FOR
              PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4

11. **Document Request No. 10**

**DOCUMENT REQUEST NO. 10 -** Documents sufficient to evidence all affiliations between Tenza and DreamStar Cash SL.

Tenza stipulates that Calista may examine Tenza regarding whether DreamStar Cash SL had knowledge of the Accused Domains and communicated such knowledge to Tenza, or may be reasonably imputed to Tenza, as that pertains to Calista's alleged laches defense. Discovery of all business affiliations between the two companies is not necessary, nor will it establish knowledge by Tenza. The representatives being deposed in their capacity as representatives for Tenza, Michael Cardone and Steve Matthyssen, are not parties to this case and were not subpoenaed to appear for testimony. Tenza is producing those parties pursuant to Calista's ability under Fed. R. Civ. P. 30(b)(6) to name specific individuals to appear pursuant to corporate deposition notice. Tenza objects to any personal examination of either of these individuals about any topic outside of the agreed-upon issue in this litigation.

IV. **CALISTA HAS "RESERVED ITS RIGHT" TO CONTINUE THE DEPOSITION OVER ADDITIONAL DAYS IN VIOLATION OF THE FEDERAL RULES AND THE STIPULATION OF COUNSEL**

At the meet-and-confer, counsel addressed availability of Tenza's witnesses at the later dates requested by Calista. Specifically, Calista had requested that Tenza's 30(b)(6) deposition, originally noticed for February 5th and 6th, be postponed until February 26th and 27th. (Tauger Decl., ¶ 12). Tenza's counsel had no objection to this, and requested confirmation of his client's availability. (*Id.*). Tenza's designated witnesses were scheduled to attend a conference that runs until February 27th. To accommodate Calista's request for a deferral of Tenza's deposition, they are willing to miss the final day of the conference and appear for deposition on the February 27th and 28th. At the meet-and-confer, Calista's counsel stated that he had preferred the 26th and 27th, a Wednesday and Thursday, because, should it be necessary to continue the deposition, it could be completed on Friday, February 28th. (*Id.*).

FRCP 30(d)(1) provides, in pertinent part: "Unless otherwise stipulated or ordered by the

Page 16 -  MEMO IN SUPPORT OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

court, a deposition is limited to 1 day of 7 hours." Prior to the deposition of Calista and pursuant to this rule, Tenza's counsel had requested that Calista stipulate to extending this limitation to 2 days, as Calista's examination[2] would be conducted in Russian which, necessarily, slows the examination process. Calista's counsel agreed to the stipulation on the condition that Tenza offer a reciprocal extension, i.e. that Tenza could be examined over two days, if necessary. Though Tenza's examination will not require translation, in the interest of fairness, Tenza's counsel agreed. Notwithstanding, the examination of Tenza and Alexander Zhukov was completed in a single day.

Though Calista has, since, agreed to the 27th and 28th, Calista refuses to agree to limit its deposition of Tenza to only two days. Calista's counsel's claim that he may wish to examine Tenza on a third day is unacceptable, contrary to the stipulation entered into by the parties, and in violation of the applicable Federal Rule.

## V.    CALISTA'S LATEST DISCOVERY ABUSE: THE SUBPOENA DUCES TECUM TO GO DADDY

On the afternoon of Wednesday, January 29th, counsel for Calista emailed a copy of a subpoena *duces tecum* and Notice of Subpoena to be served on GoDaddy.com LLC, an Arizona company that is the ICANN registrar of Tenza's www.porntube.com domain. The document categories requested therein are as follows:

No. 1. The Complete Historical Registration Information for the porntube.com domain

No. 2. Documents reflecting or referring to billing information, credit card information, PayPal account information, electronic payment information and bank account information for the porntube.com domain name registration and any Internet Service Provider services.

No. 3. All documents reflecting or referring to any contractual or business relationship

---

[2] Tenza also stipulated to simultaneous examination of Calista and its designated witness, Alexander Zhukov, in the interest of efficiency.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

between Go Daddy and any registrants of the porntube.com domain name or any other party in connection with the porntube.com domain name.

No.4. All documents which reference, refer or relate to the porntube.com domain name.

No. 5. All documents memorializing or reflecting communications between GoDaddy and any other entity or person in connection with the porntube.com domain name.

No. 6. All logs, records, metrics and other data that reference, refer or relate to the pomtube.com domain name.

No. 7. Documents reflecting or referring to any other services provided by GoDaddy in relation to the porntube.com domain name.

In addition to the multiple technical difficulties in the subpoena, though none of the document categories demanded have any relevance to any of the claims or defenses raised in this matter, most are sufficiently innocuous and Tenza doesn't care whether they are produced. Two categories, however, are not. Specifically, No. 2 demands billing and bank account information of Tenza, and No. 6 could, potentially, identify the participants in Tenza's affiliate program. Accordingly, Tenza requested a meet-and-confer with Calista's counsel, which was also held Wednesday afternoon, January 29th. (Tauger Decl., ¶¶ 13 and 14). This meet-and-confer was somewhat contentious, but did result in Calista's counsel identifying the bases under which Calista was seeking this information. There were two:

A.    Tenza's knowledge of Calilsta's use of the Accused Domains is relevant to Calista's contentions of license and laches (something which Tenza readily concedes). Accordingly Calista wishes to view any and every document that might identify EMC Ideas, Inc. or Tenza personnel so it can then determine if such personnel (a) had knowledge of said use, and (b) communicated said knowledge, either directly or through imputation, to Tenza.

