**Devon Zastrow Newman**, OSB #014627
Email: dnewman@schwabe.com
**Catherine B. Brinkman**, OSB #002134
Email: cbrinkman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

**Paul N. Tauger,** *appearing pro hac vice*
Email: pnt@eclipsegrp.com
**Anna M. Vradenburgh,** *appearing pro hac vice*
Email: amv@eclipsegrp.com
THE ECLIPSE GROUP LLP
2020 Main Street, Suite 600
Irvine, CA 92614
Telephone: 949-851-5000 ext. 110
Facsimile: 949-851-5051

      Attorneys for Defendant Tenza Trading Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALISTA ENTERPRISES LTD,** a Republic of Seychelles Company**,**<br><br>      Plaintiff,<br><br>  vs.<br><br>**TENZA TRADING LTD.,** a Cyprus Company**,**<br><br>      Defendant. | No. 3:13-cv-01045-SI<br><br>DECLARATION OF PAUL N. TAUGER IN SUPPORT OF DEFENDANT TENZA TRADING LTD.'S MOTION FOR PROTECTIVE ORDER REGARDING CALISTA'S NOTICE OF FRCP 30(B)(6) AND 45 DEPOSITION OF TENZA |

Page 1 -    DECLARATION OF PAUL N. TAUGER IN SUPPORT
OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13184095.1

I, Paul N. Tauger, declare that the following is true and correct:

1. I am senior counsel with the law offices of The Eclipse Group, LLC, counsel of record and lead trial counsel for Defendant and Counterclaimant Tenza Trading Ltd. (hereafter, "Tenza") in this matter. I have personal knowledge of the facts averred here and, if called upon to do so, could and would testify to the truth thereof, except as to those alleged on information and belief and, as to those, I have a good-faith belief in their truth.

2. On Thursday, January 23, 2014, I received an email from Val Gurvitz, counsel for Calista, requesting my availability for a meet-and-confer on various topics identified in the email. I responded to his request and, also, indicated my desire to meet-and-confer on Calista's deposition notice to Tenza. A true and correct copy of the email chain containing Mr. Gurvitz' initial request and my response is attached hereto as Exhibit A.

3. The meet-and-confer on both subjects took place by telephone on Monday, January 27, 2014, and lasted for approximately 2-1/2 hours. It was rapidly apparent that there was a complete overlap of issues, *i.e.* the disputes with respect to discovery obligations that characterized Calista's objections to Tenza's discovery responses were identical to those that formed the bases for Tenza's objection to Calista's discovery notice.

4. This meet-and-confer was cooperative and non-contentious, notwithstanding the parties' inability to reach agreement on some issues. On other issues, however, we achieved a number of stipulations. For example, for document requests regarding public records related to the registration of the PORNTUBE mark by EMC Ideas, Inc. and opposition proceeding brought by the owners of the PORNOTUBE mark, Tenza had responded that the documents were equally available to Calista as to Tenza. As a result of the meet-and-confer, however, Tenza agreed that it would download the documents from the USPTO and TTAB websites, Bates stamp them and produce them to Calista. Tenza also advised Calista's counsel that it would supplement its

Page 2 -   DECLARATION OF PAUL N. TAUGER IN SUPPORT
           OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13184095.1

Interrogatory Responses and Document Production to identify (a) the total amount it has paid participants in its affiliate program, (b) the total number of participants in its affiliate program, and (c) the total number of visitors to its site because these data support Tenza's contention that, to the extent Tenza's registered trademark is deemed to be descriptive, said data evidences Tenza's marketing and promotional efforts, as well as the extent of the reputation of its mark.

5.     It was, however, in this part of the discussion that we reached our first significant disagreement.  Calista has insisted that Tenza produce records documenting all of its income, the identities of its affiliate participants, how much it paid each affiliate on an individual basis, and related data.  I explained that Tenza refused to do so for the reasons that are discussed in its moving papers.  Calista's counsel responded that this information was relevant to the extent that Tenza intended to argue a diminishment in income as a measure of damages.  I advised Mr. Gurvitz (as I have in previously done in the past), that Tenza would evidence its damages solely through lost sales as measured against visitors to Calista's infringing websites who were directed to competitors' sites, less allowable offsets.  Mr. Gurvitz told me that, if I agreed to do so, "there would be no need to seek income information from Tenza."  I again, confirmed, that I would not be using any diminishment in Tenza's income to establish damages from infringement.

6.     After this stipulation was reached, I stated that I'd like to address, generally, the issues that are raised by the asserted claims and defenses.  I had described these in my responsive email to Mr. Gurvitz, but I reiterated them as follows:

    i.    Whether Tenza's PORNTUBE trademark is invalid as generic, or descriptive without secondary meaning.

    ii.    If the mark is not invalid, whether Tenza can assert its rights against Calista:

        1.    Whether the mark is registered, valid and subsisting, and whether Tenza has standing to assert the mark.

Page 3 -    DECLARATION OF PAUL N. TAUGER IN SUPPORT
            OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13184095.1

  2.  Whether Tenza licensed the mark to Calista.

  3.  Whether Tenza sat on its rights in such manner as to invoke laches with respect to Calista's use of the mark.

 iii. If the mark is valid and laches does not apply, what are Tenza's damages?

