**Paul N. Tauger**

| | |
|---|---|
| **From:** | Val Gurvits <vgurvits@bostonlawgroup.com> |
| **Sent:** | Thursday, January 23, 2014 2:06 PM |
| **To:** | Paul N. Tauger; Matthew Shayefar; Sean Ploen |
| **Cc:** | Anna M. Vradenburgh; Newman, Devon Z.; Connie Limperis; Thomas Freedman |
| **Subject:** | RE: Request for meet-and-confer |

Dear Paul,

It was good to see you and Anna in Prague for Calista's 30(b)(6) depo and I look forward to seeing both of you in Barcelona for Tanza's 30(b)(6) depo.

I write to request a meet-and-confer with respect to issues pertaining to Tanza's responses to Calista's discovery requests.  Calista's issues are enumerated below.  With respect to these issues, we believe that they can be addressed by the Court over the phone as the Court's invitation.  However, let's postpone the Feb. 5-6 depos just so that both parties can address all issues properly – subject to Tanza's confirmation of availability.  One caveat is that Feb. 17-21 is school vacation here in Boston and I have two kids whom I am taking on vacation that week.  So if we were to reschedule, February 26 and 27 would be ideal for me.  Please let us know Tanza's availability as soon as you can.

Are you available on Monday for the meet-and-confer?  If need be, I can do it tomorrow afternoon, but Monday is better.


Requests for Production

With regards to the document production responses, we need to understand what you will be providing and what it is you are withholding, so that we can determine whether we agree with your decision to withhold something.  We have not seen your documents yet, but need to see at least a list of the documents you are producing and a list of the documents you are withholding.

However, at this time we have already identified the following deficiencies in your responses:

RFP 2: We do not know what you intend to produce here, but we will require the purchase and sale agreement and any other relevant documents to Tenza's purchase of the trademark.

RFP 5: You have objected to producing documents relating to the registration of the trademark.  Such documents are inherently relevant to the case, and especially relevant to the extent that they may disclosure any objections to the registration.

RFPs 7 & 8:  These documents relevant to PORNOTUBE are relevant to the issue of the validity of the trademark.  Calista asserts that the PORNOTUBE mark is so substantially similar to the PORNTUBE mark that it proves the invalidity of the PORNTUBE mark.  Such documents must be produced.

RFPs 11&12: We understand that Tenza is taking the position that whatever evidence of third-party use that might be in its possession is not evidence of generic/descriptive use of the mark.  However, to clarity our request, we are looking for documents showing the use of the term "porntube" or "porn tube" by any other party that is in Tenza's possession.  For instance, such evidence would include the use of the terms by Calista, but would also include the use by any other party in any other context.  Putting aside Tenza's disagreement as to whether such use constitutes generic or descriptive use, we want to be very clear that we're looking for documents showing any kind of use by third party – whether generic or infringing.

RFP 16: We want to make sure that you understand that this request and documents responsive therefore, go directly to the issue of laches, abandonment, failure to enforce and use of the term "porntube" by third parties. Accordingly, Tenza's entire objection to this request is improper and unreasonable. For instance, to the extent that there is any communication between Tenza and any third party, it cannot be subject to the attorney/client privilege. To make it clear, of course, we're not looking for attorney work product or privileged communications.

RFP 17: We take your response here as stating that there are no non-privileged communications that reference Calista, other than those communications with Calista. However, because your response does not actually explain why you believe that Calista is already in possession of all documents responsive to the request, we do not know if you are actually holding anything back that is relevant and responsive.

RFP 19: Traffic analytics for the porntube.com website is highly relevant to this case because they would show the third-party websites that send traffic to the porntube.com website. As you are aware, it is Calista's contention that Tenza had the ability to view the domains and therefore knew the domains that were sending Tenza traffic. Calista therefore repeats its request that Tenza produce analytic logs similar to the logs that Calista produced showing the domain names that send traffic to the porntube.com website.

RFP 25&26: Your objections to these requests are baseless. Tenza's sales, expenses and profits arising from the trademark are wholly relevant and material to the question of Tenza's alleged damages from the alleged infringement. Documents sufficient to show Tenza's sales under the mark must be produced.

RFP 28/29/30: Documents referencing Mr. Matthyssen and DreamStar Cash's relationship with Tenza and the porntube.com affiliate program are highly relevant to this case and must be produced. As you are clearly aware, Mr. Matthyssen and his company stand right at the center of the issue of laches and implied license. Their relationship with Tenza and their right to act on behalf of Tenza is integral to the case. Furthermore, any organizational charts are relevant to determining Mr. Matthyssen's position in the enterprise.

