**Thomas Freedman Jr.** (OSB No. 080697) thomas@prllaw.com
**Pearl Law LLC**
552 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
Tel:    (503) 295-6296 | Fax: (503) 295-6344

**Valentin Gurvits** (*pro hac vice*) vgurvits@bostonlawgroup.com
**Matthew Shayefar** (*pro hac vice*) matt@bostonlawgroup.com
**Boston Law Group, PC**
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:    (617) 928-1800 | Fax: (617) 928-1802

**Sean Ploen** (*pro hac vice*) sploen@ploen.com
**Ploen Law Firm, PC**
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
Tel:    (651) 894-6800 | Fax: (651) 894-6801

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **CALISTA ENTERPRISES LTD.**, a Republic of Seychelles company,<br><br>    Plaintiff/Counter-defendant,<br><br>- v. -<br><br>**TENZA TRADING LTD.**, a Cyprus company,<br><br>    Defendant/Counterclaimant. | Case No. 3:13-cv-01045-SI<br><br>**MEMORANDUM IN SUPPORT OF CALISTA ENTERPRISES LTD.'S MOTION FOR ADOPTION OF PROPOSED ORDER REGARDING CALISTA'S DISCOVERY REQUESTS ADDRESSED IN JANUARY 31, 2014 HEARING** |

### Introduction

In a January 31, 2014 telephonic hearing, the Court considered various discovery requests

made by Plaintiff Calista Enterprises, Ltd. ("Calista"). At the conclusion of the hearing, after

provisionally resolving all such requests by means of stipulation, by agreement between the

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**                                                                Page **1**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                                         Plaintiff's Memorandum in
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com               Support of Motion for Adoption
                                                                                                                                                      of Proposed Order

parties, or by its own decision, the Court directed counsel for Defendant Tenza Trading Ltd. ("Tenza") to prepare a proposed form of order memorializing the resolution of Calista's requests, then to present such proposed order to Calista for review.

Nearly three weeks later, on February 19, 2014, counsel for Tenza presented the proposed order to counsel for Calista. Counsel for the parties negotiated the terms of the proposed order by exchanging several drafts of same, until on February 26, counsel for Tenza declared the parties to be at an impasse concerning the single issue still in dispute and stated an intention to submit the matter to the Court for resolution. Calista hereby presents to the Court Calista's preferred version of the proposed form of order, and moves the Court to approve same.

## I.     THE DISPUTED ISSUE

### A.     To What Extent May Knowledge Belonging to DreamStar Cash Be Attributed To Its Alter Ego, Defendant Tenza?

As briefly discussed in the January 31 hearing (see Exh. A, partial "Transcript of Proceedings," January 31, 2014 Telephonic Discovery Conference, p. 44, line 7 - p. 47, line 17), one issue in the above-captioned proceeding is the significance of the actions taken by, and the knowledge possessed by, an entity named DreamStar Cash, S.L. In short, Calista expects to demonstrate that Defendant Tenza is an alter ego of DreamStar Cash, S.L., and that to the extent DreamStar Cash, S.L. either acquiesced to or granted an implied license to Calista to use the trademark PORNTUBE and to register and use domain names incorporating that term, Tenza now should be estopped from asserting that Calista's actions constitute infringement.

Thus, Calista sought to take discovery concerning the general nature of Tenza's relationship with DreamStar Cash S.L., and specifically concerning (i) the actions taken by

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **2**
Plaintiff's Memorandum in
Support of Motion for Adoption
of Proposed Order

DreamStar Cash S.L. concerning Calista, and (ii) the knowledge possessed by DreamStar Cash S.L. concerning Calista and its activities.

In the hearing, the Court proposed to resolve the issue by means of a stipulation by Tenza, and counsel for Tenza agreed, stating that:

> The actions taken by DreamStar on behalf of Tenza from the date of Tenza's existence forward we will stipulate were attributable to Tenza, and we will further stipulate that knowledge that DreamStar had – my point, is it can be imputed to Tenza. That's fine. I think we've been clear with Calista about this from the beginning. What was explained to me at the conference call that we had on Monday was that they have some theory that this is all an alterego of Steve Matthyssen and/or Mike Cardone. And I don't know what their basis for that was. But none of that seems relevant. And where I don't want them going in this -- they don't need to know anything about the ownership organization, profit distribution, employees -- you name it -- of DreamStar, except to the extent that it's relevant to   this litigation. That they're ostensible agents for Tenza, we would stipulate.

(*Id.*, pp. 46-47.)  The Court asked counsel for Calista if the stipulation was acceptable, and counsel assented.  Tenza, however, now wishes to backtrack from part of its stipulation.

