

**Devon Zastrow Newman**, OSB #014627
Email: dnewman@schwabe.com
**Catherine B. Brinkman**, OSB #002134
Email: cbrinkman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

**Paul N. Tauger,** *appearing pro hac vice*
Email: pnt@eclipsegrp.com
**Anna M. Vradenburgh,** *appearing pro hac vice*
Email: amv@eclipsegrp.com
THE ECLIPSE GROUP LLP
2020 Main Street, Suite 600
Irvine, CA 92614
Telephone: 949-851-5000 ext. 110
Facsimile: 949-851-5051

Attorneys for Defendant Tenza Trading Ltd.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **CALISTA ENTERPRISES LTD,** a Republic of Seychelles Company**,**<br><br>         Plaintiff,<br><br>    vs.<br><br>**TENZA TRADING LTD.,** a Cyprus Company**,**<br><br>         Defendant. | Case No. 3:13-cv-01045-SI<br><br>DEFENDANT AND COUNTERCLAIMANT TENZA TRADING LTD.'S RESPONSE TO CALISTA'S MOTION FOR ADOPTION OF PROPOSED ORDER REGARDING CALISTA'S DISCOVERY REQUESTS ADDRESSED IN JANUARY 31, 2014 HEARING |

Page 1 -   **TENZA'S RESPONSE TO CALISTA'S MOTION FOR ADOPTION OF PROPOSED ORDER RE CALISTA'S DISCOVERY REQUESTS**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Defendant Tenza Trading Ltd. ("Tenza"), responds to Plaintiff Calista Enterprises, Ltd.'s ("Calista") Motion for Adoption of Proposed Order Regarding Calista's Discovery Requests Addressed in the January 31, 2014 Hearing ("Calista's Motion"), as follows:

## I.   INTRODUCTION

On January 31, 2014, the parties appeared telephonically for a hearing in which the Court considered various discovery requests made by Calista and challenged by Tenza. During the hearing, the parties made stipulations regarding certain discovery requests, and the Court instructed Tenza to prepare a proposed form of order memorializing the stipulations. The proposed form of order was submitted to Calista on February 19, 2014, and since then has been revised to reflect numerous rounds of negotiation between the parties. Despite multiple attempts to reach an agreement regarding a single provision of the proposed form of order, the parties reached an impasse, and now seek the Court's assistance in resolving the matter. Accordingly, Tenza hereby responds to Calista's Motion, filed on February 27, 2014, and respectfully moves the Court to approve Tenza's version of the proposed form of order (attached hereto).

## II.   FACTUAL BACKGROUND

As requested by the Court during the January 31, 2014 hearing, Tenza prepared a proposed form of order memorializing the resolution of the discovery disputes and submitted the proposed order to Calista on February 19, 2014. Calista responded with substantial revisions to paragraphs 1, 5, and 6 of the proposed form of order on February 25, 2014. *See* Exhibit A, ¶ 2 to the Declaration of Devon Zastrow Newman in Support of Defendant Tenza Trading Ltd.'s Response to Calista's Motion for Adoption of Proposed Order Regarding Calista's Discovery Requests Addressed in January 31, 2014 Hearing ("Newman Decl."). Tenza responded that same day with a third revision to the proposed form of order, and explained that Tenza would stipulate that DreamStar Cash, S.L.'s ("DreamStar") knowledge, gained from the date of Tenza's existence forward, would be imputed to Tenza. *Id.* The parties reached an impasse, however,

Page 2 -   TENZA'S RESPONSE TO CALISTA'S MOTION
FOR ADOPTION OF PROPOSED ORDER RE
CALISTA'S DISCOVERY REQUESTS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

when Calista insisted that Tenza stipulate that all knowledge gained by DreamStar, including knowledge obtained prior to Tenza's existence, be imputed to Tenza. Such a stipulation, however, is inconsistent with the parties' intent and is unreasonable. Accordingly, Tenza submits that the version of paragraph 5 contained in its proposed form of order more accurately reflects the intent of the parties during the January 31, 2014 hearing, and therefore should be the version approved by the Court.

### A. Tenza's Version of the Proposed Form of Order Reflects the Parties' Intent Regarding the Knowledge of DreamStar Imputed to Tenza.

