## Morrow, Beth

**Subject:** RE: Proposed Order Regarding Discovery Dispute

**From:** Newman, Devon Z. [mailto:DNewman@SCHWABE.com]
**Sent:** Wednesday, February 26, 2014 9:00 AM
**To:** Matthew Shayefar
**Cc:** Val Gurvits; Sean Ploen; Thomas Freedman; Paul N. Tauger; Anna M. Vradenburgh; Morrow, Beth
**Subject:** RE: Proposed Order Regarding Discovery Dispute

Hello Matt,

I hope you made it safely to Barcelona.

Regarding paragraph 1, the enforcement efforts that are the subject of the interrogatory and request for production are only relevant as they go to maintenance of the registered mark, which is at issue as a result of Calista's declaratory judgment claim of invalidity; hence, Calista's position is inherently clear.  We do not agree that Calista's position needs to be separately stated nor that use of the word registered and the (R) is in any way "heavy-handed."  Regardless, as a final attempt at compromise, we will agree to the following wording for paragraph 1:

With regard to Calista's RFP No. 2; FRCP 30(B)(6) Deposition Topic 2; and FRCP 30(B)(6) Document Requests 1 and 2, Tenza and the deponents shall testify as to their knowledge regarding EMC Ideas, Inc.'s ("EMC") activities related to enforcement efforts regarding the registered trademark PORNTUBE, and Tenza shall produce any shall produce any documents reflecting such enforcement efforts taken by EMC.  Calista shall not take discovery on EMC's corporate or financial structure or its background.

Please advise if this wording is acceptable to Calista.

With regard to Paragraph 5, we are at an impasse as Calista's newest suggested wording is even further from the stipulation made on the record than its former suggestion.  Tenza's position on its stipulation has been clear : Tenza has never agreed to impute the knowledge that DreamStar had to it as a later-created entity. Tenza has agreed DreamStar is an agent for all knowledge and all actions taken after Tenza's creation.

Because Tenza sees no point in further disputing this matter, we suggest that the parties each file separate Proposed Orders to Judge Simon explaining their respective positions with regard to Paragraph 5, and, if we are unable to resolve the issue above, Paragraph 1.  Please let us know your position on paragraph 1 at your earliest convenience. We intend to submit Tenza's version of its Proposed Order by Friday.

Thanks,


**DEVON ZASTROW NEWMAN | Attorney**
**SCHWABE, WILLIAMSON & WYATT**
**1211 SW 5th Ave., Ste. 1900 Portland, OR 97204**
**Direct: 503-796-2944 | Fax: 503-796-2900 | Cell: 503-449-6429 | Email:** dnewman@schwabe.com
**Assistant: Beth Morrow | Direct: 503-796-2880 |** bmorrow@schwabe.com
*Legal advisors for the future of your business®*
**www.schwabe.com**
**From:** mshayefar@gmail.com [mailto:mshayefar@gmail.com] **On Behalf Of** Matthew Shayefar
**Sent:** Tuesday, February 25, 2014 5:54 PM
**To:** Newman, Devon Z.
**Cc:** Val Gurvits; Sean Ploen; Thomas Freedman; Paul N. Tauger; Anna M. Vradenburgh
**Subject:** Re: Proposed Order Regarding Discovery Dispute

1

Hi Devon,

I respond to each of the issues you've laid out:

Paragraph 1
It is redundant to use both the word "registered" and the "registered" indicator, and Calista objects to this heavy-handedness on both stylistic and substantive grounds.  As to the removal of the word "alleged," the order should reflect both the fact that an active registration exists and that the validity of such registration is being challenged.  Please see our proposed language in the attached redline.

Paragraph 5

The stipulation you have proposed is unreasonable. It means that when Tenza was incorporated DreamStar forgot everything that it knew beforehand.

Specifically on record, Paul used the word "had" meaning the knowledge Dreamstar had prior to Tenza. Moreover, his comment with regards to knowledge was a separate clause from his comment with regards to actions being attributable.  Taking the operative section without the extraneous language, the transcript states: "we will further stipulate that knowledge that DreamStar had . . . can be imputed to Tenza."  If the word "had" there does not refer to pre-Tenza incorporation, it was wholly misleading.

More importantly however, the entire discussion here was in the context of whether Tenza would be required to produce discovery responses that Calista was going to use to show that what DreamStar knew, Tenza knew, and what Steve knew, Tenza knew.  There was never a reasonable disagreement about whether, post-Tenza incorporation, DreamStar's actions and knowledge should be imposed on Tenza.

If Tenza cannot stipulate to what it stated on the record as shown in the attached redline, then Calista will be seeking further discovery in order to show that DreamStar's knowledge from before Tenza's incorporation should be imputed to Tenza.  Such discovery will include full discovery of all individuals associated with EMC, Tenza, DreamStar, Fux and 4Tube and any other information relevant to the combined operations of these companies and websites.

Paragraph 6

This is fine with us.


