IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALISTA ENTERPRISES LTD.**, <br><br>    Plaintiff, <br><br> v. <br><br> **TENZA TRADING LTD.**, <br><br>    Defendant. | Case No. 3:13-cv-01045-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

The Court has reviewed the proposed orders submitted by Plaintiff Calista Enterprises Ltd. ("Calista") and Defendant Tenza Trading Ltd. ("Tenza") regarding the discovery issues addressed in a telephonic hearing on January 31, 2014. *See* Dkts. 45-1 (Calista's proposed order), 53-1 (Tenza's proposed order). During the hearing, Tenza's counsel stated: "The actions taken by DreamStar on behalf of Tenza from the date of Tenza's existence forward we will stipulate were attributable to Tenza, and we will further stipulate that knowledge that DreamStar had—my point, is it can be imputed to Tenza." Dkt. 47-1 at 6-7.

The parties now dispute the legal effect of counsel's statement. Tenza argues that the stipulation only addresses knowledge within DreamStar *after* Tenza's corporate existence began. Calista argues that the stipulation covers any knowledge within DreamStar, even before Tenza's

PAGE 1 – ORDER

corporate existence. The "stipulation" is ambiguous on this point. Calista argues, however, that if the stipulation is not entered as Calista proposes, then Calista should be able further to depose Mr. Steve Matthyssen about his knowledge while affiliated with DreamStar even before Tenza's corporate existence began and Mr. Matthyssen became affiliated with Tenza. The Court agrees with Calista.

The Court **ORDERS** Tenza either: (1) to agree to adopt Calista's proposed order (Dkt. 45-1 at ¶ 5); or (2) to agree to produce Mr. Steve Matthyssen (or some other appropriate representative of DreamStar with relevant knowledge) to answer questions about knowledge of Calista's use of the disputed mark before Tenza was created. Tenza is to notify Calista and the Court of Tenza's decision within one week of this Order.

Regarding the remaining issues raised at the January 31, 2014 hearing and Tenza's Motion for Protective Order Regarding Calista's Notice of Federal Rule of Civil Procedure ("FRCP") Rule 30(b)(6) and Rule 45 Deposition of Tenza (Dkt. 40), the Court **ORDERS** as follows:

1.　With regard to Calista's RFP No. 2; FRCP 30(b)(6) Deposition Topic No. 2; and FRCP 30(b)(6) Document Reqs. 1, 2: Tenza and the deponents shall testify as to their knowledge regarding the activities of EMC Ideas, Inc. ("EMC") related to enforcement efforts regarding the registered trademark PORNTUBE, and Tenza shall produce any documents reflecting enforcement efforts taken by EMC. Absent stipulation, Calista may not take discovery on EMC's corporate or financial structure or its background.

2.　With regard to Calista's RFP Nos. 19, 32, 33; Interrogatory Nos. 6, 9; FRCP 30(b)(6) Topic Nos. 4, 6; and FRCP 30(b)(6) Document Reqs. 3, 8, regarding traffic analytics: Calista may submit an interrogatory to discover the number of affiliates within the

PAGE 2 – ORDER

affiliate program administered for www.porntube.com, and Calista's ranking amongst such affiliates based on traffic driven to that website by the affiliates. In response, Tenza must produce information reflecting the total number of visitors to www.porntube.com and regarding the demographics of the visitors. Tenza also must identify the aggregate amount of money paid to its affiliates and identify what information regarding its affiliates is tracked. Absent stipulation, Calista may not take discovery on the identity of or the amount of money paid to any Tenza affiliates, other than Calista.

3. With regard to Calista's Interrogatory No. 4; and RFP Nos. 7, 8: Tenza shall produce a copy of the "coexistence agreement" negotiated with WMM Holdings, LLC.

4. With regard to Calista's RFP No. 10: Tenza shall obtain Mr. Steve Matthyssen's consent to have Calista produce and shall produce any communications between Mr. Matthyssen and Calista.

5. With regard to Calista's Interrogatory No. 16; RFP Nos. 25, 26; and FRCP 30(b)(6) Topic No. 16: Tenza shall disclose how much it spends on advertising, marketing, and promotion. Counsel for Tenza shall confer with Tenza about whether it will disclose total revenues. If Tenza agrees to disclose information regarding its total revenues, it must do so within two weeks. If Tenza does not disclose such information by this time, Tenza will be precluded from introducing any information regarding its revenues in evidence in this matter.

6. With regard to Calista's RFP Nos. 30, 31; and FRCP 30(b)(6) Topic Nos. 14, 17, and 18: Calista may submit a new interrogatory or document request, or both, seeking information regarding who within Tenza may have had knowledge regarding Calista's relevant

actions or who may have had related discussions. The answer to any such interrogatory will be due within 14 days after service.

7. With regard to Calista's RFP Nos. 17 and 35: Tenza shall produce all documents reflecting communications with third parties about Calista.

8. With regard to Calista's Document Request No. 9: Tenza will produce documents sufficient to establish how much compensation Tenza paid to Calista.

9. With regard to the subpoena issued to GoDaddy.com by Calista: The parties indicated on the record that the Court's rulings with regard to the other issues raised during the hearing resolved the dispute with regard to the subpoena.

**IT IS SO ORDERED.**

DATED this 14th day of March, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge