IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CALISTA ENTERPRISES LTD., | Case No. 3:13-cv-01045-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **TENZA TRADING LTD.,** | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On February 27, 2014, Defendant Tenza Trading Ltd. ("Tenza") filed a Motion to Compel Discovery (Dkt. 48) related to three requests for production ("RFP") it submitted to Plaintiff Calista Enterprises Ltd. ("Calista"). After Calista filed its response (Dkt. 61), Tenza filed a Motion for Leave to File Reply (Dkt. 64). The Court denies Tenza's Motion for Leave to File Reply (Dkt. 64). For the reasons that follow, the Court grants in part and denies in part Tenza's Motion to Compel (Dkt. 48).

**A.  Tenza's RFP No. 3**

Tenza moves the Court to order Calista to produce a non-redacted version of the "Resolution of Subscriber" document that Calista produced in response to Tenza's RFP No. 3. Tenza's RFP No. 3 requested:

PAGE 1 – ORDER

> DOCUMENTS sufficient to establish the identity, including name, address, country of citizenship and position and responsibilities, of all of YOUR employees, representatives, agents, owners, or other PERSONS and entities who have any responsibility for, or perform any functions or services in connection with, any website that is owned, controlled, or managed by YOU and include the words, "porn" and "tube," in any combination, in the domain name.

Def.'s Mem., Dkt. 49 at 4. Tenza argues that it is entitled to discover the ownership of Calista so that if Tenza prevails in this lawsuit it may pursue a judgment. In the alternative, Tenza requests that the Court conduct an *in camera* review of the document to ensure that Calista did not exclude relevant information. Calista responds that pre-judgment discovery of a party's ability to satisfy a judgment is not within the proper scope of discovery under the Federal Rules of Civil Procedure and that Rule 69 provides the proper mechanism for such discovery.

The Court denies Tenza's motion but requires that Calista treats Tenza's RFP No. 3 as an interrogatory and responds to that interrogatory under oath. If Calista fails to respond within 14 days of the date of this Order, the Court then orders Calista to produce a non-redacted copy of the "Resolution of Subscriber" document.[1] The Court finds that Tenza is entitled to the information it requested in its RFP No. 3 because it is relevant to understanding the allegedly infringing use of Tenza's trademark. Tenza is not entitled at this stage of the litigation, however, to information that is only relevant to the enforcement of a judgment. *See Sierrapine v. Refiner Prods. Mfg., Inc.*, 275 F.R.D. 604, 609 (E.D. Cal. 2011) (collecting cases); *see also* Fed. R. Civ. P. 69(a)(2) (permitting post-judgment discovery). The Court notes, however, that it is generally poor practice for parties unilaterally to redact select portions of documents produced in discovery

---

[1] Also pending before the Court is Tenza's motion for leave to amend its counterclaim (Dkt. 58). The Court will rule on that motion when it is fully briefed and ripe. If, however, Tenza's motion is granted and the non-redacted copy of the "Resolution of Subscriber" document contains relevant information to the amended counterclaim, Tenza has leave to ask the Court to order production of the non-redacted version if the parties cannot otherwise resolve the dispute.

PAGE 2 – ORDER

simply because that party deems the redacted information irrelevant. *See In re Medeva Sec.*

*Litig.*, No. 93-4376-KN AJWX, 1995 WL 943468, at *3 (C.D. Cal. May 30, 1995). The Court's

order permits discovery concerning information relevant to Tenza's counterclaim, but not

information solely related to enforcement of an anticipated judgment.

**B.  Tenza's RFP No. 9**

Tenza moves the Court to compel Calista to provide a complete response to Tenza's RFP

No. 9, which requests:

> All records, including but not limited to ISP logs, that reflect,
> REFERENCE, REFER or RELATE to internet traffic coming to,
> or re-directed from, any website or domain owned, controlled or
> managed by YOU that contain the terms, "porn" and "tube," in any
> combination, in the domain name.

Def.'s Mem., Dkt. 49 at 7. Tenza argues that Calista provided information related to 13 accused

domains that Calista deemed relevant to this dispute and that Calista owns additional domain

names that include the words "porn" and "tube" used in various combinations. Tenza argues that

any use of "porn" and "tube" in Calista's domain names could constitute trademark

infringement, and as a result, Tenza should be entitled to related discovery. Calista disagrees that

the domain names identified by Tenza may form the basis for trademark infringement.

The Court grants Tenza's motion and orders Calista to produce the records requested in

Tenza's RFP No. 9 related to the additional 21 domain names that use the words "porn" and

"tube" in any combination and any additional domain names that fall within Tenza's RFP No. 9.

These domain names may form a basis for liability under Tenza's counterclaim alleging

trademark infringement.

**C.  Tenza's RFP No. 13**

Tenza moves the Court to compel Calista to produce documents responsive to Tenza's

RFP No. 13, which requests:

> All records, including but not limited to ISP logs, that reflect,
> REFERENCE, REFER or RELATE to internet traffic coming to,
> or re-directed from, any website or domain owned, controlled or
> managed by YOU that contain the terms, "porn" and "tube," in any
> combination, in the domain name.

Def.'s Mem., Dkt. 49 at 7. Tenza argues that Calista has not produced documents that relate to the 21 undisclosed domain names, or any other relevant domain names, that Calista did not provide in response to Tenza's RFP No. 9 and discussed above. Calista appears to argue that to the extent this information is relevant to damages, discovery should occur at a later date.

The Court grants Tenza's motion and orders Calista to produce the records requested in Tenza's RFP No. 13 that Calista has not yet disclosed. The proceeding before this Court has not been bifurcated into separate stages for liability and damages, and thus Tenza is entitled to discovery related to its damages claim under Federal Rule of Civil Procedure 26(b).

## CONCLUSION

Defendant Tenza Trading Ltd.'s Motion to Compel (Dkt. 48) is **GRANTED** to the extent described in this Order. Defendant Tenza's Motion for Leave to File Reply (Dkt. 64) is **DENIED**.

**IT IS SO ORDERED.**

DATED this 24th day of March, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge