**Thomas Freedman Jr.** (OSB No. 080697) thomas@prllaw.com
**Pearl Law LLC**
552 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
Tel:    (503) 295-6296 | Fax: (503) 295-6344

**Valentin Gurvits** (*pro hac vice*) vgurvits@bostonlawgroup.com
**Matthew Shayefar** (*pro hac vice*) matt@bostonlawgroup.com
**Boston Law Group, PC**
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:    (617) 928-1800 | Fax: (617) 928-1802

**Sean Ploen** (*pro hac vice*) sploen@ploen.com
**Ploen Law Firm, PC**
100 South Fifth Street, Suite 1900
Minneapolis, Minnesota  55402
Tel:    (651) 894-6800 | Fax: (651) 894-6801

**Evan Fray-Witzer** (*pro hac vice*) evan@CFWLegal.com
**Ciampa Fray-Witzer, LLP**
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel:    (617) 426-0000 | Fax: (617) 507-8043

Attorneys for Plaintiff and Counter-defendant Calista Enterprises Ltd.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **CALISTA ENTERPRISES LTD.,** a Republic of Seychelles company,<br><br>     Plaintiff,<br><br>- v. -<br><br>**TENZA TRADING LTD.,** a Cyprus company,<br><br>     Defendant. | Case No. 3:13-cv-01045-SI<br><br>**COUNTERCLAIM DEFENDANT CALISTA ENTERPRISES LTD.'S ANSWER TO FIRST AMENDED COUNTERCLAIMS OF TENZA TRADING LTD.**<br><br>JURY TRIAL DEMANDED |

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **1**
Calista's Answer to First
Amended Counterclaims

**TENZA TRADING LTD.,**
a Cyprus company,

    Counterclaim Plaintiff,

- v. -

**CALISTA ENTERPRISES LTD.**,
a Republic of Seychelles company, and
**ALEXANDER ZHUKOV**,
a Czechoslovakian citizen,

    Counterclaim Defendants.

      Counterclaim Defendants Calista Enterprises Ltd. ("Calista"), for its Answer to the First Amended Counterclaims of Tenza Trading Ltd. ("Tenza") hereby admits, denies and alleges as follows:

      1.     Calista admits that Tenza attempts to assert counterclaims under the statutes cited in paragraph 1 of the First Amended Counterclaim and that Calista filed this action, but denies the substance of all remaining alleged claims and that Tenza is entitled to any relief.

      2.     Calista admits Tenza attempts to assert counterclaims under the statutes cited in paragraph 1 of the First Amended Counterclaim, that the domain names listed in paragraph 11 of the First Amended Counterclaim are registered through Moniker Online Services, LLC ("Moniker") and that Calista filed this action, but denies the substance of all remaining alleged claims and that Tenza is entitled to any relief.

<strong>The Parties</strong>

      3.     Calista is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

Val Gurvits | Matthew Shayefar | Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **2**
Calista's Answer to First
Amended Counterclaims

4.    Calista admits that Calista is a Seychelles company.  Calista denies the remaining allegations of this paragraph.

5.    Calista denies the allegations of this paragraph.

6.    Calista is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

7.    Calista is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

**Allegations Common to Defendant and Counterclaimant's Affirmative Defenses and Counterclaim**

8.    Calista admits that the website at www.porntube.com (the "Porntube.com Website") features adult entertainment photographs, videos, related film clips and other multimedia material.  Calista is without sufficient information or knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.

9.    Calista is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

10.    Calista admits that Tenza received a federal trademark registration for PORNTUBE, that the application was filed on October 29, 2008, that the application claimed a date of first use of May 2005, and that the United States Patent and Trademark Office issued Registration Number 3,936,197 for the PORNTUBE mark on March 29, 2011.  Calista is without sufficient information or knowledge to admit or deny the remaining allegations of this paragraph and therefore denies the same.  In answering further, Calista denies that the PORNTUBE mark (the "Putative Mark") and any registration for same is valid and that it is entitled to trademark or

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **3**
Calista's Answer to First
Amended Counterclaims

other protection.  In answering further, Calista states that the Putative Mark is a generic

designation for or is merely descriptive of adult entertainment services rendered via a website.

