**ADO Finance, AG v. McDonnell Douglas Corp., 931 F.Supp. 711 (1996)**

931 F.Supp. 711
United States District Court,
C.D. California.

ADO FINANCE, AG, a Swiss corporation, Plaintiff,
v.
McDONNELL DOUGLAS CORPORATION, a Maryland corporation, Defendant.
McDONNELL DOUGLAS CORPORATION, a Maryland corporation, Counterclaimant,
v.
ADO FINANCE AG, a Swiss corporation; Alfred Steinbrugger; Anstalt Fur Investition, a Liechtenstein entity; and Premanda Anstalt, a Liechtenstein entity, Counterclaim Defendants.

No. CV–93–2795–KMW (CTx).   |   May 9, 1996.

In action arising out of sale of aircraft, alleged alter egos of buyer moved to dismiss counterclaim against them for lack of personal jurisdiction. The District Court, Wardlaw, J., held that seller made prima facie showing of alter ego liability, whether Swiss, Liechtenstein, or California law governing piercing the corporate veil or imposition of alter ego liability applied.

Motion denied.

West Headnotes (16)

[2]     **Federal Courts** ⚖ Weight and sufficiency

When defendant's motion to dismiss for lack of personal jurisdiction is made in its initial response, plaintiff need only make prima facie showing that personal jurisdiction exists. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A.

1 Cases that cite this headnote

[3]     **Federal Courts** ⚖ Weight and sufficiency

For purposes of personal jurisdiction, actions of one defendant cannot be attributed to another; instead, plaintiff must satisfy its prima facie showing with regard to each defendant.

1 Cases that cite this headnote

[4]     **Federal Courts** ⚖ Evidence; Affidavits

On motion to dismiss for lack of personal jurisdiction, court may consider declarations and discovery materials.

Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A.

Cases that cite this headnote

[5]	**Federal Civil Procedure**—Matters deemed admitted; acceptance as true of allegations in complaint

Uncontroverted allegations in complaint are deemed true on motion to dismiss for lack of personal jurisdiction.

Cases that cite this headnote

[6]	**Federal Courts**—Weight and sufficiency
**Federal Courts**—Hearing

If pleadings or other declarations raise issue of credibility or disputed questions of fact regarding personal jurisdiction, court may, at its discretion, order preliminary hearing to resolve contested issues; in this situation, plaintiff must establish jurisdictional facts by preponderance of the evidence.

Cases that cite this headnote

[7]	**Federal Courts**—Weight and sufficiency
**Federal Courts**—Hearing

Where jurisdictional facts are intertwined with merits of action, it is preferable that determination of jurisdiction be made at trial, and there plaintiff bears burden of demonstrating jurisdictional facts by preponderance of the evidence.

Cases that cite this headnote

[8]	**Federal Courts**—Personal jurisdiction

Federal court may not exercise in personam jurisdiction beyond that which could be exercised by state courts of district in which court resides.

Cases that cite this headnote

[9]	**Constitutional Law**—Non-residents in general

Constitutional due process concerns are satisfied when nonresident defendant has certain minimum contacts with forum such that maintenance of suit does not offend traditional notions of fair play and substantial justice; the minimum contacts must be purposeful acts. U.S.C.A. Const.Amend. 5.

Cases that cite this headnote

[10]  **Federal Courts** Unrelated contacts and activities; general jurisdiction

General jurisdiction is found if foreign defendant's activities in forum are substantial, continuous and systematic; in that case, foreign defendant is subject to suit on any matter. U.S.C.A. Const.Amend. 5.

Cases that cite this headnote

[11]  **Federal Courts** Related contacts and activities; specific jurisdiction

Court may assert specific jurisdiction if nonresident defendant's contacts with forum state give rise to cause of action; question is whether cause of action arises out of or has substantial connection to the contacts. U.S.C.A. Const.Amend. 5.

