Westlaw.

Page 1

Not Reported in F.Supp.2d, 2010 WL 2384412 (C.D.Cal.)
**(Cite as: 2010 WL 2384412 (C.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court,
C.D. California.
PEAK PERFORMANCE NUTRITION, William E. Wheeler, Ph.D., Plaintiffs,
v.
MEDIAPOWER, INC., Kenneth W. Byers, Ken Wright, Defendants.

No. CV 09-4933 AG (SHx).
June 7, 2010.

West KeySummary**Libel and Slander 237** ⚷**23.1**

237 Libel and Slander
　　237I Words and Acts Actionable, and Liability Therefor
　　　　237k23 Publication
　　　　　　237k23.1 k. In general. Most Cited Cases

Nutritionist failed to point to any publication or republication attributable to licensee and therefore failed to allege facts sufficient to support claim for defamation against licensee. Licensee had entered into an agreement with advertiser to market a nutritional shake developed by nutritionist and licensed by the same to licensee. The nutritionist's complaint alleged that advertising agency and/or advertiser used his name and credentials on websites to promote products that he did not approve and that they falsely attributed various letters and articles to him on those websites. The only allegation which could possibly refer to licensee was that all "defendants" agreed and colluded to create the publications.

David Joseph Perez, Jing James Li, Greenberg Taurig LLP, East Palo Alto, CA, for Plaintiffs.

Carlos F. Negrete, Carlos F. Negrete Law Offices, San Juan Capistrano, CA, K Andrew Kent, Rincon Venture Law Group, Westlake Village, CA, for Defendants.

**ORDER GRANTING DEFENDANT WRIGHT'S MOTION TO DISMISS, GRANTING DEFENDANT BYERS' MOTION TO DISMISS, AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

ANDREW J. GUILFORD, District Judge.

**\*1** In this trademark case, Plaintiffs Peak Performance Nutrition ("Peak") and William E. Wheeler, Ph.D. ("Wheeler") (collectively "Plaintiffs") allege that Defendants Media Power, Inc. ("Media Power"), Kenneth W. Byers ("Byers"), and Ken Wright ("Wright") (collectively, "Defendants") infringed trade and service marks in the nutritional supplement field. Defendant Byers moves to dismiss, or in the alternative to transfer venue, ("Byers' Motion") under Federal Rules of Procedure 12(b)(2) and 12(b)(4). (Docket Entry 16 .) Defendant Wright moves to dismiss for failure to state a claim ("Wright's Motion") under Rule 12(b)(6). (Docket Entry 29.) Plaintiffs move for evidentiary and monetary sanctions on Defendants Media Power and Byers ("Plaintiffs' Motion"). (Docket Entry 59.)

After considering all papers and arguments submitted, Byers' Motion is GRANTED, Wright's Motion is GRANTED, and Plaintiffs' Motion is DENIED.

**BACKGROUND**

The following facts are taken from Plaintiffs' Complaint, and for the purpose of Wright's Motion to dismiss for failure to state a claim, the Court accepts them as true.

Wheeler is a "renowned nutritionist and nutritional supplement formulator." (Compl.¶ 10.) He

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 2384412 (C.D.Cal.)
**(Cite as: 2010 WL 2384412 (C.D.Cal.))**

advised professional athletes about dietary supplements. (Compl.¶ 11.) In 2002, Wright and Wheeler agreed that Wright would pay royalties to Wheeler for a nutritional shake Wheeler developed. (Compl.¶ 16.) In 2004, Wright and Byers entered into an agreement to market the shake using Wheeler's name. (Compl.¶ 19.) Defendants used Wheeler's name on various product labels and websites, but did not get Wheeler's permission first. (Compl.¶¶ 20, 24.)

Based on these facts and others, Plaintiffs filed this trademark infringement case on July 9, 2009. The Complaint asserts six claims, numbered as follows: (1) false advertisement; (2) trademark infringement; (3) misappropriation of right of publicity; (4) defamation and false light; (5) misappropriation of trade secrets; and (6) unfair competition.

Defendants filed their motions to dismiss before the late Judge Florence-Marie Cooper. Judge Cooper ordered discovery on the personal jurisdiction issues. The case was later transferred to this Court. After multiple continuances, and only three court days before the Motions were set to be heard, Plaintiffs filed last minute amended oppositions and their Motion for sanctions. This Court once again continued the hearings on the Motions to dismiss, and set a briefing schedule for the Plaintiffs' Motion for sanctions. The Court now considers all pending motions.

