Case 3:13-cv-01045-SI   Document 93-7   Filed 06/13/14   Page 1 of 3

Perrotta v. Roadway Global Air, Not Reported in F.Supp. (1996)

1996 WL 723031
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

Ronald Joseph PERROTTA, et al., Plaintiffs,
v.
ROADWAY GLOBAL AIR, et al., Defendants.

No. C-96-20281 SW. | Dec. 9, 1996.

**Opinion**

ORDER GRANTING DEFENDANT CALIBER SYSTEM, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; DENYING PLAINTIFF'S REQUEST FOR FURTHER DISCOVERY ON THE ISSUE OF PERSONAL JURISDICTION

SPENCER WILLIAMS, District Judge.

***1** Defendant Caliber System, Inc. ("Caliber") (which was sued under its former name, Roadway Services, Inc. ("RSI")), has moved this Court for an order dismissing it from this case on the ground of lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Following the hearing on November 27, 1996, and after reviewing the papers submitted by the parties, this Court GRANTS Caliber's motion to dismiss.

### BACKGROUND

Caliber, an Ohio corporation with its principal place of business in Ohio, is the parent corporation and sole shareholder of co-Defendant Roadway Global Air ("RGA"). RGA hired the three Plaintiffs as truck drivers in the mid-1990s and offered them five-year contracts.

Plaintiffs allege that RGA assured them that though RGA was new to the highly competitive air freight business (as of September 1992), it would survive because it had full backing of Caliber, an established, publicly owned corporation specializing in moving freight. Despite such assurances, all three Plaintiffs lost their jobs when Caliber sold RGA to Burlington Air in November 1995. RGA still exists as a corporate entity, but it is no longer actively conducting business.

Plaintiffs allege that Defendants' misrepresentations give rise to the following causes of action against them: fraud, intentional infliction of emotional distress, unfair trade practices, and interference with contract and prospective economic advantage.

### DISCUSSION

Plaintiffs make no serious attempt to prove that this Court possesses general (unlimited) personal jurisdiction or even limited (specific) personal jurisdiction over Caliber. Furthermore, the parties agree that the existence of jurisdiction over RGA does not automatically confer jurisdiction over the parent corporation, Caliber. It is well established that personal jurisdiction over a wholly owned subsidiary does not does not automatically establish jurisdiction over the parent corporation. *Consolidated Textile Co. v. Gregory,* 289 U.S. 85, 88 (1933); *Transure, Inc. v. Marsh and McLennan, Inc.,* 766 F.2d 1297, 1299 (9th Cir.

**Perrotta v. Roadway Global Air, Not Reported in F.Supp. (1996)**

1985).

Plaintiffs attempt to establish personal jurisdiction over Caliber by showing that RGA is the "alter ego" of Caliber. Under this jurisdictional theory, Plaintiffs must demonstrate that "one corporation is the alter ego of the other." *Calvert v. Huckins,* 875 F.Supp. 674, 678 (E.D. Cal. 1995). If a corporation is the alter ego of an individual defendant, or one corporation the alter ego of another, courts may then "pierce the corporate veil" jurisdictionally and attribute "contacts" accordingly. *Certified Building Products, Inc. v. NLRB,* 528 F.2d 968, 969 (9th Cir. 1976).

In diversity actions, federal courts look to state law to determine the requirements for "piercing the corporate veil." Under California law, a parent corporation is the alter ego of its subsidiary if it controls the subsidiary to such a degree as to render it the mere instrumentality of the parent. *Institute of Veterinary Pathology, Inc. v. California Health Laboratories, Inc.,* 116 Cal.App.3d 111, 119 (1981). To establish jurisdiction, therefore, Plaintiffs must prove both of the following: 1) such a unity of interest in ownership as to dissolve the separate corporate personalities of the parent and the subsidiary, relegating the latter to the status of merely an instrumentality, agency, conduit, or adjunct of the former, and 2) an inequitable result will occur if the conduct is treated as that of the subsidiary alone. *Id.*

**\*2** William Slabaugh, senior attorney for Defendant Caliber, has provided a declaration asserting the following: Caliber does not control the day to day operations of RGA; RGA exercised independent control over its daily operations; RGA made its own employment and termination decisions, and had its own personnel department; RGA executed its own contracts, chose its own vendors, and was responsible for paying those vendors; RGA owned its office and operational equipment and kept and maintained its own financial records; RGA had its own Board of Directors, separate from Caliber's Board; the two Boards have only one member in common; RGA held its own Board meetings and kept its own corporate minutes; RGA had its own bank accounts and its own line of credit; and RGA and RSI did not interchange employees, supervisors, or executives.

Plaintiffs do not dispute these facts. Rather, they assert subjective beliefs, based on vague representations allegedly made to them, that Caliber, the parent company, and RGA, the subsidiary, "were one and the same" or "the same family." Plaintiffs also allege that equipment and trucks flowed freely and without documentation between the eight Caliber subsidiaries in California.

Plaintiffs have the burden of establishing the existence of personal jurisdiction by a preponderance of the evidence, *Flynt Distribution Co., Inc. v. Harvey,* 734 F.2d 1389, 1392 (9th Cir. 1984), and they have failed to meet that burden. Their declarations, based largely on hearsay, fail to establish that RGA was merely a conduit for Caliber. Slabaugh's declarations, on the other hand, demonstrate that the two entities operated quite independently of each other.

At the November 27, 1996 hearing, Plaintiffs asked that, in the event this Court grants Caliber's present motion, this Court allow Plaintiffs additional time to undertake discovery to determine jurisdictional facts. Having examined the history of this case and the relative probability of finding facts that establish jurisdiction, this Court has decided not to permit further discovery on this issue. Caliber first filed a motion to dismiss for lack of personal jurisdiction on May 16, 1996, when this case was pending before Judge Aguilar. While that motion was pending, Plaintiffs failed to make a motion to continue the hearing in order to conduct additional discovery. Similarly, after the case was transferred and Caliber filed their motion in this Court, Plaintiffs made no motion to continue the hearing in order to conduct discovery. It was only after the parties submitted all their papers and this court heard the motion that Plaintiffs made a request for discovery, a request that comes rather late in the game. Furthermore, based on the evidence presented in this motion, it appears that Plaintiffs have little likelihood of establishing personal jurisdiction over Caliber, and that granting them additional time for discovery will cause both parties to make unnecessary expenditures of time and money. Therefore, this Court DENIES Plaintiffs' request for further discovery on the issue of personal jurisdiction.

## CONCLUSION

**\*3** Based on the foregoing, this Court GRANTS Caliber's motion to dismiss and DENIES Plaintiffs' request for further discovery on the issue of personal jurisdiction.

**Perrotta v. Roadway Global Air, Not Reported in F.Supp. (1996)**

IT IS SO ORDERED.

**End of Document**                                        © 2014 Thomson Reuters. No claim to original U.S. Government Works.