**Paul N. Tauger** (*Admitted pro hac vice* – CA Bar No. 160552)
Email: pnt@eclipsegrp.com
**Anna M. Vradenburgh** (*Admitted pro hac vice* – CA Bar No. 163212)
Email: amv@eclipsegrp.com
THE ECLIPSE GROUP LLP
2020 Main Street, Suite 600
Irvine, CA 92614
Telephone: 949-851-5000 ext. 110
Facsimile: 949-851-5051

**Devon Zastrow Newman**, OSB #014627
Email: dnewman@schwabe.com
**Catherine B. Brinkman**, OSB #002134
Email: cbrinkman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

Attorneys for Defendant and Counterclaimant Tenza Trading Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALISTA ENTERPRISES LTD**, a Republic of Seychelles Company, <br><br> Plaintiff, <br><br> vs. <br><br> **TENZA TRADING LTD.**, a Cyprus Company, <br><br> Defendant. | Case No. 3:13-cv-01045-SI <br><br> DECLARATION OF SCOTT RABINOWITZ IN SUPPORT OF TENZA'S RESPONSE TO CALISTA'S MOTION FOR SUMMARY JUDGMENT |

Page 1 -   DECLARATION OF SCOTT RABINOWITZ IN SUPPORT OF TENZA'S RESPONSE TO CALISTA'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **TENZA TRADING LTD.**, a Cyprus Company,<br><br>                    Counterclaim Plaintiff,<br><br>    v.<br><br>**CALISTA ENTERPRISES LTD**, a Republic of Seychelles Company; and **ALEXANDER ZHUKOV**, a Czechoslovakian citizen,<br><br>                    Counterclaim Defendants. | |

I, Scott Rabinowitz, declare as follows:

1. I make this Declaration in support of Tenza Trading Ltd.'s ("Tenza") Response to Calista Enterprises Ltd.'s ("Calista") Motion for Summary Judgment. I have personal knowledge of the statements averred herein and if deposed would swear the same under oath.

2. I have been retained in this action by Tenza as an expert in this litigation, and prepared an Expert Report that sets forth the bases of my opinion.

3. I have reviewed Calista's motion for summary judgment, with specific focus on Calista's use of my Expert Report and deposition testimony in its arguments. The following is a partial summary of and expansion upon both my Expert Report and my deposition testimony in this matter in response to Calista's selective and misleading citations to excerpts from both in its motion for summary judgment.

4. Through direct and contract employment, I have been providing advertising, marketing, internet traffic management, media buying and search engine marketing services to web sites operators specifically in the adult entertainment industry since 1998, the duration of which represents more than 3/4 of the commercial history timeline of the World Wide Web. Over the past 15 years, I have managed or supported the sales, intake, or delivery process for



online ad campaigns which sent more than a billion online ad 'clicks' worth in excess of $50 million to hundreds of qualified web sites, including tube sites, premium access, and free adult sites in all variations. My CV and LinkedIn profile are attached as Exhibit A to my declaration.

5. The vast majority of adult-entertainment oriented websites generate profit through advertising revenue or by purchase of goods or viewing services offered on the site. Advertisers will pay for advertising content to be placed on sites that have high volume of traffic and high traffic also makes it more likely that some users will purchase any goods available on these sites. As a result, websites with high levels of traffic are more profitable. This is particularly true for adult entertainment websites, with which I have extensive promotional experience.

6. One way that site owners or the persons hired to promote them ("site advertisers") can garner traffic is by programming meta-tags or other site content that can be searched in response to keyword searches run on search services like Google or Bing. These site advertisers may modify the website content daily or even more than once a day to respond to Internet trends. For instance, if a site owner learns of a term that is popular, he or she may use the term to generate traffic by adding the content to the site, whether it is related to the goods or services provided at that site, so long as it is likely to drive the right kind of consumer to the site. I have routinely observed this practice in this field, and have observed that the search content added by a startling number of providers in the online adult entertainment industry is proprietary to another. Such content can include name of other popular websites like Xbiz, Xhamster, or PornTube, regardless of whether those names are trademarked or not. Particularly in the adult online industry, this form of trademark infringement and misappropriation is common.

7. Prevention of this kind of keyword searching through appropriation of proprietary content, including trademarked content, is difficult as there is no mechanism to police this behavior. Creation of such a mechanism would require cooperation of far and disconnected systems, including cooperation from every conceivable platform of web presence to make call-

Page 2 -   DECLARATION OF SCOTT RABINOWITZ IN 
SUPPORT OF TENZA'S RESPONSE TO CALISTA'S
MOTION FOR SUMMARY JUDGMENT


ECLIPSE GROUP
2020 Main Street   t: 949.851.5000
Suite 600   f: 949.851.5051
Irvine, CA 92614

out of all metatag or metadata entries accessible to all. This would not happen due to industry competitive reasons. Currently there are no human means and no automated means on an aggregated level to prevent misuse of metadata or publishing data misuse on web pages and there is no system that will flag what is perceived to be a trademarked term.

8. As I have previously testified, and reiterated here, misuse of others' trademarks and brands is pervasive and extensive in this industry. Calista's motion for summary judgment refers to a statement that I made at deposition that as many as 25-30% of websites may, at some point in time, use or have used Tenza's PORNTUBE trademark. That use, however, was in the context that I have summarized herein, i.e. an illegal and improper use of Tenza's mark to gain visibility through the mechanical search processes utilized by Google and the other search engines. It does not indicate, as Calista attempts to imply, that this use is, in any way, a generic use, i.e. an attempt to label a website with a term that identifies what kind of website that it is.

9. My professional opinion was clearly expressed in both my Expert Report and at my deposition: PORNTUBE is not a generic term, either within the industry or without, for adult entertainment streaming video websites.

I swear, under penalty of perjury pursuant to the laws of the United States, and the states of Oregon and Colorado, that the foregoing is true and correct.

Executed this 7th day of July, 2014, at Colorado Springs, Colorado.

_____
Scott Rabinowitz

Page 3 -   DECLARATION OF SCOTT RABINOWITZ IN SUPPORT OF TENZA'S RESPONSE TO CALISTA'S MOTION FOR SUMMARY JUDGMENT

ECLIPSE GROUP
2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051