**Paul N. Tauger** (*Admitted pro hac vice* – CA Bar No. 160552)
Email: pnt@eclipsegrp.com
**Anna M. Vradenburgh** (*Admitted pro hac vice* – CA Bar No. 163212)
Email: amv@eclipsegrp.com
THE ECLIPSE GROUP LLP
2020 Main Street, Suite 600
Irvine, CA 92614
Telephone: 949-851-5000 ext. 110
Facsimile: 949-851-5051

**Devon Zastrow Newman**, OSB #014627
Email: dnewman@schwabe.com
**Catherine B. Brinkman**, OSB #002134
Email: cbrinkman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Facsimile: 503-796-2900


Attorneys for Defendant and Counterclaimant Tenza Trading Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALISTA ENTERPRISES LTD,** a Republic of Seychelles Company**,**<br><br>Plaintiff,<br><br>vs.<br><br>**TENZA TRADING LTD.,** a Cyprus Company**,**<br><br>Defendant. | Case No. 3:13-cv-01045-SI<br><br>DECLARATION OF PAUL N. TAUGER IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT TENZA'S RESPONSE IN OPPOSITION TO CALISTA'S MOTION FOR LEAVE TO AMEND |

Page 1 -    DECLARATION OF TAUGER IN SUPPORT OF
             TENZA'S RESPONSE IN OPPOSITION TO
             CALISTA'S MOTION FOR LEAVE TO AMEND



**TENZA TRADING LTD.,** a Cyprus Company,

    Counterclaim Plaintiff,

v.

**CALISTA ENTERPRISES LTD,** a Republic of Seychelles Company; and **ALEXANDER ZHUKOV,** a Czechoslovakian citizen,

    Counterclaim Defendants.

I, Paul N. Tauger, declare as follows:

  1.  I am senior counsel with the law office of The Eclipse Group, LLC, counsel of record and lead trial counsel for Defendant and Counterclaimant Tenza Trading Ltd. (hereafter, "Tenza") in this matter. I have personal knowledge of the facts averred herein and, if called upon to do so, could and would testify to the truth thereof, except as to those alleged on information and belief and, as to those, I have a good-faith belief in their truth.

  2.  On September 12, 2013, counsel for the parties conducted a telephonic conference pursuant to Fed. R. Civ. P. 26. Participating in the conference were attorneys Matthew Shayefar, Val Gurvitz, Sean Ploen, and Thomas Freedman for Calista, and attorneys Anna Vradenburgh, Devon Newman and myself for Tenza. The conference was not completed, so the parties conferred again by telephone on September 18, 2013.

  3.  **The Fed. R. Civ. P. 26 Conference.** As lead trial counsel, I was responsible for conducting the teleconference on Tenza's behalf. My recollection is that, though Mr. Ploen and Mr. Gurvitz actively participated in the discussion, Calista's primary representative for the conferences was Mr. Shayefar. During one of the conferences (I cannot, now, recall whether it was the first or second), I asked Mr. Shayefar for the basis for Calista's prayer for damages in its requested relief, noting specifically that, with the exception of the cancellation count, all of

Page 2 -  DECLARATION OF TAUGER IN SUPPORT OF TENZA'S RESPONSE IN OPPOSITION TO CALISTA'S MOTION FOR LEAVE TO AMEND



Calista's counts were for declaratory relief. Mr. Shayefar responded that damages were provided pursuant to § 1125. I told Mr. Shayefar that Calista's § 1125 count did not plead damages. Mr. Shayefar said that it was Calista's position that it was entitled to damages pursuant to § 1125. I specifically remember this exchange because I thought, at the time, that it was odd that Calista would draft a complaint that claimed monetary damage relief, but didn't include a reference, either in a specific count or in the prayer for relief, for the basis for damages. This was, in my experience, unusual and I discussed Calista's curious omission with Ms. Vradenburgh and Ms. Newman both before and after the conference, including Mr. Shayefar's specific response.

    4.    **Calista's "meet-and-confer" for the instant motion.** On June 30, 2014, I received an email from Mr. Fray-Witzer requesting a meet-and-confer to discuss Calista's proposed Motion for Leave to Amend. Mr. Fray-Witzer's email stated, "Calista will be moving to amend its complaint to correct the typographical error in the heading which misidentified the section under which Calista brought its claim." A true and correct copy of Mr. Fray-Witzer's email is attached hereto as Exhibit A.

    5.    Mr. Fray-Witzer and I conferred by telephone on July 1, 2014. In that call, I proposed that Calista's motion be framed so as to dismiss the § 1125 claim and add the § 1114 claim. Mr. Fray-Witzer asked me why I wanted it done in that way. I explained that I did not believe that § 1125 was pled as a typographic error, as indicated in Mr. Fray-Witzer's email. I told him that I believed Mr. Shayefar, who I believe to have drafted Calista's complaint, had been genuinely confused as to which statute applied, and had made a mistake of law, and not a typographic error. I told him that, because I did not believe the error was merely one of transcribing the wrong statute number, I would not agree to incorporating a false recital into the record of the case – I felt that the record needed to be accurate.

    6.    I did not, of course, tell Mr. Fray-Witzer that Tenza had brought Calista's failure to plead the correct statute to Moniker's attention, and that Tenza had requested the immediate



transfer of the domains at issue pursuant to the UDRP order.  Though Mr. Fray-Witzer and I enjoy a cordial relationship and routinely exchange professional courtesies, it is not my practice to discuss extra-judicial strategies with opposing counsel to the detriment of my client, nor was there any legal or ethical requirement that I do so.  Indeed, had I done so would have, in my professional opinion, constituted malpractice.  Accordingly, I provided Mr. Fray-Witzer with one of my reasons for opposing Calista's proposed motion, though, of course, not all of my reasons.

7.  Attached hereto as Exhibit B are selected excerpts from Calista's Objections and Responses to Tenza's First Set of Interrogatories, dated October 29, 2014.

I swear, under penalty of perjury pursuant to the laws of the United States, and the states of Oregon and California, that the foregoing is true and correct.

Executed this 17th day of July, 2014, at Irvine, California.

Paul N. Tauger