**Thomas Freedman Jr.** (OSB No. 080697) thomas@prllaw.com
**Pearl Law LLC**
552 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
Tel:    (503) 295-6296 | Fax: (503) 295-6344

**Valentin Gurvits** (*pro hac vice*) vgurvits@bostonlawgroup.com
**Matthew Shayefar** (*pro hac vice*) matt@bostonlawgroup.com
**Boston Law Group, PC**
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:    (617) 928-1800 | Fax: (617) 928-1802

**Sean Ploen** (*pro hac vice*) sploen@ploen.com
**Ploen Law Firm, PC**
100 South Fifth Street, Suite 1900
Minneapolis, Minnesota  55402
Tel:    (651) 894-6800 | Fax: (651) 894-6801

**Evan Fray-Witzer** (*pro hac vice*) evan@CFWLegal.com
**Ciampa Fray-Witzer, LLP**
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel:    (617) 426-0000 | Fax: (617) 507-8043

Attorneys for Plaintiff and Counter-defendant Calista Enterprises Ltd.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **CALISTA ENTERPRISES LTD.**, a Republic of Seychelles company, <br><br> Plaintiff, <br><br> - v. - <br><br> **TENZA TRADING LTD.**, a Cyprus company, <br><br> Defendant. | Case No. 3:13-cv-01045-SI <br><br> **CALISTA ENTERPRISES LTD.'S REPLY TO TENZA TRADING, LTD.'S RESPONSE TO MOTION FOR LEAVE TO AMEND COMPLAINT TO CORRECT CITATION IN HEADING** |

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**　　　　　　　　Page **1** – Calista's Reply in
825 Beacon Street, Suite 20 | Newton Centre, MA 02459　　　　　　　　　Support of Motion for Leave to
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com　　　Amend Complaint

**TENZA TRADING LTD.**,
a Cyprus company,

    Counterclaim Plaintiff,

- v. -

**CALISTA ENTERPRISES LTD.**,
a Republic of Seychelles company, and
**ALEXANDER ZHUKOV**,
a Czechoslovakian citizen,

    Counterclaim Defendants.

    Although Tenza Trading, Ltd. ("Tenza") purports to disagree with much in Calista Enterprises, Ltd.'s ("Calista's") Motion to Amend, there is at least one crucial fact which Tenza does not dispute: during the parties' meet-and-confer concerning Calista's Motion to Amend, Tenza specifically stated that it *would not oppose* Calista's addition of a claim under §1114, if Calista would agree first to dismiss the count purportedly brought under §1125.

    This fact exposes all of Tenza's new arguments– that it would suffer prejudice if the correction were permitted, that additional discovery would be required, and the like – as being misrepresentations. If any of Tenza's claims of prejudice were actually true, such claims would have been equally true had Calista agreed to Tenza's procedural gimmick, which was designed solely to engineer a situation in which Tenza might convince Calista's domain name registrar to transfer the disputed domain names, despite the pendency of the current litigation.[1]

    In short, Tenza saw no prejudice and no need for additional discovery from a motion to

---

[1] Tenza does not deny that this is precisely what it attempted to do. To the contrary, Tenza has confirmed that it will *continue* to make such attempts, despite the fact that the statutory framework provides for the domains to remain in Calista's control pending the outcome of the present case.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **2** – Calista's Reply in
Support of Motion for Leave to
Amend Complaint

add a §1114 claim, but now claims it will be subject to such prejudice if the Court allows Calista to change an erroneous heading in its complaint. It is an inconceivable position for Tenza to take, and one which compels the conclusion that Tenza's assertions are not made in good faith. For this reason – and because Tenza was well aware of the true statutory basis for Count I of Calista's Complaint well over a year ago (and before any discovery was taken), Calista's Motion to Amend should be allowed.

In further response, Calista states as follows.