B.    Calista was demanding the same documents, using the same language, as were subpoenaed from Calista's registrar, Moniker, by Tenza.

(Tauger Decl., ¶ 14).

Page 18 -    MEMO IN SUPPORT OF TENZA MOTION FOR
               PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Calista's first "rationale" is that examination of Tenza's and non-party EMC Ideas, Inc.'s banking information *might* disclose the identity of individuals who *might* have known of Calista's infringing action and *might* have communicated that knowledge to Tenza. This attenuated chain of supposition is hardly sufficient to support the discovery demand. Under this rationale, Calista could subpoena EMC Ideas, Inc.'s and Tenza's tax records to see who signed them or, for that matter, depose anyone and everyone who ever had the remotest connection with either EMC Ideas, Inc. or Tenza, without the slightest basis in fact for asserting the possession of relevant knowledge. This is, once again, an exercise of the "Visigoth Doctrine," by Calista and cannot be tolerated.

Calista's assertion of "tit for tat" is even more bizarre. "The scope of discovery is defined by Rule 26(b) of the Federal Rules of Civil Procedure, which permits litigants to obtain discovery regarding 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Qualcomm Inc. v. Broadcom Corp.,* No. 05cv1958-B, 2008 U.S. Dist. LEXIS 91104, at *8 (S.D. Cal. Nov. 7, 2008) (*quoting* Fed. R. Civ. P. 26(b)(1)). Calista is entitled to discover only that which is relevant to the claims and defenses raised in this matter.

Tenza deposed Moniker, Calista's registrar, for several reasons. First, Tenza, in response to an interrogatory, under penalty of perjury, that the only domains that it "owned, managed and/or controlled" that contained the term "porntube" or "porn tube," were the Accused Domains at issue in this litigation. (Newman Decl., Exh. F, Interrogatory Response No. 2). However, Tenza independently discovered another "porntube" domain owned by Calista that was not disclosed. (Tauger Decl., ¶ 15). Accordingly, the narrow subpoena and subpoena *duces tecum* served upon Moniker was calculated, *inter alia*, to confirm Calista's perjury, as well as to uncover additional domains owned by Calista that may also contain infringing and/or counterfeit uses of Tenza's mark. (*Id.*).

As the Court is aware, Tenza has contended that Calista is really a "one man show" by Alexander Zhukov who, Tenza has contended, uses Calista as an alias and alter ego.

Page 19 -   MEMO IN SUPPORT OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Accordingly, it requested from Moniker payment records for the Calista domain to see if, in fact, Calista was a valid corporate individual. The records produced by Moniker and validated by Mr. Zhukov at his deposition confirmed, beyond any doubt, that Calista (and other entities implicated in this litigation) are aliases for, and the alter egos of, Alexander Zhukov.[3]

As such, Tenza's deposition subpoena and subpoena *duces tecum*, which were <u>not</u> objected to by Calista, were narrowly tailored to and, in fact, did, uncover admissible evidence that is highly relevant to Tenza's infringement and counterfeiting claims against Calista. Calista's claim that it is therefore entitled to conduct the same discovery against Tenza, notwithstanding the fact that it has <u>no cognizable claim against Tenza and seeks declaratory relief, only</u>, is, to put it charitably, unsupportable.

FRCP 45 defines the Arizona court as the appropriate venue in which Tenza must oppose Calista's subpoena, and Tenza will do so at significant cost to itself. However, this Court retains the authority to sanction a party for discovery abuse. Tenza maintains that issuance of Calista's insupportable subpoena *duces tecum* not only evidences such abuse, but is part of a continuing pattern of disregard for the discovery limitations set by the Federal Rules.

## VI.    CONCLUSION

Calista has, since the inception of this litigation, engaged in questionable tactics to both delay the litigation and hinder resolution of its own claims and Tenza's counterclaims. The instant dispute(s) establish that Calista's pursuit of discovery continues in this same vein. Calista, without explanation or justification, seeks to uncover Tenza's inner workings and trade secrets, its customers, its finances and its banking information, none of which have the least relevance to any claim or defense in this case. Tenza respectfully requests that this Court issue a

---

[3] Tenza will address both Calista's perjury (as well as additional perjuries) and Mr. Zhukov's status in a subsequent motion.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Protective Order which shields Tenza from this abuse and, further, to order Calista to refrain from further violations of the Federal Rules in this regard.


Dated this 30th day of January, 2014.

Respectfully submitted,


/s/Paul N. Tauger
Paul N. Tauger, *appearing pro hac vice*
Anna M. Vradenburgh, *appearing pro hac vice*
THE ECLIPSE GROUP LLP
Telephone: 949-851-5000 ext. 110
Facsimile: 949-851-5051

Devon Zastrow Newman, OSB #014627
Catherine B. Brinkman, OSB #002134
SCHWABE, WILLIAMSON & WYATT, P.C.
Telephone: 503-222-9981
Facsimile: 503-796-2900

Attorneys for Defendant Tenza Trading Ltd.


Page 21 -   MEMO IN SUPPORT OF TENZA MOTION FOR
            PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13131181.4