Mr. Gurvitz agreed that this summary correctly framed the issues in this case.

  7. We proceeded to review specific responses of Tenza to Calista's Requests for Production as well as related noticed topics and document requests in Calista's 30(b)(6) notice. This included requests and topic categories addressing Tenza's acquisition of the PORNTUBE trademark and porntube.com website from non-party EMC Ideas, Inc. I advised Mr. Gurvitz that inquiry into that sale was relevant to the issues only to the extent that it explored whether the vehicle under which ownership was transferred invalidated the transfer, e.g. whether the transfer constituted an assignment in gross. I reminded Mr. Gurvitz that EMC Ideas, Inc. was not a party to the litigation, but also advised that one of Tenza's corporate designees for the upcoming 30(b)(6) had involvement with EMC Ideas, Inc. and would endeavor to answer questions about EMC Ideas, Inc. provided they were relevant to the issues raised in this litigation. I also asked Mr. Gurvitz why he thought whether or not the transaction was conducted at arm's length was relevant, as it would have no effect on either the validity of the transfer or the validity of the mark, itself. Mr. Gurvitz could offer no explanation. I suggested that Mr. Gurvitz narrow the topic to reflect only relevant inquiries. Mr. Gurvitz declined to do so, stating only, "I think I'm entitled to the information."

  8. We also discussed Calista's demand for examination on and all documents referencing an opposition proceeding brought by the owners of the PORNOTUBE mark against EMC Ideas, Inc.'s pending registration of the PORNTUBE mark. The opposition proceeding was initiated after the PORNTUBE registration had been approved by the Trademark Examiner and passed to publication on the Primary Register. As was established by the initial filings in the

Page 4 - DECLARATION OF PAUL N. TAUGER IN SUPPORT
OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13184095.1

opposition, EMC Ideas, Inc.'s use and filing date for its PORNTUBE mark were senior to those of the opposer's PORNOTUBE mark.  The opposition proceeding was ultimately dismissed after the parties entered into a concurrent use agreement.  Calista's counsel made two claims in this regard.   First, he claimed that EMC Ideas, Inc. might have made an "admission" that the mark were "similar."  I explained why such an admission was irrelevant to anything at issue and, further, stated that no such admission was made.  Mr. Gurvitz insisted that he had the right to review all documents to determine whether an admission was made and whether anything else might be relevant.  This is a theme that Calista has asserted throughout the discovery process of this litigation, *i.e.* an objection that a request that is not reasonably calculated to lead to discovery of admissible must be confirmed by the party against who it is asserted by examination of the documents and/or information responsive to it.  I advised Mr. Gurvitz that this was not the law and requested that he provide a citation to statute or case law that held otherwise.  He was unable to do so, and merely re-stated, "I think I'm entitled to that information."  Mr. Gurvitz also advised that the PORNOTUBE opposition proceeding was relevant to the affirmative defense of "abandonment."  I was, frankly, surprised by this assertion.  I reminded Mr. Gurvitz that Calista had not raised abandonment in either its Complaint or as an affirmative defense and, further, it was inapplicable as it required non-use of the mark for at least 2 years AND a manifest intent to abandon.  I said that, pursuant to Calista's own allegations, either assertion was simply ridiculous.

9.    Mr. Gurvitz then claimed that documents related to the opposition proceeding might evidence that EMC Ideas, Inc. and the PORNOTUBE mark owner "divvied up the trademark rights."  At that point, Tenza counsel Anna Vradenburgh, who was also a participant in the telephone conference, pointed out that "divvied up" made no sense given that both parties owned independent rights to their respective marks, *i.e.* there was nothing to "divvy up" and, in any event, such an allegation had no relevance to anything at issue in this proceeding.

Page 5 -    DECLARATION OF PAUL N. TAUGER IN SUPPORT
                OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13184095.1

10. This process continued with respect to the other noticed categories and document requests and requests for production. Each time, when I asked Mr. Gurvitz for some basis in law for the broad and frequently irrelevant demands, his only response was, "I think I'm entitled to this information."

11. At the meet-and-confer, Mr. Gurvitz explained that Calista alleges that its sole owner and employee, Alexander Zhukov, disclosed the existence of at least one of the Accused Domains to Steve Matthyssen, who is one of the witnesses that Tenza has designated for the upcoming 30(b)(6) deposition. Obviously, this is a valid area of inquiry to which Tenza does not object as it is directly relevant to Calista's affirmative defenses of license and laches and I stated as much to Mr. Gurvitz. This topic category, however, demands identification of everyone, from Tenza's tax accountant to its janitor and everyone in between, without regard to their knowledge of this alleged disclosure. At the meet-and-confer, Tenza's counsel suggested that this topic be narrowed to identification of Tenza personnel with knowledge of the existence of Calista's Accused Websites. Calista's counsel refused, stating he had the right to determine for himself whether Tenza's personnel had knowledge.