RFP 32/33: Documents referencing the amounts paid by Tenza (or its agents) to affiliates is relevant to the importance of Calista's relationship with Tenza. Calista asserts that it was among the most important affiliates in Tenza's affiliate program, a fact which is highly relevant to showing Tenza's knowledge of Calista's use of the term "porn tube." Documents showing its high income relative to other affiliates is reasonably calculated to lead to the discovery of admissible evidence.

RFP 34: You have objected to producing communications between Tenza and third parties discussing this case, effectively on the basis that it is irrelevant. However, unless you tell us what you are holding back, we can have no assurance whatsoever that this is true.

Interrogatories

No. 3: You have not identified the parties that Tenza sent cease and desist letters to in October 2011 and November 2013. Furthermore, you have not indicated the dates on which Tenza enforced its trademark rights against 31 infringing Twitter accounts, nor have you indicated which twitter accounts such rights were enforced against.

No. 4: Similar to our statements above with regards to the PORNOTUBE mark, the relationship between Tenza and WMM Holdings is highly relevant to the validity of the PORNTUBE mark and whether it is substantially similar or confusing with the PORNOTUBE mark.

No. 5/9: We find your answer that Tenza "does not compile data" about its affiliates to be unlikely. It is obvious that Tenza compiles at least some data regarding its affiliates if it is to pay those affiliates for the traffic it receives from them. If Tenza keeps information about the affiliates, including the domain names those affiliates use, it is highly relevant to the issues in this litigation.

No. 7:  We are certain that Mr. Matthyssen derives personal benefit from the porntube.com website and from Tenza.  While for reasons of protection from personal liability he may be hiding behind numerous foreign entities, Tanza may not hide his personal connection or how he derives benefit from Tanza's activities.  We require knowledge of what his personal gain is from Tenza and the PornTube.com website and his personal connection to Tenza and the website.  Putting it simply, does he receive a personal gain from Tenza and the porntube.com website and if he does, what is the basis of that gain?  Is he a shareholder, beneficiary of a trust, trustee, settler, member, manager, officer, subcontractor or some combination of the above?  And if so, at what time did he start and/or cease these positions/affiliations?

No. 16: As stated above with regards to the requests for production, Tenza's annual sales from the PORNTUBE mark are relevant to the damages which Tenza may claim.  Therefore, we will require responses to subpart (a) of this interrogatory.

Best,


Val Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
(617) 928-1804 direct
(617) 928-1800 main
(617) 928-1802 fax
vgurvits@bostonlawgroup.com


------------------------------------------------------------------------
The contents of this message and any attachments are confidential and intended only for the addressee(s).  This message may also be subject to attorney-client privilege.  If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.

Boston Law Group, PC
tel: 617/928-1800
e-mail: info@bostonlawgroup.com

---

**From:** Paul N. Tauger [mailto:pnt@eclipsegrp.com]
**Sent:** Thursday, January 23, 2014 3:52 PM
**To:** Matthew Shayefar; Val Gurvits; Sean Ploen
**Cc:** Anna M. Vradenburgh; Newman, Devon Z.; Connie Limperis; Thomas Freedman
**Subject:** Request for meet-and-confer

Dear Matt,

Your email of this morning was particularly well-timed, as I was preparing this email to you regarding the 30(b)(6) deposition notice of Tenza.

Though we have no objection to most of the topics, in the general sense, there are some specifics that we find problematic and, I suspect, they are the same specifics with which you have problems in our discovery responses.  I'll enumerate them here:

Topic Category 2:
Though, of course, the nature of the transaction by which Tenza acquired ownership of the PORNTUBE trademark is clearly relevant, those portions of the topic that deal with the nature and structure of EMC Ideas, Inc. as well as Tenza, the respective ownership, employees, etc., are clearly not for the reasons explained below.

Topic Category 4:
This topic category is not objectionable, except that the request that "deponent should be aware of all dates for each effort," is sufficiently ambiguous as to preclude effective preparation. Could you please be specific as to what dates you wish to inquire?