1.   <u>Agreement Concerning the Stipulation as to DreamStar's Actions</u>

As to DreamStar's actions vis-à-vis Calista, the parties agree that Tenza stipulated on the record that any actions DreamStar took on behalf of Tenza after Tenza's creation may be attributed to Tenza in DreamStar's capacity as agent of Tenza.

2.   <u>Disagreement Concerning the Stipulation as to DreamStar's Knowledge</u>

The parties disagree concerning the meaning of the stipulation entered into on the record concerning DreamStar's knowledge.  Specifically, the parties disagree as to whether the stipulation that DreamStar's knowledge may be attributed to Tenza (a) covers <u>only</u> that knowledge gained by DreamStar during the time period running from Tenza's date of creation

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **3**
Plaintiff's Memorandum in
Support of Motion for Adoption
of Proposed Order

until the present, as is proposed by Tenza, or (b) covers all knowledge gained by DreamStar concerning Calista, regardless of when such knowledge was gained.

### B. The Wording of the Stipulation and Its Context Implicate The Time Period Prior to Tenza's Creation

In making the stipulation as to DreamStar's knowledge, counsel for Tenza used the past tense: "we will further stipulate that knowledge that DreamStar had…can be imputed to Tenza." If the word "had" was not meant to refer to knowledge that DreamStar possessed prior to Tenza's creation, then the stipulation is wholly misleading. Thus, Calista's proposed form of order states (in ¶ 5) that "Tenza further stipulated that any knowledge that DreamStar had at the time of Tenza's creation is knowledge to be imputed to Tenza," whereas Tenza's proposed form of order states that "Tenza further stipulated that any knowledge that DreamStar had after Tenza existed is knowledge imputed to Tenza."

Calista's proposed form is both more accurate and more sensible, given that the parties' prior discussion in the discovery conference concerned the fact that Calista intended to demonstrate via discovery that what DreamStar knew, Tenza knew – a fact which has great significance with regard to Tenza's claims against Calista. The parties never disagreed about whether, after Tenza's incorporation, DreamStar's actions and knowledge should be imputed to Tenza, a fact confirmed by Tenza's counsel's statement that this point had been clear "from the beginning." Instead, the critical time period for Calista's purposes is the time period before Tenza's incorporation, and Calista never would have assented to the proposed stipulation had it known the interpretation now being applied to that stipulation by Tenza.

The Court should hold Tenza to the stipulation that was made on the record, and more importantly, should act in the furtherance of ensuring that all relevant information is brought to

Val Gurvits | Matthew Shayefar | Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **4**
Plaintiff's Memorandum in
Support of Motion for Adoption
of Proposed Order

bear on the parties' dispute.  If not, then Calista should be given an opportunity to obtain further discovery from Tenza and others on this matter.

### III.    CONCLUSION

For the reasons herein, Calista respectfully requests that the Court adopt Calista's attached proposed form of order concerning the January 31, 2014 telephonic discovery conference.

Dated:  February 27, 2014                         Respectfully submitted,

                                                  Plaintiff/Counter-defendant
                                                  Calista Enterprises Ltd.
                                                  By its Attorneys,

                                                  /s/ Matthew Shayefar
                                                  Matthew Shayefar (*pro hac vice*)
                                                  Valentin Gurvits (*pro hac vice*)
                                                  Boston Law Group, PC
                                                  825 Beacon Street, Suite 20
                                                  Newton Centre, Massachusetts 02459
                                                  Tel:    (617) 928-1800
                                                  Fax:    (617) 928-1802
                                                  matt@bostonlawgroup.com
                                                  vgurvits@bostonlawgroup.com

                                                  /s/ Thomas Freedman Jr.
                                                  Thomas Freedman Jr. (OSB No. 080697)
                                                  Pearl Law LLC
                                                  552 SW 5th Avenue, Suite 1100
                                                  Portland, Oregon 97204
                                                  Tel:    (503) 295-6296
                                                  Fax:    (503) 295-6344
                                                  thomas@prllaw.com

                                                  /s/ Sean Ploen
                                                  Sean Ploen (*pro hac vice*)
                                                  Ploen Law Firm, PC
                                                  100 South Fifth Street, Suite 1900
                                                  Minneapolis, MN 55402
                                                  Tel:    (651) 894-6800
                                                  Fax:    (651) 894-6801
                                                  sploen@ploen.com

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**                                   Page **5**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                           Plaintiff's Memorandum in
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com    Support of Motion for Adoption
                                                                                     of Proposed Order