During the January 31, 2014 telephonic hearing, the parties addressed the issue of whether DreamStar was an agent of Tenza because Calista had served multiple discovery requests seeking information regarding Steve Matthyssen's and DreamStar Cash's connections to Tenza (namely, whether and how the persons and entities were related and information regarding ownership, directors and employees). Tenza objected that the requests were overbroad, invasive and did not lead to the discovery of admissible evidence with one exception: whether Mr. Matthyssen or DreamStar Cash's knowledge as the administrator of the porntube.com affiliate program could be attributed to Tenza. This is relevant because Tenza's prior knowledge of Calista's use of the PORNTUBE trademark could establish a laches defense for Calista. Because the extent of Tenza's knowledge as to Calista's use of the PORNTUBE mark is crucial in this case, the issue was discussed at length during the hearing. The relevant portion of the transcript regarding this issue reads as follows:

> **THE COURT**: Okay. And so then, to the extent that there can't be infringement because Calista had the consent or license of Tenza, part of Calista's argument might be that it received that license through its interactions through Matthyssen and DreamStar and therefore DreamStar – it's relevant to discover DreamStar Cash because -- to show that it was acting as essentially the agent for Tenza. Is that it?
>
> **MR. SHAYEFAR**: Mathew Shayefar, Your Honor. Yes.

Page 3 - TENZA'S RESPONSE TO CALISTA'S MOTION FOR ADOPTION OF PROPOSED ORDER RE CALISTA'S DISCOVERY REQUESTS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

> **MR. GURVITS**: Val Gurvits again. One other point: Again, because Mr. Matthyssen is in both places, which when he does something, activities, on behalf of DreamStar, he cannot then say that Tenza doesn't know about it.
>
> **THE COURT**: Sure. Let me ask Mr. Tauger: Is Tenza prepared to stipulate that the actions that DreamStar took were taken either as an agent for or alterego of or at least for purposes limited to this action, on the issues related to this action, are actions that can be attributable to Tenza?
>
> **MR. TAUGER**: This is Paul Tauger, Your Honor. The answer is yes, with a but dot, dot, dot. The actions taken by DreamStar on behalf of Tenza from the date of Tenza's existence forward we will stipulate were attributable to Tenza, and we will further stipulate that knowledge that DreamStar had – my point, is it can be imputed to Tenza. That's fine. I think we've been clear with Calista about this from the beginning. One of the issues raised in this case is the significance

*See* Telephonic Discovery Conference Transcript of Proceedings ("Tr.") 46:6 – 47:2.

Calista's contention that Tenza stipulated that <u>all</u> of DreamStar's knowledge may be attributed to Tenza, regardless of when that knowledge was gained ignores that the entire discussion was framed in light of the discovery Calista sought – DreamStar and Matthyssen's relationship to Tenza as a company in existence, <u>not</u> before Tenza existed. Moreover, Calista's contention misconstrues Mr. Tauger's statements. As the above excerpt demonstrates, Mr. Tauger's assent to the stipulation regarding imputed knowledge was in response to the Court's stated understanding that "to the extent that there can't be infringement because Calista had the consent or license of Tenza, part of Calista's argument might be that it received that license through its interactions through Matthyssen and DreamStar." *Id.* at 46:1-5. It is to this issue that Mr. Tauger was responding, and therefore his statements must be interpreted in context, namely, the discussion presumes <u>that Tenza was a company in existence</u> and therefore capable of giving consent or license through its agents.

Page 4 -   **TENZA'S RESPONSE TO CALISTA'S MOTION FOR ADOPTION OF PROPOSED ORDER RE CALISTA'S DISCOVERY REQUESTS**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

A proper reading of the transcript demonstrates that the intent of the parties at the time of the hearing was that Tenza would stipulate to the fact that (1) the actions taken by DreamStar on behalf of Tenza from the date of Tenza's existence forward are attributable to Tenza; and that (2) knowledge DreamStar learned <u>after</u> Tenza's creation may be imputed to Tenza. Tenza submits that this is what the parties intended to stipulate to (and is without question what Calista believes it did stipulate to), and that any other interpretation is a mischaracterization of Mr. Tauger's statements and is inconsistent with the above quoted transcript. Calista's position that its version of the stipulation is the *only* plausible interpretation of Mr. Tauger's statements is short-sighted. Tenza's version of the stipulation (that DreamStar's knowledge from the date of Tenza's existence forward can be imputed to Tenza), on the other hand, is not only more plausible, but is also the interpretation which most accurately reflects the intent of the parties and the understanding of the Court at the time of the hearing.