Best,

Matthew Shayefar

Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
Direct: (617) 928-1806 | Tel: (617) 928-1800 | Fax: (617) 928-1802
matt@bostonlawgroup.com

--------------------------------------------------------------------------
The contents of this message and any attachments are confidential and intended only for the addressee(s).  This message may also be subject to attorney-client privilege.  If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.  Boston Law Group, PC | Tel: (617) 928-1800 | E-mail: info@bostonlawgroup.com

On Tue, Feb 25, 2014 at 4:45 PM, Newman, Devon Z. <DNewman@schwabe.com> wrote:

Counsel,

I attach a third revision for your review.  I have accepted all of Calista's proposed changes (thank you for the careful edits) except for three areas where we disagree.  These areas are highlighted for your quick reference against the version you sent.  They are as follows:

Paragraph 1: we do not agree that PORNTUBE® is an "alleged trademark".  Until (and only if) invalidated, the mark is active and presumed valid and we will not agree to referring to it as otherwise.  If you would prefer to replace "the registered trademark PORNTUBE®" with "Tenza's trademark PORNTUBE®", that is acceptable to us.  Please advise.

Paragraph 5: The proposed alteration to the stipulation does not accurately reflect Mr. Tauger's statements on the record and is not acceptable.  As I know some of you are traveling, I have pasted the relevant part of the transcript below (pg. 61).  Please note that Tenza did not agree to, as you have proposed, incorporate knowledge that DreamStar had prior to Tenza's incorporation into Tenza's knowledge at its incorporation.   Rather, Tenza stipulated that as an agent for Tenza <u>from the date of Tenza's existence forward</u>, DreamStar's knowledge is imputed to Tenza.  I have therefore reverted to the original version, which accurately reflects the stipulation made on the record.

```
MR. TAUGER: This is Paul Tauger, Your Honor. The

answer is yes, with a but dot, dot, dot.

The actions taken by DreamStar on behalf of Tenza from

the date of Tenza's existence forward we will stipulate were

attributable to Tenza, and we will further stipulate that

knowledge that DreamStar had -- my point, is it can be

1imputed to Tenza. That's fine. I think we've been clear

with Calista about this from the beginning.

What was explained to me at the conference call that we

had on Monday was that they have some theory that this is

all an alterego of Steve Matthyssen and/or Mike Cardone.

And I don't know what their basis for that was. But none of

that seems relevant.

And where I don't want them going in this -- they don't
```

3

need to know anything about the ownership organization,

profit distribution, employees -- you name it -- of

DreamStar, except to the extent that it's relevant to

this litigation. That they're ostensible agents for Tenza,

we would stipulate.

THE COURT: Okay. Doesn't that take care of what

you're entailed to, Calista?

MR. GURVITS: This is Val Gurvits. I believe it

does.

Paragraph 6:  I have corrected the inserted statement to reflect the actual language stated by Tenza in the hearing as follows (pg. 51):

MR. TAUGER: Tenza is willing to disclose how much

it spends on advertising, marketing, and promotion. And

part of that information, as I mentioned earlier, would

include the total amounts that were provided in compensation

to our affiliates who refer business.

Please let us know if you will agree to this version of the proposed order so that we may submit it to the Court for entry.

Best regards,

**DEVON ZASTROW NEWMAN | Attorney**
**SCHWABE, WILLIAMSON & WYATT**
**1211 SW 5th Ave., Ste. 1900 Portland, OR 97204**
**Direct: 503-796-2944 | Fax: 503-796-2900 | Cell: 503-449-6429 | Email: dnewman@schwabe.com**
**Assistant: Beth Morrow | Direct: 503-796-2880 | bmorrow@schwabe.com**
*Legal advisors for the future of your business®*
**www.schwabe.com**

4

**From:** mshayefar@gmail.com [mailto:mshayefar@gmail.com] **On Behalf Of** Matthew Shayefar
**Sent:** Tuesday, February 25, 2014 8:40 AM
**To:** Newman, Devon Z.; Paul N. Tauger; Anna M. Vradenburgh; Val Gurvits; Sean Ploen; Thomas Freedman
**Subject:** Proposed Order Regarding Discovery Dispute


Dear Counsel,


Please find attached our redline of the proposed order regarding the discovery dispute.


Best,


Matthew Shayefar


Boston Law Group, PC

825 Beacon Street, Suite 20 | Newton Centre, MA 02459
Direct: (617) 928-1806 | Tel: (617) 928-1800 | Fax: (617) 928-1802

matt@bostonlawgroup.com

---------------------------------------------------------------------------
The contents of this message and any attachments are confidential and intended only for the addressee(s).  This message may also be subject to attorney-client privilege.  If you received this message in error, please notify Boston Law Group, PC immediately and destroy the original message.  Boston Law Group, PC | Tel: (617) 928-1800 | E-mail: info@bostonlawgroup.com

_____

To comply with IRS regulations, we are required to inform you that this
message, if it contains advice relating to federal taxes, cannot be used
for the purpose of avoiding penalties that may be imposed under federal
tax law. Any tax advice that is expressed in this message is limited to
the tax issues addressed in this message. If advice is required that
satisfies applicable IRS regulations, for a tax opinion appropriate for
avoidance of federal tax law penalties, please contact a Schwabe attorney
to arrange a suitable engagement for that purpose.
_____

NOTICE: This communication (including any attachments) may contain

privileged or confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this communication and/or shred the materials and any attachments and are hereby notified that any disclosure, copying or distribution of this communication, or the taking of any action based on it, is strictly prohibited. Thank you.