11.    Calista admits that the Porntube.com website utilizes an affiliate program to drive

visitors to the Porntube.com website.  Calista is without sufficient information or knowledge to

admit or deny the remaining allegations of this paragraph and therefore denies the same.

Counterclaim-defendants

12.    Calista admits that Alexander Zhukov is the sole owner and employee of Calista.

Calista also admits that Mr. Zhukov has paid some of Calista's costs using his personal credit

cards.  This paragraph also contains conclusions of law for which no response is required, but to

the extent a response is required to such conclusions, Calista denies the same. Calista denies the

remaining allegations of this paragraph.  Without limiting the foregoing, Calista explicitly denies

that Calista is the alter-ego of Alexander Zhukov and objects to Tenza's use of "Calista" as

referring collectively to Calista and Alexander Zhukov acting as a single entity.  As used herein,

"Calista" refers solely to Calista Enterprises Ltd. and not to Alexander Zhukov.

13.    Calista admits that it owns and operates the websites listed in paragraph 11 of the

Counterclaim ("Calista's Websites").  Calista denies the remaining allegations of this paragraph.

In answering further, Calista denies that the Putative Mark and any registration for same is valid

and that it is entitled to trademark or other protection.  In answering further, Calista states that

the Putative Mark is a generic designation for or is merely descriptive of adult entertainment

services offered via a website.

14.    Calista admits that it also owns and operates the website at the domain name

goldporntube.xxx.  Calista denies the remaining allegations of this paragraph.  In answering

further, Calista denies the remaining allegations of this paragraph.  In answering further, Calista

Val Gurvits | Matthew Shayefar | Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **4**
Calista's Answer to First
Amended Counterclaims

denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website. In answering further, Calista denies that any permission, authorization or consent to use the Putative Mark is necessary or could be validly given, given the Putative Mark's status as a generic designation or a merely descriptive term not susceptible to proprietary rights.

15.     Calista is without sufficient information or knowledge to admit or deny the allegations concerning what Tenza has been informed and what Tenza believes, and therefore denies the same.

Counterclaim-defendants' Unlawful Conduct

16.     Calista admits that Calista's Websites contain hyperlinks that direct visitors to other websites, including, at one time, the Porntube.com website. Calista also admits that it participated in the affiliate program for the Porntube.com website and that it received payment from Tenza for directing traffic to the Porntube.com website. Calista denies the remaining allegations of this paragraph.

17.     Calista admits that Calista's Websites identify and link to each other and that Calista's Websites also directed visitors to the Porntube.com website. Calista denies the remaining allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

18.     Calista admits that Calista's Websites identified and linked to each other using the generic and/or merely descriptive term "Porn Tube." Calista denies the remaining allegations of

Val Gurvits | Matthew Shayefar | Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **5**
Calista's Answer to First
Amended Counterclaims

this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.  In answering further, Calista denies that any permission, authorization or consent to use the Putative Mark is necessary or could be validly given, given the Putative Mark's status as a generic designation or a merely descriptive term not susceptible to proprietary rights.

19.    Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

20.    Calista admits that Tenza filed a complaint pursuant to the Uniform Domain-Name Dispute-Resolution Policy (the "UDRP") against Calista regarding Calista's Websites. Calista admits that a one-vote majority of the UDRP administrative panel found in favor of Tenza and ordered Moniker to transfer registration of the domains to Tenza.  Calista denies the remaining allegations of this paragraph.

21.    Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.  In answering further, Calista denies that any permission, authorization or consent to use

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**                                     Page **6**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                              Calista's Answer to First
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com        Amended Counterclaims

the Putative Mark is necessary or could be validly given, given the Putative Mark's status as a

generic designation or a merely descriptive term not susceptible to proprietary rights.

**First Cause of Action**

Infringement of Registered Trademark

15 U.S.C. § 1114

22.     Calista restates and incorporates the answers to the above paragraphs as if set

forth fully herein.