Cases that cite this headnote

[12]  **Federal Courts** Purpose, intent, and foreseeability; purposeful availment
**Federal Courts** Related contacts and activities; specific jurisdiction

Defendant's contacts with forum supports exercise of specific jurisdiction if defendant performed some act by which he availed himself of benefits and protections of forum state's laws; plaintiff's claim arises out of or results from defendant's forum related activities; and exercise of jurisdiction would be reasonable. U.S.C.A. Const.Amend. 5.

Cases that cite this headnote

[13]  **Federal Courts** Related or affiliated entities; parent and subsidiary

Under federal law governing exercise of in personam jurisdiction, if corporation is alter ego of individual defendant, or one corporation the alter ego of another, court may pierce corporate veil jurisdictionally and attribute "contacts" accordingly.

9 Cases that cite this headnote

[14]   **Corporations and Business Organizations**—Jurisdiction over shareholders, directors, or officers of foreign corporations
**Corporations and Business Organizations**—Separate corporations
**Federal Courts**—Related or affiliated entities; parent and subsidiary

Under Swiss, Liechtenstein or California law, aircraft seller made prima facie showing that individual residing in Liechtenstein and Liechtenstein companies were alter egos of defendant Swiss corporation, which was subject to personal jurisdiction, and therefore were also subject to personal jurisdiction; there was substantial evidence of unity of interest and that owners of Swiss corporation continued to dominate it and had stripped it of its assets.

1 Cases that cite this headnote

[15]   **Corporations and Business Organizations**—Justice and equity in general
**Corporations and Business Organizations**—Alter ego in general

Under California law, to apply alter ego doctrine, court must determine that there is such unity of interest and ownership that separate personalities of corporation and individuals no longer exist and that failure to disregard corporation would result in fraud or injustice.

6 Cases that cite this headnote

[16]   **Corporations and Business Organizations**—Debts and obligations of corporation in general

When deciding whether to hold shareholders personally liable for corporate debts, California courts look for additional circumstances such as inadequate capitalization, failure to observe corporate formalities, and asset stripping.

Cases that cite this headnote

[17]   **Courts**—Jurisdiction, dismissal, nonsuit, and summary judgment, rulings relating to
**Federal Courts**—Necessity of Objection; Power and Duty of Court

If court denies motion to dismiss for lack of personal jurisdiction because prima facie case has not been shown, movant can nevertheless put opposing party to its proof by continuing to contest personal jurisdiction, either at pretrial evidentiary hearing or at trial itself. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A.

4 Cases that cite this headnote

**Attorneys and Law Firms**

***713** James Wawro, Anthony Russo, James R. Stewart, and Magara Lee Crosby, Morgan, Lewis & Bockius L.L.P., Los Angeles, CA, for Ado Finance, AG.

Robert F. Scoular, Sue L. Himmelrich, Susan M. Walker, Sonnenschein Nath & Rosenthal, Los Angeles, CA, James J. Quinn, Margaret M. Morrow, and J. David Oswalt, Quinn, Kully and Morrow, Los Angeles, CA, for McDonnell Douglas Corporation.

**Opinion**

### ORDER DENYING MOTION BY STEINBRUGGER AND THE ANSTALTS TO DISMISS FIRST AMENDED COUNTERCLAIM FOR LACK OF PERSONAL JURISDICTION

WARDLAW, District Judge.

The Court has considered the Motion To Dismiss First Amended Counterclaim For Lack Of Personal Jurisdiction filed by counterclaim defendants Alfred Steinbrugger ("Steinbrugger"), Anstalt Fur Investition ("AFI") and Premanda Anstalt ("Premanda") (AFI and Premanda are collectively referred to as "the Anstalts") against defendant and counterclaimant McDonnell Douglas Corporation ("MDC"). The Court has read and reviewed all the material filed by the parties in connection with this Motion, and has considered the arguments of counsel at the May 6, 1996 hearing on the Motion. Based upon all the briefs, exhibits, declarations, and other evidence submitted by the parties, the oral argument of counsel, as well as all files and records in this case, the Court is prepared to rule on the Motion and hereby **DENIES** the Motion in its entirety.