ANALYSIS

**1. DEFENDANT WRIGHT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiffs' fourth claim is for defamation and false light. Defendant Wright moves to dismiss this claim under Federal Rule of Procedure 12(b)(6).

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). " '[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 670 (9th Cir.1993).

*2 But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1940 (citing *Twombly,* 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal,* 129 S.Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey,* 353 F.3d 750, 758 (9th Cir.2003).

To state a claim for defamation, Plaintiffs must allege "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." 5 Witkin 10th Torts § 529 (2005). There can be no defamation without a falsehood. *Seelig v. Infinity Broad. Corp.,* 97 Cal.App.4th 798, 809, 119 Cal.Rptr.2d 108 (2002). In the Complaint, Plaintiffs allege that "various websites registered by Media Power and/or Byers" used Wheelers's name and cre-

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 2384412 (C.D.Cal.)
**(Cite as: 2010 WL 2384412 (C.D.Cal.))**

dentials to promote products that Wheeler did not approve. (Compl.¶ 41.) Plaintiffs allege that various letters and articles were falsely attributed to Wheeler on these websites, and that this false attribution harms Wheeler's reputation. (Compl.¶ 41.) But Plaintiffs do not point to any publication or republication by Defendant Wright. The only allegation that could possibly refer to Defendant Wright is that "Defendants tacitly or expressly agreed to the publication of the defamatory advertisements, and acted in concert and collusion to further such publication." (Compl.¶ 45.) The use of the omnibus "Defendants" does not put Defendant Wright on notice as to what he is actually being accused of. See *Mason v. County of Orange,* 251 F.R.D. 562, 563-64 (C.D.Cal.2008).

Accordingly, the Court GRANTS Wright's Motion, with leave to amend.

**2. DEFENDANT BYERS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

**2.1 Personal Jurisdiction Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may bring a motion to dismiss for lack of personal jurisdiction. The defendant is the moving party, but the plaintiff bears the burden of making a prima facie showing of facts establishing personal jurisdiction by a preponderance of the evidence. *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir.2002). "[U]ncontroverted allegations in the Complaint must be taken as true," and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir.2004).

*3 Determining whether personal jurisdiction exists involves two inquiries. The Court must first ask whether a forum state's long arm statute permits the exercise of jurisdiction, and second ask whether the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.,* 123 F.3d 1455, 1458 (Fed.Cir.1997). Because California's long arm statute extends to the limits of due process, this Court need only look at whether the exercise of personal jurisdiction would violate due process in this case. Cal.Civ.Proc.Code § 410.10; *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1484 (9th Cir.1993).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Lawful exercise of jurisdiction over a nonresident defendant must comport with "traditional notions of fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 316. Concerns for fairness require that a court exercise jurisdiction only if the defendant's actions in the forum are such that "he should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

A plaintiff can establish a defendant's minimum contacts with a given forum under a theory of general or specific jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction exists where a defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Id.* at 415. If general jurisdiction exists, the forum state has jurisdiction over the defendant regardless of where the events giving rise to the litigation occurred. *Id.* at 415.

If a defendant's contacts with the forum state are

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 2384412 (C.D.Cal.)
**(Cite as: 2010 WL 2384412 (C.D.Cal.))**

not sufficient to establish general jurisdiction, specific jurisdiction may still be shown. Specific jurisdiction exists where the defendant has purposefully availed himself of "the benefits and protections" of the laws of the forum through specific acts giving rise to the litigation at hand. *See Burger King Corp.,* 471 U.S. at 472-73 (citing *Helicopteros,* 466 U.S. at 414). Once it is established that the defendant purposefully availed himself of the benefits and protections of the forum, or purposefully directed his actions toward the forum, the forum's exercise of jurisdiction is "presumptively reasonable." *Roth v. Garcia Marquez,* 942 F.2d 617, 625 (9th Cir.1991).