## I.     Tenza Has Known of the Nature of Count I Since Before Litigation Commenced.

Despite its claims that it somehow was misled into believing that Count I of the Complaint really sounded under Section 1125 as opposed to Section 1114, it is clear that Tenza understood the nature of the present action from the inception of this action. This is well documented. For example, three days *before* the present action was even filed, in the course of settlement discussions, Calista's counsel emailed Tenza's counsel, saying the following:

> Dear Anna,
>
> My client is still reviewing the terms you forwarded. However, although I am sure you already know this, I must make it explicit **pursuant to 15 U.S.C. § 1114(2)(D)(v)** that in case the parties cannot settle their dispute, we will be filing suit on behalf of Calista against Tenza to establish that Calista's registration and use of the disputed domains (and the "porn tube" term in general) are not unlawful and to prevent the transfer of the domains pursuant to the UDRP proceedings.
>
> I would appreciate confirmation that you've received this notice and look forward to speaking with you about this matter soon.
>
> Very Truly Yours,
>
> Matthew Shayefar

*See* Docket No. 10-1, filed June 21, 2013 (emphasis added).

This email was subsequently attached as an Exhibit to the Declaration of Matthew

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**  
825 Beacon Street, Suite 20 | Newton Centre, MA 02459  
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **3** – Calista's Reply in Support of Motion for Leave to Amend Complaint

Shayefar in Support of the Plaintiff's Complaint, which was *filed the same day that the Complaint in this matter was filed.* See Docket No. 10-1. In that Declaration, Attorney Shayefar wrote:

> Attached hereto as <u>Exhibit 1</u> is a true and correct copy of an email I sent to counsel for the Defendant Tenza Trading Ltd. ("Tenza") on June 18, 2013 notifying Tenza that Calista intended to file a civil action against Tenza **pursuant to 15 U.S.C. § 1114(2)(D)(v).**

Declaration of Matthew Shayefar in Support of Plaintiff's Complaint, Docket No. 10-1, ¶ 5 (emphasis added).

Unsurprisingly, the Complaint itself makes the nature of Count I abundantly clear, and Tenza's Answer makes equally clear its understanding of the nature of that Count. *See, e.g.,* Complaint, ¶ 9 ("Plaintiff now brings this action to prevent the wrongful transfer of its domains to Defendant, for a declaratory judgment that Plaintiff is not infringing the trademark rights being asserted by Defendant, and for the cancellation of Defendant's trademark registration at the U.S. Patent and Trademark Office.") and Answer, ¶ 9 ("Answering Paragraph 9 of the Complaint, Tenza admits that Plaintiff seeks the relief identified in this paragraph, but denies that Plaintiff has brought this action for those purposes and denies that Plaintiff is entitled to said relief."); Complaint, ¶ 14 ("Moreover, Defendant consented to the personal jurisdiction of this Court when it filed its UDRP Complaint against Plaintiff pursuant to the Uniform Domain-Name Dispute-Resolution Policy."), and Answer, ¶ 14 ("Answering Paragraph 14 of the Complaint, Tenza admits that it has consented to the personal jurisdiction of this Court in the very limited context provided by the UDRP, and otherwise denies the remainder of the allegations of this paragraph."); Complaint, ¶¶ 62-63 (discussing the adverse UDRP decision, which forms the basis for Plaintiff's claim), and Answer, ¶¶ 62-63 (admitting to the filing of the UDRP claim and

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **4** – Calista's Reply in Support of Motion for Leave to Amend Complaint

the decision adverse to Calista); Complaint, ¶ 76 ("Plaintiff has notified Defendant of its intent to file a civil action to establish that its registration and use of the Domains are lawful.")[2] and Answer, ¶ 76 ("Answering Paragraph 76 of the Complaint, Tenza admits the allegations therein); Complaint, ¶ 77 ("The domain name registrar for the Domains, Moniker Online Services, LLC, has locked the transfer and updating of the Domains by Plaintiff and, pursuant to the UDRP decision and absent the initiation of this civil action and a resolution of this matter in favor of Plaintiff, will transfer the Domains imminently to Defendant.") and Answer, ¶ 77 ("Answering Paragraph 77 of the Complaint, Tenza lacks sufficient information to admit or deny the allegations and upon that basis denies all the allegations therein.").