12. At the meet-and-confer, we discussed availability of Tenza's witnesses at the later dates as expressly requested requested by Calista. Specifically, Calista had requested that Tenza's 30(b)(6) deposition, originally noticed for February 5th and 6th, be postponed until February 26th and 27th. A true and correct copy of Calista's counsel's email requesting the postponement is attached hereto as Exhibit B. I had had no objection to this, and requested confirmation of my client's availability. Tenza's designated witnesses are scheduled to attend a conference that runs until February 27th. To accommodate Calista's request for a deferral of Tenza's deposition, they are willing to miss the final day of the conference and appear for deposition on February 27th and 28th and I so advised Mr. Gurvitz. At the meet-and-confer, Mr. Gurvitz stated that he had preferred the 26th and 27th, a Wednesday and Thursday, because,

Page 6 -   DECLARATION OF PAUL N. TAUGER IN SUPPORT
           OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13184095.1

should it be necessary to continue the deposition, it could be completed on Friday, February 28th.

        13.      On the afternoon of Wednesday, January 29, 2014, I received by email from Matthew Shayfer a Notice of Subpoena *Duces Tecum* and Subpoena *Duces Tecum* directed to GoDaddy.com LLC ("GoDaddy").  GoDaddy is the registrar of the www.porntube.com domain.  On reviewing the document categories demanded, I noticed that, while most were innocuous, two called for sensitive data.  Specifically, No. 2 demands billing and bank account information of Tenza, and No. 6 could, potentially, identify the participants in Tenza's affiliate program.  Accordingly, I requested a meet-and-confer with Calista's counsel, which was also held telephonically on Wednesday afternoon, January 29th and lasted about an hour.  That meet-and-confer with Mr. Shayfer proved to be somewhat contentious.   For example, Mr. Shayfer raised an irrelevant allegation that Tenza had refused to provide documents responsive to Calista's demand for communications between Tenza on the one hand and Calista and Alexander Zhukov on the other and Calista knew such communications existed, consisting of an alleged email exchange between Mr. Matthyssen and Mr. Zhukov, and they were produced by Calista.  I reminded Mr. Shayfer that that specific document request had asked for <u>Tenza's</u> communications and the alleged exchange took place <u>before</u> Tenza had even existed.  I told him that Tenza's discovery obligations did not include guessing what counsel was really asking for, and only required a good-faith effort to respond to the request <u>as asked.</u>

        14.      However, Mr. Shayfer eventually disclosed two bases under which he felt Calista was entitled to the documents demanded by the two categories:

        A.      Tenza's knowledge of Calista's use of the Accused Domains is relevant to Calista's contentions of license and laches (something which Tenza readily concedes).  Accordingly Calista wishes to view any and every document that might identify EMC Ideas, Inc. or Tenza personnel so it can then determine if such personnel (a) had knowledge of said use, and (b) communicated said

Page 7 -     DECLARATION OF PAUL N. TAUGER IN SUPPORT
               OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13184095.1

knowledge, either directly or through imputation, to Tenza.

B. Calista was demanding the same documents, using the same language, as were subpoenaed from Calista's registrar, Moniker, by Tenza.

15. After having received Calista's responses to Tenza's written discovery, I had directed my staff to research other domain names that might be owned by Calista and/or its alter-ego, Alexander Zhukov. That search was conducted by such techniques are reviewing DNS servers, looking for common IP addresses, and other forensic techniques. That search uncovered at least one domain name owned by Calista that included Tenza's mark "porntube" in its name yet was not disclosed by Calista in response to Tenza's interrogatory. My staff's work-product research also uncovered more than a hundred domain names owned by Calista and/or Alexander Zhukov. Accordingly, I subpoenaed Moniker, Calista's registrar, to confirm Calista's ownership of the undisclosed infringing domain, as well as the others so that we might examine them for additional instances of infringement and/or counterfeiting of Tenza's mark.

16. My subpoena to Moniker also included disclosure of billing and payment information by Moniker. Among the documents produced and authenticated by Moniker's custodian of records were three credit card accounts that were used to pay Calista's bills. Because of their sensitivity I have voluntarily agreed to treat the actual account numbers as "Confidential – Attorney's Eyes Only," even though they were not so designated by Calista's attorney at the deposition. When I took Alexander Zhukov's deposition in Prague two weeks ago, I showed him the account numbers and asked him if he could identify them. He testified that they were his own personal accounts, were not corporate accounts, and, further, the addresses that Moniker possessed for Calista were his own personal home address in Prague and his own personal home address in Russia. Based on this admitted fact, it is clear that Calista, as well as other facts adduced at the deposition that, currently, is subject to review and confirmation of confidential designation, it is absolutely clear that Calista, as well as other corporate identities

Page 8 -    DECLARATION OF PAUL N. TAUGER IN SUPPORT
OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13184095.1

involved in this litigation, are mere aliases and alter-egos for Mr. Zhukov.

**I hereby declare that the above statement, including information contained in the exhibits, is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury pursuant to the laws of the United States.**

Dated this 30th day of January, 2014.

_____
Paul N. Tauger

Page 9 -   DECLARATION OF PAUL N. TAUGER IN SUPPORT OF TENZA MOTION FOR PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\126430\192024\DZN\13184095.1