Topic Category 6:
Neither the number of affiliates, nor the amounts paid to each of the affiliates, is not relevant to anything at issue in this litigation. We have disclosed in our written responses, and will be prepared to discuss, the amounts paid to affiliates, en masse, as that is relevant to our marketing expenditures. We will also be prepared to discuss (and have similarly disclosed) the amount paid by Tenza to Calista for Calista's participation in the program.

Topic Category 7:
The PORNOTUBE mark is not, in any way, relevant to anything at issue in this litigation. Tenza will not discuss it, or any other third-party mark, except in an appropriately relevant context, e.g. whether the existence of the third-party mark weakens the strength of Tenza's PORNTUBE mark, or a much more narrowed inquiry, i.e. "Was there any discussion or communication regarding whether Tenza's mark was generic or descriptive?" Incidentally, there was not, but you are free to ask in a formal context.

Also, please note that EMC Ideas, Inc. is not a party to this litigation and Calista has no basis for compelling its participation absent appropriate service of process. I would also observe that neither Mr. Cardone nor Mr. Mathyssen are parties to this litigation. They will, most likely, be the corporate designees for Tenza's 30(b)(6) deposition. They will be responding to the individual notices you served pursuant to your option to designate specific responsible individuals at a business as either an alternative, or in addition, to a corporate designee notice, as provided by the Federal Rules. Please note that this office does not represent Mr. Cardone nor Mr. Mathyssen, and cannot accept service of process on their behalf, i.e. Tenza is producing them pursuant to the notices which it construes as directed towards Tenza; they are not appearing as individuals. Though, of course, both will cooperate and provide testimony with respect to any and all matters at issue <u>with respect to Tenza</u>, either through Calista's Complaint or Tenza's Counterclaims, neither will provide testimony on matters outside of this litigation, including their personal finances, their other business activities, their other employment, etc.

Topic Category 11:
It is unclear, from the wording of this question, upon what you wish to examine Tenza about with respect to "the Registration." Could you please clarify so that our client can adequately prepare to respond?

Topic Category 14:
Calista's action against Tenza is limited to declaratory relief; it has alleged no legally-cognizable basis for anything else. The specific declaratory relief sought is judgment of non-infringement and/or invalidity of the PORNTUBE trademark. Tenza's employees, contractors and service providers are not, in any way, relevant to the legal and factual inquiry of Calista's claims.

Topic Category 16:
As explained above, Tenza's income from its PORNTUBE mark is not relevant to Calista's claims. To the extent that it might be construed as relevant to Tenza's damages claim against Calista (if appropriately narrowed), Tenza elects as its measure of damages for Calista's infringement Calista's gross-income received from its illegal exploitation of Calista's trademark, off-set by its provable cost of sales.

Topic Category 17:
As Calista has no tenable damages claim against Tenza, none of the information requested by this topic category is relevant.

Topic Category 18:

We will allow limited inquiry into the nature of Tenza, sufficient to allow Calista to determine whether Tenza has standing to pursue its counterclaims, and whether Calista has named the real party in interest in its Complaint. Additional information beyond that is not relevant to Calista's declaratory judgment claims.

Our objections to the document requests follow the concerns expressed above, and as stated in our written response to Calista's previously-served document requests.

Unlike our previous discovery disputes, we do not believe that these issues are best resolved on an informal basis in a quick telephone call with Judge Simon. Our intention was to seek a protective order directed to these issues on, essentially, an *ex parte* basis. However, I suspect that your dissatisfaction with Tenza's responses is mostly directed to these issues as well. Of course, we are prepared to appear on February 5th and 6th, as previously agreed. However, I think it is in both parties' interests to resolve these issues prior to the upcoming depositions. Postponing long enough, e.g. until the 27th and 28th, as you've suggested, to allow a complete, albeit expedited, briefing schedule, as well as an opportunity for oral argument. As I noted in my earlier email, I have to confirm the client's availability on those dates, though I can promise that, should our witness(es) have prior commitments that wouldn't allow attendance, we will identify alternative dates, either earlier or shortly later, so as not to introduce any significant delay.

Please let me know your thoughts on this matter.

I am also available to meet-and-confer, on both your issues and our proposed protective order, at you convenience, though it is probably best for all concerned if we do so sooner rather than later.

It was nice to finally meet you face-to-face, and please thank Val for the drinks. Anna and I look forward to reciprocating in Barcelona.