The parties' intent regarding knowledge which may be imputed to Tenza is further evidenced by Mr. Tauger's final statement that the stipulation reflects what counsel for Tenza has "been clear with Calista about . . . from the beginning." As Calista notes in its supporting memorandum, "[t]he parties never disagreed about whether, after Tenza's incorporation, DreamStar's actions and knowledge should be imputed to Tenza." Accordingly, it makes sense that Tenza would stipulate to facts on the record which are consistent with the position it has taken since litigation commenced. It does not, however, make sense that Tenza would suddenly, and without cause, stipulate to facts that are wholly inconsistent with the position it has steadfastly held.

      **B.**    **Calista's Version of the Proposed Form of Order Is Unreasonable Given the Significant Impact Such a Stipulation Would Have on Tenza's Case.**

Further supporting Tenza's version of the proposed form of order is the fact that Calista's version of Mr. Tauger's statement regarding imputed knowledge is unreasonable given the impact such a stipulation would have on Tenza's case. As the Court correctly noted during the

Page 5 - **TENZA'S RESPONSE TO CALISTA'S MOTION FOR ADOPTION OF PROPOSED ORDER RE CALISTA'S DISCOVERY REQUESTS**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

January 31, 2014 hearing, a part of Calista's argument might be that Tenza, through its agent DreamStar, granted Calista a license to Calista to use the PORNTUBE trademark. Given this possibility, the extent to which DreamStar's knowledge of Calista's actions <u>prior</u> to Tenza's existence may be imputed to Tenza is decisive. Accordingly, it is unreasonable for Calista to suggest that Tenza would willingly stipulate to knowledge that could significantly hinder Tenza's ability to assert its defenses and counterclaims. Indeed, even Calista recognizes the critical role this stipulation plays in the case: "[T]he parties' prior discussion in the discovery conference concerned the fact that Calista intended to demonstrate via discovery that what DreamStar knew, Tenza knew – a fact which has great significance with regard to Tenza's claims against Calista." (Pl.'s Memorandum in Support of Calista's Motion, at p. 4). Thus, while Calista's interpretation of the stipulation – that <u>all</u> knowledge gained by DreamStar concerning Calista be imputed to Tenza – has a substantial, detrimental impact on Tenza, Tenza's proposed wording of the stipulation has no such detrimental effect on Calista. Tenza's proposed stipulation does not establish that Tenza did not have knowledge of Calista's use of the PORNTUBE trademark, but instead leaves the door open for Calista to prove that, other than through imputed knowledge gained by DreamStar prior to Tenza's existence, Tenza was aware of Calista's use prior to the date alleged by Tenza.

In light of the foregoing, Tenza's proposed wording of the stipulation is more reasonable than Calista's, and should be accepted by the Court.

### III.    CONCLUSION

For the foregoing reasons, Tenza submits that its version of the proposed form of order accurately reflects the parties' intent during the January 31, 2014 hearing and is the most reasonable interpretation of the parties' statements given the impact such a stipulation could have

Page 6 -    **TENZA'S RESPONSE TO CALISTA'S MOTION FOR ADOPTION OF PROPOSED ORDER RE CALISTA'S DISCOVERY REQUESTS**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

in this case. Accordingly, Tenza respectfully requests that the Court adopt Tenza's proposed form of order, attached hereto.

DATED this 3rd day of March, 2014.

                                               s/ Devon Zastrow Newman
                                               Paul N. Tauger, *appearing pro hac vice*
                                               Anna M. Vradenburgh, *appearing pro hac vice*
                                               THE ECLIPSE GROUP LLP
                                               Telephone: 949-851-5000 ext. 110
                                               Facsimile: 949-851-5051

                                               Devon Zastrow Newman, OSB #014627
                                               Catherine B. Brinkman, OSB #002134
                                               SCHWABE, WILLIAMSON & WYATT, P.C.
                                               Telephone: 503-222-9981
                                               Facsimile: 503-796-2900

                                               Attorneys for Defendant Tenza Trading Ltd.

Page 7 -    TENZA'S RESPONSE TO CALISTA'S MOTION FOR ADOPTION OF PROPOSED ORDER RE CALISTA'S DISCOVERY REQUESTS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900