23.     This paragraph contains conclusions of law for which no response is required.  To

the extent a response is required, Calista denies the allegations of this paragraph.  In answering

further, Calista denies that the Putative Mark and any registration for same is valid and that it is

entitled to trademark or other protection.  In answering further, Calista states that the Putative

Mark is a generic designation for or is merely descriptive of adult entertainment services offered

via a website.

24.     Calista denies the allegations of this paragraph.  In answering further, Calista

denies that the Putative Mark and any registration for same is valid and that it is entitled to

trademark or other protection.  In answering further, Calista states that the Putative Mark is a

generic designation for or is merely descriptive of adult entertainment services offered via a

website.

25.     Calista denies the allegations of this paragraph.  In answering further, Calista

denies that the Putative Mark and any registration for same is valid and that it is entitled to

trademark or other protection.  In answering further, Calista states that the Putative Mark is a

generic designation for or is merely descriptive of adult entertainment services offered via a

website.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **7**
Calista's Answer to First
Amended Counterclaims

26.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

27.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

28.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.

29.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

30.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is

Val Gurvits | Matthew Shayefar | Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **8**
Calista's Answer to First
Amended Counterclaims

entitled to trademark or other protection. In answering further, Calista states that the Putative

Mark is a generic designation for or is merely descriptive of adult entertainment services offered

via a website.

## Second Cause of Action

### Federal Unfair Competition

### 15 U.S.C. § 1125(a)

31.    Calista restates and incorporates the answers to the above paragraphs as if set

forth fully herein.

32.    This paragraph contains conclusions of law for which no response is required. To

the extent a response is required, Calista denies the allegations of this paragraph. In answering

further, Calista denies that the Putative Mark and any registration for same is valid and that it is

entitled to trademark or other protection. In answering further, Calista states that the Putative

Mark is a generic designation for or is merely descriptive of adult entertainment services offered

via a website.

33.    Calista denies the allegations of this paragraph.

34.    This paragraph contains conclusions of law for which no response is required. To

the extent a response is required, Calista denies the allegations of this paragraph.

35.    This paragraph contains conclusions of law for which no response is required. To

the extent a response is required, Calista denies the allegations of this paragraph. In answering

further, Calista denies that the Putative Mark and any registration for same is valid and that it is

entitled to trademark or other protection. In answering further, Calista states that the Putative

Mark is a generic designation for or is merely descriptive of adult entertainment services offered

via a website.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**                                    Page **9**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                      Calista's Answer to First
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com          Amended Counterclaims

**Third Cause of Action**

Common Law Trademark Infringement

36.     Calista restates and incorporates the answers to the above paragraphs as if set forth fully herein.

37.     This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Calista denies the allegations of this paragraph.

38.     Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website. In answering further, Calista denies that any permission, authorization or consent to use the Putative Mark is necessary or could be validly given, given the Putative Mark's status as a generic designation or a merely descriptive term not susceptible to proprietary rights.

39.     Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

40.     Calista denies the allegations of this paragraph. In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection. In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **10**
Calista's Answer to First
Amended Counterclaims

41.     Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

42.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.

43.     Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

44.     Calista denies the allegations of this paragraph.

**Fourth Cause of Action**

Counterfeiting

15 U.S.C. § 1116

45.     Calista restates and incorporates the answers to the above paragraphs as if set forth fully herein.

46.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**                                    Page **11**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                          Calista's Answer to First
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com       Amended Counterclaims

Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

47.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

48.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.

49.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

**Fifth Cause of Action**

Cybersquatting

15 U.S.C. § 1125(d)

50.     Calista restates and incorporates the answers to the above paragraphs as if set forth fully herein.

51.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.  In answering

Val Gurvits | Matthew Shayefar | Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **12**
Calista's Answer to First
Amended Counterclaims

further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

52.    Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

53.    Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

54.    Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

55.    This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.

56.    Calista denies the allegations of this paragraph.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **13**
Calista's Answer to First
Amended Counterclaims

57.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.