### I. BACKGROUND

ADO Finance AG ("ADO") filed this action on May 13, 1993, alleging breach of contract, deceit, negligent misrepresentation, fraud, conversion, mistake, failure of consideration and unjust enrichment regarding its agreements with MDC for the purchase of MD–11 aircraft. ADO alleges that the MD–11s could not meet the performance guarantees specified in the MD–11 contract and thus that ADO is entitled to restitution of its payments and certain damages.

On July 27, 1993, MDC counterclaimed that ADO breached the MD–11 contract by failing to make progress payments as they became due. On the same date, MDC filed a second action against ADO regarding the sale of ten MD–83 aircraft. The Court consolidated the two actions on August 1, 1994.

The two purchase agreements at issue in this litigation contain provisions stating that they "shall be construed and performance thereof shall be determined according to the laws of the State of California, United States of America." Marder Decl. ¶ 2, Exhs. A, B.

On January 8, 1996, MDC filed an amended counterclaim to add Steinbrugger and the Anstalts as counterclaim defendants to its breach of contract claims. Steinbrugger is a citizen of Austria and a resident of Liechtenstein. The Anstalts are entities organized under the laws of Liechtenstein. MDC alleges that ADO is the alter ego of Steinbrugger and the Anstalts, and that there exists a unity of interest in ownership between them such that any individuality and separateness must be disregarded. First Amended Counterclaim ¶ 10.

**\*714** On March 11, 1996, Steinbrugger and the Anstalts filed a motion to dismiss the first amended counterclaim for lack of personal jurisdiction. Steinbrugger and the Anstalts contend that this Court cannot properly exercise personal jurisdiction over them without violating the Due Process Clause of the U.S. Constitution and the California long arm statute as well as international law and the laws of Switzerland and Liechtenstein. Memorandum at 1. This motion is now before the Court.

## II. DISCUSSION

**A. Legal Standard.**
[1] [2] [3] A motion to dismiss for lack of personal jurisdiction may be brought pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Although defendant is the moving party, plaintiff bears the burden of proof on the necessary jurisdictional facts. *Flynt Distrib. Co. v. Harvey,* 734 F.2d 1389, 1392 (9th Cir.1984). When defendant's motion to dismiss is made as its initial response, plaintiff need only make a *prima facie* showing that personal jurisdiction exists. *Data Disc, Inc. v. Systems Technology Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977). For the purposes of personal jurisdiction, the actions of one defendant cannot be attributed to another; instead, plaintiff must satisfy its *prima facie* showing with regard to each defendant. *Rush v. Savchuk,* 444 U.S. 320, 332, 100 S.Ct. 571, 579, 62 L.Ed.2d 516 (1980).

[4] [5] [6] [7] Upon a motion to dismiss for lack of personal jurisdiction, a court may consider declarations and discovery materials. *Data Disc,* 557 F.2d at 1289 n. 5. Uncontroverted allegations in the complaint are deemed true. *WNS, Inc. v. Farrow,* 884 F.2d 200, 204 (5th Cir.1989). If the pleadings or other declarations raise issues of credibility or disputed questions of fact, the court may, in its discretion, order a preliminary hearing to resolve the contested issues. In this situation, the plaintiff must establish the jurisdictional facts by a preponderance of the evidence. *Data Disc,* 557 F.2d at 1285. Likewise, where the jurisdictional facts are "intertwined with the merits of the action" it is preferable that determination of jurisdiction be made at trial, and, there again, plaintiff bears the burden of demonstrating the jurisdictional facts by a preponderance of the evidence. *Id.,* 557 F.2d at 1285–86 n. 2.