**2.2 Nature of Defendant Byers' Contacts with this Forum**

Byers is the president of Media Power. (Declaration of Byers supporting Byers' Motion, Docket Entry 16-1 ("Byers Decl."), ¶ 3 .) Byers is a Florida resident, and his business offices are also in Florida. (Byers Decl. ¶ 2.) Byers is also the president of MpDirect, Inc. ("MpDirect"), a non-party to this lawsuit. (Byers Decl. ¶ 4.) In the last five years, Byers visited California four times. (Byers Decl. ¶ 5.) These visits were for expositions and conventions. (Byers Decl. ¶ 6.) Byers' trips were all taken in his capacity as president of MpDirect. (Byers Decl. ¶ 6.)

**\*4** The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents and employees are suable locally as well. *Calder v. Jones,* 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); *Davis v. Metro Productions, Inc. .,* 885 F.2d 515, 521 (9th Cir.1989). Nor is a nonresident individual subject to personal jurisdiction based solely upon acts in the forum state undertaken in that individual's corporate capacity. *Club Car, Inc. v. Club Car (Quebec) Import, Inc.,* 362 F.3d 775, 784 (11th Cir.2004).

But if a corporation is the alter ego of an individual, courts may "pierce the corporate veil" and attribute contacts of the corporation to the individual. *Certified Bldg. Prods., Inc. v. N.L.R.B.,* 528 F.2d 968, 969 (9th Cir.1976); *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1363 (5th Cir.1990). In diversity actions, district courts use state law when deciding whether to pierce the corporate veil. *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.,* 397 F.3d 1217, 1227-28 (9th Cir.2005). To invoke the alter ego doctrine in California, two conditions must be met. "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist." *Sonora Diamond Corp. v. Superior Court,* 83 Cal.App.4th 523, 538, 99 Cal.Rptr.2d 824 (2000). "Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Id.* "Among the factors to be considered in applying the doctrine are commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other." *Roman Catholic Archbishop v. Superior Court,* 15 Cal.App.3d 405, 406, 93 Cal.Rptr. 338 (1971).

Puzzlingly, Plaintiffs argue that:

Part of Byers' argument is that his contacts with California were not in his individual capacity, but rather his business capacity. *See* Byers Decl. ¶ 6. This reasoning directly contradicts the established law. The United States Supreme Court rejected such an argument more than 20 years ago in *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) ( "we today reject the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity.").

(Plaintiffs' Amended Opp'n to Byers' Motion 12:21-26.) It appears that Plaintiffs read only one phrase in a footnote of the *Hustler* opinion, rather than

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 2384412 (C.D.Cal.)
**(Cite as: 2010 WL 2384412 (C.D.Cal.))**

the entire opinion, or even the entire footnote. In fact, the *Hustler* opinion supports Byers' position. The footnote cited by Plaintiffs actually reads:

> It does not of course follow from the fact that jurisdiction may be asserted over Hustler Magazine, Inc., that jurisdiction may also be asserted over either of the other defendants. In *Calder v. Jones,* at ----, 104 S.Ct., at 1487, we today reject the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity. But jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him; nor does jurisdiction over a parent corporation automatically establish jurisdiction over a wholly owned subsidiary. [citations.] Each defendant's contacts with the forum State must be assessed individually. *See Rush v. Savchuk,* 444 U.S. 320, 332, 100 S.Ct. 571, 579, 62 L.Ed.2d 516 (1980) ("The requirements of *International Shoe* ... must be met as to each defendant over whom a state court exercises jurisdiction.") Because the Court of Appeals concluded that jurisdiction could not be had even against Hustler Magazine, Inc., it did not inquire into the propriety of jurisdiction over the other defendants. Such inquiry is, of course, open upon remand.

**\*5** *Hustler,* 465 U.S. at 781 n. 13. The issue before the Court is whether it can exercise personal jurisdiction over Byers, not whether Byers is shielded from suit.

Here, Plaintiffs neither alleged nor produced evidence to show that "separate personalities of the corporation and the shareholder do not in reality exist." *Sonora Diamond,* 83 Cal.App.4th at 538, 99 Cal.Rptr.2d 824. Thus, the Court does not invoke the alter ego doctrine.

Because the alter ego doctrine does not apply, this Court cannot exercise jurisdiction over Byers unless his contacts with California in his individual capacity are continuous and systematic, or his contacts with California are such that the Court can exercise specific jurisdiction on an individual basis. *Davis,* 885 F.2d at 521; *Retail Software Svs., Inc. v. Lashlee,* 854 F.2d 18, 22-23 (2nd Cir.1988).