As Tenza itself now acknowledges, "15 USC § 1114 . . . is the only statute authorized by Congress allowing for the redress of an adverse decision by the UDRP panel."  Letter from Tenza's counsel to Moniker Online Services, LLC ("Moniker") dated July 7, 2014 (*citing Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona,* 330 F.3d 617 (4th Cir. 2003)), Exhibit 2 to Shayefar Declaration in Support of Reply in Support of Motion for Leave to Amend Complaint, filed concurrently herewith ["Shayefar Decl."].

Over the past year, the parties' filings have been replete with references to the UDRP action, Rule 4(k) of the UDRP[3] and Section 1114(2)(D)(v).  Indeed, in almost every substantive filing, Calista reiterated its contention that the present action was brought in an effort to seek

---

[2] Paragraph 76 of the Complaint, which is part of Count I of the Complaint, tracks the language and requirements of §1114(2)(D)(v), which requires notice to the defendant of the intent to file suit and which addresses situations in which a plaintiff believes that it has been wronged by the UDRP's decision because its registration and use of the domains are legal).

[3] Rule 4(k) and §1114(2)(D)(v) operate hand-in-glove.  Rule 4(k) is ICANN's rule that requires a registrar to wait 10 days from the issuance of a UDRP decision compelling the transfer of a domain and the effectuation of such a transfer.  Rule 4(k) also provides that if, within that period of time, the domain name registrant files an action in federal court objecting to the transfer, the transfer shall not be effectuated until after the conclusion of the lawsuit. Section 1114(2)(D)(v) is one statute under which a party aggrieved by a decision of a UDRP panel may seek relief.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**       Page 5 – Calista's Reply in
825 Beacon Street, Suite 20 | Newton Centre, MA 02459            Support of Motion for Leave to
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com           Amend Complaint

relief from the UDRP decision, and Tenza, similarly, reiterated its understanding that this was Calista's intent. *See, e.g.,* Calista Enterprises Ltd.'s Motion to Stay Litigation, Docket No. 26, filed October 7, 2013, p. 12 ("Accordingly, the only way that Calista could prevent the transfer of its Domains following the UDRP decision and pending the Petition for Cancellation was to file this action in the District of Oregon. *See* Uniform Domain Name Dispute Resolution Policy, §4(k) . . . ."); Tenza's Opposition to Plaintiff's Motion to Stay, Docket No. 29, filed October 24, 2013, p. 15 ("The express rules of [ICANN] specify a court of competent jurisdiction, and only a court, as the sole venue in which that adjudication can be attacked. Calista is quite candid that it filed the instant action only to block the ordered transfer of its infringing domains to Tenza."); Calista's Reply to Tenza's Opposition to Motion to Stay, Docket No. 33, filed November 7, 2013, p. 2 ("No attempt is made by Tenza to account for the fact that the UDRP process explicitly permitted Calista to file the instant lawsuit to prevent transfer of the domains so as to gain a proper and full adjudication of rights."); *Id.* at p. 4 ("It is for this reason that the UDRP rules explicitly allow for parties such as Calista, whose rights were not properly adjudicated in the proceeding, to file lawsuits such as this one to prevent the transfer of the domains." (citing UDRP Rule §4(k))); Tenza's Motion for Protective Order, Docket. No. 41, p. 1 ("The Court will also recall that the sole reason Calista filed the instant action was to delay the UDRP Panel-ordered transfer of its infringing domain names to Tenza, a fact it has readily admitted.");[4] Tenza's Motion for Leave to Amend Counterclaim, Docket No. 58, filed March 14, 2014, p. 2 ("Calista, already adjudicated an infringer by a UDRP panel, instituted the instant action for the admitted purpose of blocking transfer of 13 infringing domain names ('Accused Domains'), as it had