Best regards,

Paul


Paul N. Tauger

**THE ECLIPSE GROUP LLP**

2020 Main Street
Suite 600
Irvine, California 92614

t: 949.851.5000 x 110
f: 949.851.5051
ptauger@eclipsegroup.com
www.eclipsegrp.com

**NOTE:** In certain circumstances, our spam filters may inadvertently block or quarantine legitimate emails from clients and associates. Accordingly, if your email contains important and urgent instructions and if we fail to acknowledge receipt of your email within 1 working day, please send your instructions to us by facsimile at 818.332.4205 or contact us by telephone at 818.488.8140.
**CONFIDENTIALITY NOTICE:** This message is being sent by or on behalf of a lawyer. It is intended for the exclusive use of the individual or entity that is the named addressee and may contain information that is privileged or confidential, or otherwise legally exempt from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to read, print, copy, retain or disseminate this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, by telephone at 818.488.8140, or by facsimile at 818.332.4205, and discard any paper copies of this message.
**TREASURY NOTICE:** As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

**Paul N. Tauger**

| | |
|---|---|
| **From:** | mshayefar@gmail.com on behalf of Matthew Shayefar <matt@bostonlawgroup.com> |
| **Sent:** | Thursday, January 23, 2014 10:01 AM |
| **To:** | Newman, Devon Z. |
| **Cc:** | Val Gurvits; Sean Ploen; Thomas Freedman; Paul N. Tauger; Anna M. Vradenburgh; Connie Limperis; {F3369066}.pdx@matter.schwabe.com |
| **Subject:** | Re: Tenza's Responses to Calista's First Requests for Production and First Interrogatory Responses |

Dear Counsel,

Thank you for the responses.  We have begun reviewing them and note numerous issues.  We will be preparing a detailed response to your objections and will then request a meet and confer.  Given that Tenza's 30(b)(6) is scheduled for February 5 and 6, we may not have sufficient time to resolve these issues prior to the depositions.  We want to give you a heads-up that if that is the case, we will be rescheduling the depositions so that we have sufficient time to address these discovery issues beforehand.  To the extent we need to reschedule the depositions, we would be looking to reschedule them for February 26 and 27.  We wanted to let you know about this issue as soon as possible given everyone's travel arrangements.  Please understand that it is not our intention or desire to change the dates, we are simply communicating the possibility because our cursory examination of Tenza's responses shows them to be materially insufficient.

Best,


Matthew Shayefar

Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
Direct: (617) 928-1806 | Tel: (617) 928-1800 | Fax: (617) 928-1802
matt@bostonlawgroup.com

---
The contents of this message and any attachments are confidential and intended only for the addressee(s).  This message may also be subject to attorney-client privilege.  If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.  Boston Law Group, PC | Tel: (617) 928-1800 | E-mail: info@bostonlawgroup.com


On Tue, Jan 21, 2014 at 1:44 AM, Newman, Devon Z. <DNewman@schwabe.com> wrote:


Counsel,

Attached are Tenza's Responses to Calista's First Requests for Production and Calista's First Interrogatories. Please note that portions of each response are marked Confidential and Attorney's Eyes Only, pursuant to the Protective Order.  We will begin serving responsive documents tomorrow.  Thank you for the courtesy of the extension.

Best regards,

1

Exhibit B
Page 1 of 2

**DEVON ZASTROW NEWMAN | Attorney**
**SCHWABE, WILLIAMSON & WYATT**
**1211 SW 5th Ave., Ste. 1900 Portland, OR 97204**
**Direct: 503-796-2944 | Fax: 503-796-2900 | Cell: 503-449-6429 | Email:** dnewman@schwabe.com
**Assistant: Beth Morrow | Direct: 503-796-2880 | bmorrow@schwabe.com**
*Legal advisors for the future of your business*®
www.schwabe.com

_____

To comply with IRS regulations, we are required to inform you that this
message, if it contains advice relating to federal taxes, cannot be used
for the purpose of avoiding penalties that may be imposed under federal
tax law. Any tax advice that is expressed in this message is limited to
the tax issues addressed in this message. If advice is required that
satisfies applicable IRS regulations, for a tax opinion appropriate for
avoidance of federal tax law penalties, please contact a Schwabe attorney
to arrange a suitable engagement for that purpose.
_____

NOTICE: This communication (including any attachments) may contain
privileged or confidential information intended for a specific individual
and purpose, and is protected by law. If you are not the intended
recipient, you should delete this communication and/or shred the materials
and any attachments and are hereby notified that any disclosure, copying
or distribution of this communication, or the taking of any action based
on it, is strictly prohibited. Thank you.