### Sixth Cause of Action

### Constructive Trust

58.     Calista restates and incorporates the answers to the above paragraphs as if set forth fully herein.

59.     Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.  In answering further, Calista denies that any permission, authorization or consent to use the Putative Mark is necessary or could be validly given, given the Putative Mark's status as a generic designation or a merely descriptive term not susceptible to proprietary rights.

60.     Calista denies the allegations of this paragraph.

61.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

62.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is

Val Gurvits | Matthew Shayefar | Boston Law Group, PC                                        Page **14**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                          Calista's Answer to First
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com          Amended Counterclaims

entitled to trademark or other protection.  In answering further, Calista states that the Putative

Mark is a generic designation for or is merely descriptive of adult entertainment services offered

via a website.

   63.  This paragraph contains conclusions of law for which no response is required.  To

the extent a response is required, Calista denies the allegations of this paragraph.

   64.  Calista denies the allegations of this paragraph.

   65.  Calista denies the allegations of this paragraph.

**Seventh Cause of Action**

Accounting

   66.  Calista restates and incorporates the answers to the above paragraphs as if set

forth fully herein.

   67.  This paragraph contains conclusions of law for which no response is required.  To

the extent a response is required, Calista denies the allegations of this paragraph.  In answering

further, Calista denies that the Putative Mark and any registration for same is valid and that it is

entitled to trademark or other protection.  In answering further, Calista states that the Putative

Mark is a generic designation for or is merely descriptive of adult entertainment services offered

via a website.

   68.  This paragraph contains conclusions of law for which no response is required.  To

the extent a response is required, Calista denies the allegations of this paragraph.

   69.  Calista denies the allegations of this paragraph.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**         Page **15**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459     Calista's Answer to First
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com   Amended Counterclaims

**Eighth Cause of Action**

Conversion

70.     Calista restates and incorporates the answers to the above paragraphs as if set forth fully herein.

71.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.  In answering further, Calista denies that the Putative Mark and any registration for same is valid and that it is entitled to trademark or other protection.  In answering further, Calista states that the Putative Mark is a generic designation for or is merely descriptive of adult entertainment services offered via a website.

72.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.

73.     This paragraph contains conclusions of law for which no response is required.  To the extent a response is required, Calista denies the allegations of this paragraph.

74.     Calista denies the allegations of this paragraph.

75.     Calista denies the allegations of this paragraph.

**General Denial**

Each and every allegation of the First Amended Counterclaim not specifically admitted is hereby denied.

**Affirmative Defenses**

1.     This Court lacks personal jurisdiction over Calista.

2.     This Court lacks subject matter jurisdiction over Tenza's claims.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **16**
Calista's Answer to First
Amended Counterclaims

3.      The First Amended Counterclaim fails to state a claim upon which relief can be granted.

4.      The Putative Mark is not a trademark, but is instead a generic designation or a merely descriptive term and thus is not entitled to trademark protection; as such, the First Amended Counterclaim must fail in whole or in part.

5.      Tenza is barred from equitable recovery inasmuch as it has unclean hands.

6.      The Causes of Action in the First Amended Counterclaim are barred by their respective statutes of limitations.

7.      Tenza lacks standing on all or some of its claims.

8.      Calista's actions and omissions were licensed, authorized or otherwise lawful and, as such, the First Amended Counterclaim must fail in whole or in part.

9.      Calista's actions and omissions constitute fair use, nominative fair use and/or descriptive use and, as such, the First Amended Counterclaim must fail in whole or in part.

10.     The First Amended Counterclaim is barred, in whole or in part, by the doctrine of laches.

11.     The First Amended Counterclaim is barred, in whole or in part, by lack of scienter.

12.     The First Amended Counterclaim is barred, in whole or in part, because any damages to Tenza are a result of Tenza's own conduct.

13.     The First Amended Counterclaim is barred, in whole or in part, because any damages to Tenza were not the proximate result of Calista's actions or omissions.