[8] A federal court may not exercise *in personam* jurisdiction beyond that which could be exercised by the state courts of the district in which the court resides. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). "The power of a federal court entertaining a case based on diversity of citizenship to exercise personal jurisdiction over a nonresident defendant turns on two independent considerations: whether an applicable state rule or statute potentially confers personal jurisdiction over the defendant, and whether assertion of such jurisdiction accords with constitutional principles of due process." *Data Disc,* 557 F.2d at 1286. Here, the applicable state statute is Cal.Code Civ.Proc. § 410.10, which extends jurisdiction to the very limits of constitutional due process. Therefore, the Court need only determine whether the exercise of jurisdiction would comport with due process. *See Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1396 (9th Cir.1986).

[9] Constitutional due process concerns are satisfied when a nonresident defendant has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Later cases have clarified that the minimum contacts must be "purposeful acts." *Burger King v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

[10] [11] The minimum contacts requirement is satisfied by establishing either general or specific jurisdiction. General jurisdiction is found if a foreign defendant's activities in the forum are substantial, continuous and systematic. *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 446, 72 S.Ct. 413, 418–19, 96 L.Ed. 485 (1952); *Data Disc,* 557 F.2d at 1287. **\*715** In that case, the foreign defendant is subject to suit on any matter. *Id.* If, however, a nonresident defendant's contacts with the forum state are not so pervasive, the court may still assert specific jurisdiction if the forum contacts give rise to a cause of action. The question is "whether the cause of action arises out of or has a substantial connection" to the contacts. *Hanson v. Denckla,* 357 U.S. 235, 250–253, 78 S.Ct. 1228, 1237–1240, 2 L.Ed.2d 1283 (1958).

[12] The Ninth Circuit uses a three-part test to evaluate the nature and quality of a defendant's contacts for purposes of specific jurisdiction:

> (1) the nonresident defendant must perform some act by which he purposefully avails himself of the benefits and protections of the forum state's laws;
>
> (2) the plaintiff's claim must arise out of or result from the defendant's forum related activities; and

   (3) the exercise of jurisdiction must be reasonable.

*Data Disc,* 557 F.2d at 1287; *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990).

**B. The Motion To Dismiss First Amended Counterclaim For Lack Of Personal Jurisdiction Must Be Denied.**
In their moving papers, Steinbrugger and the Anstalts challenge this Court's exercise of personal jurisdiction over them as follows: 1) the exercise of personal jurisdiction would violate the general standards of Due Process under the U.S. Constitution because Steinbrugger and the Anstalts lack sufficient contacts with this forum; 2) the law of Switzerland applies to whether AFI is the alter ego of ADO, and the law of Liechtenstein applies to whether Steinbrugger is the alter ego of AFI; 3) the doctrine of "unclean hands" prevents MDC from even attempting to pierce ADO's corporate veil; and 4) regardless of which law applies, there is no factual basis to pierce ADO's corporate veil in this case.

**[13]** The question whether personal jurisdiction exists over Steinbrugger and the Anstalts is simpler than the moving parties would have the Court believe. It is undisputed that ADO is subject to this Court's exercise of personal jurisdiction. Under the federal law governing the exercise of *in personam* jurisdiction, if a corporation is the alter ego of an individual defendant, or one corporation the alter ego of another, the Court may "pierce the corporate veil" jurisdictionally and attribute "contacts" accordingly. *Certified Building Products, Inc. v. NLRB,* 528 F.2d 968, 969 (9th Cir.1976). It follows that if ADO is the alter ego of Steinbrugger and the Anstalts, then Steinbrugger and the Anstalts, like ADO, are subject to this Court's exercise of personal jurisdiction. As will be discussed below, MDC has made a *prima facie* showing of alter ego liability, whether Swiss, Liechtenstein, or California law applicable to piercing the corporate veil or the imposition of alter ego liability applies.