### 2.1.3 General Jurisdiction

As noted, general jurisdiction exists where a party's contacts with the forum are "substantial" or "continuous and systematic." *Helicopteros,* 466 U.S. at 414-16. A nonresident defendant's contacts with a forum must be of the sort that "approximate physical presence" before a forum may exercise general jurisdiction. *Bancroft & Masters, Inc. v. Agusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000). Here, Byers is a Florida resident who only visited California four times in the last five years. These are not the "systematic" contacts that "approximate physical presence." *Id.* Therefore, this Court cannot exercise general jurisdiction over Byers.

### 2.1.4 Specific Jurisdiction

Specific jurisdiction is determined by a three-part test. First, plaintiffs must show that the defendant "purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Reebok Intern. Ltd. v. McLaughlin,* 49 F.3d 1387, 1391 (9th Cir.1995) (citing *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1485 (9th Cir.1993)). Second, plaintiffs must show that the claim arises out of the defendant's forum-related activities. *Id.* Finally, the exercise of jurisdiction must "comport with fair play and substantial justice, i.e. it must be reasonable." *Id.* If plaintiffs show the first two elements by a preponderance of the evidence, then reasonableness is presumed and the burden shifts to the defendant to " 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger,* 374 F.3d at 802; *see also Roth,* 942 F.2d at 625.

Because the alter ego doctrine does not apply here, the Court can only examine allegations relating to Byers' contacts with California in an individual

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 2384412 (C.D.Cal.)
**(Cite as: 2010 WL 2384412 (C.D.Cal.))**

capacity. *Davis,* 885 F.2d at 521; *Retail Software,* 854 F.2d at 22-23. Byers' only contacts with California that do not arise out of Byers' relationship as president of Media Power are his four trips to California, taken in his capacity as president of MpDirect, a non-party. Plaintiffs did not allege or produce sufficient evidence linking Byers' California trips to the claims in this lawsuit. Thus, Plaintiffs have failed to show that the claims arise out of Byers' forum-related activities, so specific jurisdiction is not available. *Reebok,* 49 F.3d at 1391.

### 2.1.5 Conclusion

**\*6** The Court can exercise neither general nor specific jurisdiction over Byers. Accordingly, Byers' Motion is GRANTED. Because the Motion is granted as to dismissal, the Court need not consider the motion as to transfer.

### 3. PLAINTIFFS' MOTION FOR SANCTIONS

Plaintiffs move for evidentiary and monetary sanctions against Defendants Media Power and Byers "for their obstruction of [Plaintiffs'] discovery on the jurisdictional issues." (Plaintiffs' Motion 1:4-6.)

Plaintiffs' moving papers, as well as the opposition papers of Defendants Media Power and Byers, excruciatingly detail events such as rescheduling of depositions, problems with document production, and permissible topics for discovery. As the Chief Judge of the Ninth Circuit once told fervent litigants, "The parties are advised to chill." *Mattel, Inc. v. MCA Records,* 296 F.3d 894, 908 (9th Cir.2002). While litigation is by its nature contentious, no circumstances justify abandoning professionalism and civility that help make the legal profession a noble pursuit. *See* Orange County Bar Association, Standards for Professionalism and Civility Among Attorney, available on this Court's webpage and at http://www.ocbar.org/About/Conduct.aspx.

It appears that the scheduling issues have been resolved, and that the remaining issues involve refusal to respond to certain questions and document production requests. The proper remedy is a motion to compel filed with the Magistrate Judge, not a motion for evidentiary sanctions filed with the District Judge. *Estrada v. Rowland,* 69 F.3d 405, 406 (9th Cir.1995). Plaintiffs' Motion is DENIED.

### *DISPOSITION*

Wright's Motion to dismiss for failure to state a claim is GRANTED, with leave to amend. Byers' Motion to dismiss for lack of personal jurisdiction is GRANTED. Plaintiffs' Motion for sanctions is DENIED.

Plaintiffs may file a First Amended Complaint by June 28, 2010.

IT IS SO ORDERED.

C.D.Cal.,2010.
Peak Performance Nutrition v. MediaPower, Inc.
Not Reported in F.Supp.2d, 2010 WL 2384412 (C.D.Cal.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.