---

[4] It should go without saying that Calista does not agree with Tenza's characterization of Calista's action. Nevertheless, Tenza's rhetoric makes clear that it has known what this litigation is actually about from its inception.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **6** – Calista's Reply in Support of Motion for Leave to Amend Complaint

been ordered to do."); Calista's Opposition to Tenza's Motion for Leave to Amend, Docket No. 66, filed March 31, 2014, pp. 14-15 ("Tenza next breathlessly complains that Calista initiated the present litigation 'for the admitted purpose of blocking transfer of 13 infringing domain names . . . as it had been ordered to do.' . . . *In this respect, Calista is guilty as charged.* Calista initiated this litigation in accordance with 15 U.S.C. § 1114(2)(D)(v) and ICANN's Uniform Domain Name Dispute Resolution Policy ("UDRP") Rule 4(k). . . . In other words, Calista initiated the present action for . . . precisely the purpose that it was intended.").[5]

As it is evident that Tenza understood – from the inception of this litigation and even before – the true nature of Calista's claim in Count I of the Complaint, Tenza's claims of surprise and prejudice are unfounded and cannot defeat Calista's motion, which simply seeks to correct what was clearly a scrivener's error.

## II. Tenza Took the Discovery it Believed it Needed to Take, With Full Understanding of the Nature of Calista's Claims.

Tenza also argues that it would be prejudiced by the amendment of the Complaint to correct a scrivener's error because Tenza allegedly would be required to conduct further discovery. According to Tenza, "§ 1125(d), by its plain language, addresses only use" and Section 1114 references "registration" and "use." Tenza is incorrect. Section 1125 by its plain language very specifically addresses registration, trafficking, and use of domain names. Section 1125(d)(1)(A), which Tenza now claims it believed to be the statute under which Calista brought

---

[5] Tenza's claim that it was misled by the prayer for relief seeking damages is equally specious. Under Section 1114, as with any section of the Lanham Act, a prevailing party can seek damages in the form of attorney's fees in exceptional cases. 15 U.S.C. § 1117(a). "A case is 'exceptional' when the conduct is 'willful, deliberate, knowing or malicious.'" *Nat'l Prods. v. Gamber-Johnson LLC*, 449 Fed. Appx. 638 (9th Cir. 2011) (citations omitted). Calista has always maintained that Tenza's initiation of the UDRP action – after having knowingly paid Calista as an affiliate for over two years – was a willful, deliberate, knowing or malicious attempt to misuse the UDRP process. In short, having figured out that it could "cut out the middleman," Tenza improperly initiated the UDRP, knowing that its claims were baseless. Such conduct, if proven, supports a damages award of attorney's fees under Section 1114 of the Lanham Act.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **7** – Calista's Reply in Support of Motion for Leave to Amend Complaint

its first Count, provides a cause of action where a "person (i) has a bad faith intent to profit from [a] mark . . . and (ii) *registers, traffics in, or uses a domain name* that . . . is identical or confusingly similar to or dilutive of that mark." 15 U.S.C. § 1125(d)(1)(A) (emphasis added). Therefore, to the extent that Tenza believed it was necessary to do any discovery into Calista's registration of the disputed domain names, it should have conducted that discovery pursuant to Section 1125 anyway.

Indeed, a cause of action brought under §1114(2)(D)(v), by necessity, requires reference to §1125(d). This is true because a claim brought under §1114(2)(D)(v) requires a showing by the registrant that "the registration or use of the domain name by the registrant is not unlawful under this chapter." "A person engages in unlawful conduct under the ACPA if he (1) registers, uses, or traffics in a domain name that (2) is identical or confusingly similar to a distinctive mark, or is identical, confusingly similar to, or dilutive of a famous mark, (3) with a bad faith intent to profit from that mark. 15 U.S.C. § 1125(d)(1)(A). The ACPA sets forth factors to consider to determine bad faith. *Id.* § 1125(d)(1)(B)(i)." *Ricks v. BMEzine.com, LLC,* 727 F. Supp. 2d 936, 960 (D. Nev. 2010).[6] In other words, even if Tenza could plausibly assert that it believed Count I of the Complaint sounded under §1125(d), it would have been required to conduct discovery into the bad faith factors articulated in §1125(d)(1)(B)(i), which are the very same factors incorporated into a claim brought under §1114(2)(D)(v). As such, any failure on Tenza's part to conduct discovery into these factors is of its own making.