14.     The First Amended Counterclaim is barred, in whole or in part, because Tenza has suffered no compensable injury.

Val Gurvits | Matthew Shayefar | Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **17**
Calista's Answer to First
Amended Counterclaims

15.     Tenza is not entitled to injunctive relief because it has not established irreparable harm.

16.     Tenza is not entitled to an award of attorneys' fees in absence of a statute or law authorizing such fees.

17.     Tenza cannot recover damages from Calista to the extent that damages alleged by Tenza are speculative or uncertain.

18.     Tenza cannot recover damages from Calista to the extent that Tenza failed to mitigate its alleged damages.

19.     To the extent that Tenza has any legitimate claims, which Calista denies, such claims would only serve as a set off against the claims of Calista.

20.     The First Amended Counterclaim is barred, in whole or in part, by the doctrine of unjust enrichment.

21.     The First Amended Counterclaim is barred, in whole or in part, because the accused actions do not create any likelihood of confusion.

22.     Calista has not infringed any applicable trademarks under state or federal law.

23.     The First Amended Counterclaim is barred, in whole or in part, because the alleged infringement, if any, was innocent.

24.     The First Amended Counterclaim is barred, in whole or in part, by the First Amendment to the Constitution of the United States and applicable state law free speech provisions, including Article I, Section 8 of the Oregon Constitution.

25.     The First Amended Counterclaim is barred, in whole or in part, by fraud on the United States Patent and Trademark Office.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **18**
Calista's Answer to First
Amended Counterclaims

26.    The First Amended Counterclaim is barred, in whole or in part, by reason of other parties' use of any alleged marks at issue.

27.    Without admitting that the First Amended Counterclaim states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Calista or for any alleged single wrong.

28.    The First Amended Counterclaim is barred, in whole or in part, by waiver, negligence, failure to mitigate damages, lack of privity of contract, absence of contract, estoppels, set-off, recoupment, release and such other and further affirmative defenses as set forth in Rule 8(c) of the Federal Rules of Civil Procedure as may be deemed applicable to this case by further discovery and disclosure.

29.    Calista alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the First Amended Counterclaim under the laws of the United States and Oregon because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and Oregon Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 8 of the Oregon Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the First Amended Counterclaim would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Oregon Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under the United States and Oregon Constitutions; (iv) any such award is precluded or limited pursuant to the United States Constitution and the Oregon Constitution; and (v) punitive damages would violate the United States and Oregon Constitutions and common law because such an award is

Val Gurvits | Matthew Shayefar | Boston Law Group, PC                                    Page **19**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                         Calista's Answer to First
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com        Amended Counterclaims

based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

Calista has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings.  Calista further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

CALISTA DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE

**WHEREFORE**, Calista respectfully prays that this Court dismiss Tenza's First Amended Counterclaim, in whole or in part, based on the grounds set forth herein.

Dated:  May 21, 2014

Respectfully Submitted,
Plaintiff/Counter-defendant
Calista Enterprises Ltd.
By its Attorneys,

/s/ Matthew Shayefar
Matthew Shayefar (*pro hac vice*)
Valentin Gurvits (*pro hac vice*)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:     (617) 928-1800
Fax:     (617) 928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

/s/ Evan Fray-Witzer

Val Gurvits | Matthew Shayefar | Boston Law Group, PC          Page **20**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459          Calista's Answer to First
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com          Amended Counterclaims

Evan Fray Witzer (*pro hac vice*)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel:     (617) 426-0000
Fax:     (617) 507-8043
evan@CFWLegal.com

/s/ Thomas Freedman Jr.
Thomas Freedman Jr. (OSB No. 080697)
Pearl Law LLC
552 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
Tel:     (503) 295-6296
Fax:     (503) 295-6344
thomas@prllaw.com

/s/ Sean Ploen
Sean Ploen (*pro hac vice*)
Ploen Law Firm, PC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
Tel:     (651) 894-6800
Fax:     (651) 894-6801
sploen@ploen.com

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**          Page **21**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459          Calista's Answer to First
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com          Amended Counterclaims