Accordingly, the Court may exercise personal jurisdiction over Steinbrugger and the Anstalts consistent with "traditional notions of fair play and substantial justice," and the instant motion must be denied.

**1.** *If ADO Is Alter Ego Of Steinbrugger And The Anstalts, Then Steinbrugger and the Anstalts Are Subject to This Court's Exercise Of Personal Jurisdiction.*
It is undisputed that ADO is subject to personal jurisdiction in this Court. ADO commenced this action and has made numerous appearances without objection, including the filing of an answer to MDC's first amended counterclaim on February 6, 1996. Fed.R.Civ.P. 12(h)(1); *see Pardazi v. Cullman Medical Center,* 896 F.2d 1313, 1318 (11th Cir.1990) (party submits to court's jurisdiction either by expressly consenting thereto or by failing to raise defense in its initial motion or responsive pleading).

If a corporation is an alter ego of an individual or another corporation, then the district court may disregard the corporate form and exercise personal jurisdiction over the other individual or entity. *Certified Building Products,* 528 F.2d at 969 (service upon corporation, which was alter ego of named individual, was equivalent of service upon individual, and thus *in personam* jurisdiction was obtained of individual); ***716*** *Davis v. Metro Productions, Inc.,* 885 F.2d 515, 520–21 (9th Cir.1989) (corporate form may be ignored in cases in which the corporation is the agent or alter ego of the individual defendant or where there is an identity of interests between the corporation and the individuals); *Flynt Distributing Company, Inc. v. Harvey,* 734 F.2d 1389, 1393 (9th Cir.1984), *citing Sheard v. Superior Court,* 40 Cal.App.3d 207, 114 Cal.Rptr. 743 (1974) (where corporation is the alter ego of the stockholders so as to justify disregard of the corporate entity, jurisdiction over corporation will support jurisdiction over the stockholders); *Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.,* 880 F.Supp. 743, 750 (C.D.Cal.1995) (Ninth Circuit recognizes that corporate form may be disregarded for purposes of jurisdiction if corporation is alter ego of individual or individual is personally liable for wrongdoing in the forum).

Given these principles, the propriety of the District Court's assertion of jurisdiction ultimately depends upon the propriety of piercing the corporate veil. *Lakota Girl Scout Council, Inc. v. Havey Fund–Raising Management, Inc.,* 519 F.2d 634, 638 (8th Cir.1975). In the instant case, Steinbrugger and the Anstalt's "mere association" with ADO is insufficient in itself to support jurisdiction. *Davis,* 885 F.2d at 520 (there must be a reason for the court to disregard the corporate form). However, if ADO is the alter ego of Steinbrugger and the Anstalts, then this Court's jurisdiction over ADO will support the exercise of jurisdiction over Steinbrugger and the Anstalts.

**2. *MDC Has Made A Prima Facie Showing Of Alter Ego Liability Sufficient To Support The Exercise Of Jurisdiction Over Steinbrugger And The Anstalts.***

Steinbrugger and the Anstalts maintain that the law of Switzerland (ADO's state of incorporation) applies to whether AFI is the alter ego of ADO and that the law of Liechtenstein (AFI's state of establishment) applies to whether Steinbrugger is the alter ego of AFI. Memorandum at 6. Relying primarily on the choice of law provision contained in the purchase agreements between ADO and MDC, MDC argues that California law controls its alter ego claims. Opposition at 15–17.

[14] In the Court's opinion, the parties' choice of law arguments need not be addressed at this time. After reviewing the legal principles of all three jurisdictions and considering the arguments of counsel, the Court finds that regardless of which law applies, MDC has made a *prima facie* showing of alter ego liability sufficient to support the exercise of personal jurisdiction over Steinbrugger and the Anstalts.[1]

---

[1] As stated at the hearing, the Court believes that the absence of any conflict between California, Swiss, and Liechtenstein substantive law requires that the issue of alter ego liability be decided under California law. *See Arno v. Club Med Inc.,* 22 F.3d 1464, 1467 (9th Cir.1994). However, a final determination on this issue is unnecessary to ruling on the instant motion precisely because of the lack of conflict on what constitutes a *prima facie* case.