Moreover, Tenza was, in any case, conducting discovery under Section 1125 pursuant to

---

[6] Although Tenza is correct that some courts have held that the phrase "this chapter" in §1114(2)(D)(v) refers not only to the ACPA, but the Lanham Act as a whole, Calista would suggest that the analysis of the legislative history engaged in by the *Ricks* court, which concludes that "this chapter" is limited to the ACPA, is far more persuasive. In any case, this difference is irrelevant to the issues here because Tenza has conducted discovery pursuant to the entirety of the Lanham Act in accordance with its own claims under the Lanham Act.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**    Page **8** – Calista's Reply in
825 Beacon Street, Suite 20 | Newton Centre, MA 02459    Support of Motion for Leave to
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com    Amend Complaint

its *own* Fifth Cause of Action.  *See Answer and Counterclaims of Tenza Trading Ltd.*, Docket No. 23, p. 23 (stating cause of action for "Cybersquatting" pursuant to "15 U.S.C. § 1125(d)").  Therefore, to the extent that its discovery would have been different as between "registration" and "use," Tenza would have conducted both forms of discovery as a result of its own causes of action.  *See*, *e.g.*, Answer and Counterclaim, ¶ 46 ("Counter-defendants <u>registered</u> Calista's Infringing Websites with a bad faith intent to profit from Tenza's federally-registered PORNTUBE trademark." (emphasis added)), ¶ 21 ("Counter-defendants' activities, as described herein and consisting, *inter alia*, of the <u>acquisition and use</u>[7] in commerce of websites identified by, and using as part of the URL, Tenza's federally-registered PORNTUBE trademark constitute trademark infringement in violation of the Lanham Act including, but not limited to, 15 U.S.C. § 1114." (emphasis added)).

For these very reasons, it is not surprising that Tenza *has* in fact conducted discovery into Calista's "process, motivations and mechanisms of Calista's registrations of each of those domains."  Specifically, in Tenza's very first set of interrogatories, Tenza asked Calista, in its Interrogatory No. 4, to "Please describe in detail the selection process for the names of the thirteen domains that YOU identify in paragraph 22 of YOUR Complaint."  Calista's Responses to First Set of Interrogatories, Shayefar Decl. Ex 3.  Therefore, Calista provided a two-and-a-half page response, including (1) the historical background leading to the explosion of porn tubes over video galleries, (2) Calista's registration of the first of the disputed domains, freshporntube.com, and why it used "porn tube" in the domain name, (3) how the website at the

---

[7] The language used by Tenza here is particularly interesting.  Tenza has alleged that Calista's "acquisition" of the websites constitutes trademark infringement.  It appears that Tenza has used the term "acquisition" instead of "registration" so as to cover situations wherein Calista may not have originally registered the domain names (for instance, if it purchased a domain name and website from a third party).  If that is the case, then Tenza's own Counterclaim raises both issues of registration and use in a single allegation.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**  
825 Beacon Street, Suite 20 | Newton Centre, MA 02459  
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **9** – Calista's Reply in Support of Motion for Leave to Amend Complaint

domain name was used to link to other porn tubes, (4) how Calista started joining affiliate programs, leading its websites to become more popular, and (5) the motivations for registering the rest of its domain names. *See* Calista's Response to Interrogatory No. 4, Shayefar Decl. Ex. 3.

Having shown that it was capable of and interested in asking questions about the process, motivations and mechanisms behind Calista's registrations of its domain names, which were answered before the 30(b)(6) deposition of Calista, Tenza apparently made the strategic choice not to ask more questions about those subjects at that deposition. Having had the basis to conduct discovery about domain registration, and having in fact conducted discovery on that very subject, Tenza cannot now be allowed to argue that it would be prejudiced because it would need to conduct additional discovery into Calista's registration of the domain names.

### III. Tenza's Claim That it Drafted its Summary Judgment Motion Believing That Count I Stated a Claim Under Section 1125 is Categorically False, as the Motion Itself Demonstrates.