---

**a. Under Swiss, Liechtenstein, and California Law, the Circumstances Under Which Shareholders May Be Held Personally Liable for a Corporation's Debts Are the Same.**

[15] [16] By the moving parties' own account, Swiss, Liechtenstein, and California law are entirely consistent with respect to alter ego liability. Under California law, to apply the alter ego doctrine, the court must determine (1) that there is such unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist and (2) that failure to disregard the corporation would result in fraud or injustice. *Flynt,* 734 F.2d at 1393. Similarly, Swiss and Liechtenstein law allow the corporate veil to be pierced upon a showing that there has been a misuse of the corporate privilege tantamount to fraud, and that unless the corporate veil is pierced a controlling shareholder will benefit from the fraud. Memorandum at 15. Moreover, when deciding whether to hold shareholders personally liable for corporate debts, courts in all three jurisdictions look for additional circumstances such as inadequate capitalization, failure to observe corporate formalities, and asset stripping. *Id.* at 15–16; *see also United States v. Healthwin Midtown Convalescent* ***717** Hosp.,* 511 F.Supp. 416, 418 *affirmed* 685 F.2d 448 (9th Cir.1982).

Steinbrugger and the Anstalts virtually concede in their moving papers that the law governing who is an alter ego is the same in all three jurisdictions. Memorandum at 15–16. Moreover, at oral argument, counsel for Steinbrugger and the Anstalts specifically acknowledged that all three jurisdictions apply the same test when deciding whether to hold shareholders personally liable for particular corporate obligations. Nonetheless, the moving parties insist that a conflict exists because Swiss and Liechtenstein law differ from California law with respect to the jurisdictional consequences flowing from a finding of shareholder responsibility. They argue that the laws of the three jurisdictions conflict because under Swiss and Liechtenstein law "a finding that the corporate veil should be pierced does not in any way create [personal] jurisdiction over the shareholder." Memorandum at 10. In contrast, under California law, "the finding of alter ego is tantamount to a finding that the corporation and shareholder are one and ... therefore, [personal] jurisdiction over the corporation" confers personal jurisdiction over the shareholder. *Id.*

Steinbrugger and the Anstalts' argument misses the mark. Whether a Swiss court would have personal jurisdiction over an alter ego is irrelevant to this Court. As already discussed, *supra* at 4, the exercise of personal jurisdiction is governed by the California long arm statute and "traditional notions of fair play and substantial justice" under the Due Process Clause of the Constitution. For purposes of this motion, the only relevant inquiry relates to the circumstances under which corporate officers may be held personally liable for the corporation's debts. It is undisputed that these circumstances are identical in all three jurisdictions. Upon an adequate showing that such circumstances exist, under the law of the United States Constitution the Court may exercise personal jurisdiction over Steinbrugger and the Anstalts.

#### b. Regardless of Which Law Applies, MDC Has Made A *Prima Facie* Showing Of Alter Ego Liability.

[17] Because the facts relating to personal jurisdiction are intertwined with the merits of its claims, MDC need only make a *prima facie* showing of alter ego liability in order to defeat the instant motion. *See Data Disc,* 557 F.2d at 1285; *see also Stuart v. Spademan,* 772 F.2d 1185, 1198, n. 12 (5th Cir.1985) (noting that the alter ego test for attribution of contacts, i.e., personal jurisdiction, is less stringent than that for liability).[2]

[2]  If the Court denies a Rule 12(b)(2) motion because a *prima facie* case has been shown, the movant can nevertheless put the opposing party to its proof by continuing to contest personal jurisdiction, either at a pretrial evidentiary hearing or at the trial itself. *Metropolitan Life Ins. Co. v. Neaves,* 912 F.2d 1062, 1064, n. 1 (9th Cir.1990) (even though *prima facie* case was established, ultimate burden of showing jurisdiction either at trial or an evidentiary hearing remains upon plaintiff).