In its Opposition to Calista's Motion to Amend, Tenza claims that it "Has Prepared its Case, Including its Pending Motion for Summary Judgment and its Opposition to Calista's Motion for Summary Judgment in Reliance on Calista's Complaint." Opposition, p. 15, heading no. 2. The only conceivable explanation for this assertion is that Tenza has not *read* its own Motion for Summary Judgment.

In that motion, Tenza writes:

> Calista's declaratory judgment claim under the Anti-Cybersquatting Act is clearly precluded by the plain language of 15 U.S.C § 1114: "To prevail on a reverse hijacking claim, the domain name registrant must show (1) that it is a domain name registrant (2) that its domain name was suspended, disabled, or transferred under a policy implemented by a registrar as described in 15 U.S.C. § 1114(2)(D)(ii)(II); and (3) that the owner of the mark that prompted the domain name to be suspended, disabled, or transferred has notice of the action by service

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **10** – Calista's Reply in
Support of Motion for Leave to
Amend Complaint

or otherwise. *Barcelona. com, Inc. v. Excelentisimo Ayuntamiento de Barcelona*, 330 F.3d 617, 626 (9th Cir. 2003). Additionally, the registrant must show that its registration or use of the domain name is not unlawful under this chapter. 15 U.S.C. § 1114(2)(D)(v)." *Ricks v. BMEzine.com, LLC*, 727 F. Supp. 2d 936, 959 (D. Nev. 2010). Absolutely no facts, much less admissible evidence, exist that remotely suggest that Calista's registration and use of Tenza's PomTube® website is lawful. Therefore, Calista's claim must fail.

Tenza's Motion for Summary Judgment, Docket No. 100, p. 31.

In contrast, the *only* time Tenza mentions § 1125 is when discussing its own counterclaims. *See* Tenza's Motion for Summary Judgment, Docket No. 100, pp. 1, 2, 29, 30. Tenza's claim, then, that it prepared its summary judgment motion under the (mistaken) belief that Count I arose under Section 1125 as opposed to Section1114 is one more in a long string of demonstrably false statements put before this Court by Tenza.

## IV. Tenza's Offer that it Would Not Oppose the "Addition" of a Claim Under Section 1114 Belies its Claim of Prejudice and Professed Need for Additional Discovery.

Finally, even putting aside the evidence that demonstrates that Tenza fully understood the actual nature of Calista's claims and that it took discovery accordingly, Tenza's own actions put lie to its current claim that it would be prejudiced by Calista's proposed amendment or that it would require additional discovery if such amendment is allowed. During the parties' meet and confer, Tenza offered that – if Calista would first dismiss the purported Section 1125 claim – Tenza would then not oppose the addition of a separate claim under Section 1114(2)(D)(v). Tenza's own offer not to oppose the addition of a claim under Section 1114(2)(D)(v) is the most persuasive evidence that could be proffered to demonstrate that Tenza would suffer no prejudice as a result of the proposed amendment and would need no additional discovery if the amendment is allowed.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **11** – Calista's Reply in Support of Motion for Leave to Amend Complaint

Dated:  July 21, 2014

Respectfully Submitted,

Plaintiff/Counter-defendant
Calista Enterprises Ltd.
By its Attorneys,

/s/ Matthew Shayefar
Matthew Shayefar (*pro hac vice*)
Valentin Gurvits (*pro hac vice*)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:    (617) 928-1800
Fax:    (617) 928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

/s/ Evan Fray-Witzer
Evan Fray Witzer (*pro hac vice*)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel:    (617) 426-0000
Fax:    (617) 507-8043
evan@CFWLegal.com

/s/ Thomas Freedman Jr.
Thomas Freedman Jr. (OSB No. 080697)
Pearl Law LLC
552 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
Tel:    (503) 295-6296
Fax:    (503) 295-6344
thomas@prllaw.com

/s/ Sean Ploen
Sean Ploen (*pro hac vice*)
Ploen Law Firm, PC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
Tel:    (651) 894-6800
Fax:    (651) 894-6801
sploen@ploen.com

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **12** – Calista's Reply in Support of Motion for Leave to Amend Complaint