Steinbrugger and the Anstalts insist that there is no factual basis to pierce ADO's corporate veil. They maintain that there is no evidence of bad faith or fraud, that ADO has always been adequately capitalized, that ADO has adequately observed all corporate formalities, that there has been no "asset stripping" by ADO, and that neither Steinbrugger nor the Anstalts have ever agreed to be responsible for ADO's debts. Memorandum at 18–25.

MDC, however, counters that evidence of alter ego liability abounds. MDC claims that ADO is a shell corporation totally controlled and dominated by its shareholders who are depleting its assets. Opposition at 22.

#### (1). Evidence of Unity of Interest.

MDC presents substantial evidence that there is a unity of interest between ADO, Steinbrugger, and the Anstalts. During discovery, ADO has stated that AFI is the sole legal owner of ADO's shares, that Premanda is the sole beneficial owner of ADO's shares, and that both AFI and Premanda are "solely owned" by Steinbrugger. Marder Decl. ¶ 22, Exh. I.[3]

[3]  In their moving papers, Steinbrugger and the Anstalts describe their relationship with ADO and each other as follows. AFI is a holding and investment company that conducts business endeavors for Premanda as well as other beneficial owners. Steinbrugger Decl. ¶ 8. AFI is the owner of almost 100% of ADO's shares and has been since ADO's formation in 1980. *Id.* at ¶ 6. Since at least January 1, 1987, AFI has held the ADO shares in trust for Premanda, and Premanda therefore owns the beneficial rights to the ADO shares. *Id.* at ¶ 7. Premanda is a private estate planning company of Steinbrugger. *Id.* at ¶ 8. Steinbrugger and the Anstalts assert that, as the holder of the certificate of founders' rights in AFI and Premanda from January 1, 1987 to the present, Steinbrugger's sole relationship to ADO is through his indirect ownership of ADO's shares. *Id.* at ¶¶ 7, 9. They maintain that Steinbrugger has never been an employee, officer, director or agent of ADO, nor has he ever been a shareholder of ADO. *Id.* at ¶ 9. *See* Memorandum at 3.

**\*718** During his deposition, Willy Huber, ADO's Rule 30(b)(6) witness and managing director/sole employee since 1994, testified that ADO's affairs are managed and controlled by Steinbrugger in his capacity as the "shareholders' representative." Huber further stated that Steinbrugger appoints ADO's board, directs ADO's business decisions, and manages ADO's daily operations, and that ADO's shareholders run this litigation without Huber's knowledge or involvement. Marder Decl. ¶¶ 6–7, Exh. T.

Moreover, documents produced by ADO indicate that ADO's shareholders made various business decisions for ADO, including decisions regarding matters at issue in this lawsuit. Marder Decl., ¶¶ 8, 47–48, 67, Exhs. D, P, Q.

Steinbrugger, at his deposition, objected to questions relating to the prior owners of ADO from whom he purportedly

obtained ownership, refused to state the reason ADO was founded, and refused to testify about the formation of Premanda. Marder Decl. ¶¶ 88–124, Exh. D.

### (2). Evidence That Failure To Pierce The Corporate Veil Will Result In Fraud Or Injustice.

MDC also presents substantial evidence that ADO's owners continue to dominate ADO and that they have stripped it of its assets. ADO's own attorneys have acknowledged that "the only business of ADO ... at this point is this lawsuit." Marder Decl. ¶ 54, Exh. E. Moreover, MDC proffers evidence that ADO has spun off subsidiaries for less than their true value, siphoned off liquid assets by loaning substantial sums of money to AFI, and dramatically reducing its share capital by more than half. Marder Decl. ¶¶ 77–79, Exhs. T, QQ, RR.

Steinbrugger and the Anstalts dispute MDC's alter ego claims and present evidence to support their position. Reply at 11–12. However, in ruling on this motion, the Court presumes MDC's allegations of jurisdictional facts are true and decides all factual disputes in MDC's favor. *Metropolitan Life,* 912 F.2d at 1064, n. 1; *Market/Media Research Inc. v. Union–Tribune Publishing Co.,* 951 F.2d 102 (6th Cir.1991) *cert. denied* 506 U.S. 824, 113 S.Ct. 79, 121 L.Ed.2d 43 (1992). Applying this standard, the Court concludes that MDC has made a *prima facie* showing of alter ego liability sufficient to support the exercise of personal jurisdiction over Steinbrugger and the Anstalts.[4]

---

[4] The moving parties object to the Marder declaration in its entirety and ask that the Court strike it from the record. This request is denied. In ruling on this motion, the Court has relied only on admissible portions of the Marder declaration.

**3.** *Steinbrugger and the Anstalt's Other Arguments Are Without Merit.*
The moving parties also maintain that MDC is precluded from attempting to pierce the corporate veil by the doctrine of "unclean hands." This argument fails. Contrary to Steinbrugger and the Anstalt's claim, the Court has not made any "finding of fraud" with respect to the White Paper. Memorandum at 13. Rather, the Court determined that the White Paper and all documents reasonably related thereto are discoverable. *See* Order dated April 10, 1995.

Finally, Steinbrugger and the Anstalt's argue that because MDC has stated that AFI and Steinbrugger are not the "true owners" of ADO, MDC is somehow estopped from asserting an alter ego claim. In the Court's opinion, MDC has not taken inconsistent positions with respect to its claim that Steinbrugger and the Anstalts should be held liable under an alter ego theory.

**\*719 C. The Request For A Preliminary Evidentiary Hearing On Personal Jurisdiction Is Denied.**
During oral argument, Steinbrugger and the Anstalts requested that MDC be required to prove personal jurisdiction by a preponderance of evidence at an evidentiary hearing to be conducted prior to trial. This request is denied.

In this case, the jurisdictional facts are inextricably intertwined with the merits of MDC's claims against Steinbrugger and the Anstalts. As already discussed, where the jurisdictional facts are "intertwined with the merits of the action" it is preferable that determination of jurisdiction be made at trial. *Data Disc,* 557 F.2d at 1285–86 n. 2. Accordingly, the Court believes that the question of personal jurisdiction will be best resolved at trial. If, at trial, MDC fails to present sufficient evidence to support the Court's exercise of personal jurisdiction over the moving parties, then MDC's claims against Steinbrugger and the Anstalts will be dismissed.

**D. The Request For Certification and a Stay.**
At the hearing on this motion, Steinbrugger and the Anstalts also requested that the Court certify this Order Denying Motion

**ADO Finance, AG v. McDonnell Douglas Corp., 931 F.Supp. 711 (1996)**

to Dismiss First Amended Counterclaim for immediate appeal pursuant to 28 U.S.C. § 1292(b) and that a stay be issued pending such appeal. Steinbrugger and the Anstalts assert that the Court's decision as to personal jurisdiction "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

As stated, although skeptical about the propriety of certifying this Order for appeal, the Court will allow the parties to provide additional briefing on this issue. Steinbrugger and the Anstalts shall file their initial brief in support of their request for certification under Section 1292(b) on or before May 13. MDC shall file any opposition on or before May 20, 1996. The Court is unwilling to stay this action pending determination of the certification issue or pending any appeal.

### III. CONCLUSION

For the reasons discussed, the Court denies the motion of Steinbrugger and the Anstalts to dismiss first amended counterclaim for lack of personal jurisdiction.

IT IS SO ORDERED.

**End of Document**
© 2014 Thomson Reuters. No claim to original U.S. Government Works.