IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CALISTA ENTERPRISES LTD.**,
*a Republic of Seychelles Company*,

    Plaintiff,

    v.

**TENZA TRADING LTD.**,
*a Cyprus Company*,

    Defendant,

    v.

**ALEXANDER ZHUKOV**,
*a Czechoslovakian citizen*,

    Counterclaim-Defendant.

Case No. 3:13-cv-01045-SI

**OPINION AND ORDER**

Valentin David Gurvits and Matthew Shayefar, BOSTON LAW GROUP, PC, 825 Beacon Street, Suite 20, Newton Centre, MA 02459; Sean Ploen, PLOEN LAW FIRM, PC, 100 South Fifth Street, Suite 1900, Minneapolis, MN 55402; Evan Fray-Witzer, CIAMPA FRAY-WITZER, LLP, 20 Park Plaza, Suite 505, Boston, MA 02116; Thomas Freedman Jr., PEARL LAW LLC, 522 S.W. Fifth Avenue, Suite 1100, Portland, OR 97204. Of Attorneys for Plaintiff Calista Enterprises Ltd. and Counterclaim-Defendant Alexander Zhukov.

Paul N. Tauger and Anna M. Vradenburgh, THE ECLIPSE GROUP LLP, 2020 Main Street, Suite 600, Irvine, CA 92614; Devon Zastrow Newman and Catherine B. Brinkman, SCHWABE, WILLIAMSON & WYATT, P.C., 1211 S.W. Fifth Avenue, Suite 1900, Portland, OR 97204. Of Attorneys for Defendant Tenza Trading Ltd.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

Defendant Tenza Trading Ltd. ("Tenza") seeks default judgment against Counterclaim-Defendant Alexander Zhukov ("Zhukov"). For the reasons set forth below, the Court denies without prejudice Tenza's motion for default judgment against Zhukov.

## STANDARDS

The Clerk of the Court may enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Whether to grant a judgment by default is within the discretion of the district court. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) ("Rule 55[of the Federal Rules of Civil Procedure] gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."). In exercising its discretion, the district court must consider seven factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "[D]efault judgments are ordinarily disfavored." *Id.* at 1472.

A default judgment against fewer than all defendants must comply with Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides: "[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order . . . that adjudicates fewer than . . . all the parties does not end the action as to any of the claims or parties and may be

PAGE 2 – OPINION AND ORDER

revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

## BACKGROUND

On March 14, 2014, Tenza filed a motion for leave to amend its counterclaims to add Zhukov as a counterclaim-defendant and alleged real party in interest to this matter. Dkt. 58. The basis of Tenza's motion was its assertion that Zhukov is the alter ego of Plaintiff Calista Enterprises Ltd. ("Calista"). On April 23, 2014, the Court granted Tenza's motion to file its Answer and First Amended Counterclaims. Dkt. 77. Tenza has not yet personally served Zhukov with Tenza's Answer and First Amended Counterclaims, and Tenza has not sought leave of the Court to permit alternative service. Tenza contends that because it alleges that Zhukov is the alter-ego of Calista, the Court should find that Zhukov be deemed served with Tenza's Answer and First Amended Counterclaims on April 30, 2014, the day that Calista, by its counsel, was electronically served with Tenza's amended pleadings. Under Tenza's theory, Zhukov failed to respond within 17 days of counsel for Calista receiving Tenza's amended pleadings. As a result, Tenza now argues, default judgment should be entered against Zhukov.

Zhukov, making a limited special appearance in order to respond to Tenza's motion for default judgment, states that he is a Czechoslovakian citizen and the sole shareholder and employee of Calista. In addition to Calista, Zhukov is the sole shareholder and employee of Wiblax Ltd. and Oklax Inc. Zhukov and his wife are the joint shareholders and Zhukov is the sole employee of AlexZ-Traffic s.r.o. Oklax manages the domain name register accounts for the domain names in dispute in this litigation. Wiblax serves as a "payment agent for Calista" by accepting payments on behalf of Calista. Tauger Decl. Ex. F at 109:6-22, Dkt. 91-6. Money that Wiblax collects on behalf of Calista stays in the Wiblax account designated for Calista and is not transferred. *Id.* at 110:1-9. AlexZ-Traffic develops software for the AlexZ-Traffic.com website

PAGE 3 – OPINION AND ORDER

and templates used on Calista's websites. *Id.* at 111:22-23. In short, these businesses are all related to the management and operation of Calista's websites.

## DISCUSSION

Tenza concedes that it has not personally served Zhukov with Tenza's Answer and First Amended Counterclaims. Instead, Tenza contends that it need not personally serve Zhukov because, as the alter ego of Calista, Zhukov should be deemed by the Court to have already been served. Zhukov responds that because he has not been personally served, or should otherwise be deemed served, the Court lacks jurisdiction over him. Further, Zhukov argues that he is not the alter ego of Calista and that, instead, Calista works with various other corporate entities to manage its business affairs in the adult-entertainment industry.

The Court declines to enter default judgment against Zhukov for two reasons. First, the Court agrees that Tenza has not effectively attempted personally to serve Zhukov. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946). Service of process requirements are generally a prerequisite to a court's jurisdiction over an adverse party. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). Before granting a motion for default judgment a court must first "assess the adequacy of the service of process on the party against whom default judgment is requested." *McFadden v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 2839810, at *2 (E.D. Cal. July 10, 2012) (collecting cases) (citation and quotation marks omitted), *report and recommendation adopted*, 2012 WL 3756579 (E.D. Cal. Aug. 28, 2012). Therefore, a default entered in the absence of proper service of process may be set aside as void. *See Mason v. Genisco Tech. Corp.*, 960 F.2d

PAGE 4 – OPINION AND ORDER

849, 851 (9th Cir. 1992) (reversing district court's grant of summary judgment on grounds that the default judgment entered against the plaintiff in a previous action involving the same parties was void and had no res judicata effect because the complaint in the previous action was not properly served); *accord James v. Scribner*, 415 F. App'x 835, 836 (9th Cir. 2011); *see also McCain v. Cal. Highway Patrol*, 2011 WL 5169372, at *3 (E.D. Cal. Oct. 28, 2011) (collecting district court cases).

Tenza's pending motion for default judgment based on the as-of-yet-unproven *allegation* that Zhukov is Calista's alter ego fails to satisfy the due process component related to service of process. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (holding that service of process must be "notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). Unless and until Zhukov is found to be the alter ego of Calista, there is no reason why Zhukov should assume that such an allegation alone is sufficient to establish personal jurisdiction over him. Moreover, without a basis for personal jurisdiction and in the absence of proper service of process, a district court has no power to render default judgment against a party unless that party consented to jurisdiction or waived the service of process. *See Mason*, 960 F.2d at 851. Without outlining the various methods by which service of process can be effected on Zhukov, the Court finds that the allegations that Zhukov is Calista's alter ego do not alone warrant finding that Zhukov should have filed an answer within 17 days of Tenza filing its Answer and First Amended Counterclaims.[1]

---

[1] The Court notes that a counterclaim-defendant such as Zhukov who believes that the Court lacks personal jurisdiction over him would not assume jurisdiction and respond. Instead, a counterclaim-defendant is more likely to bring a motion to dismiss for lack of personal jurisdiction upon receiving proper service of process. Indeed, the majority of the cases cited by Tenza in support of its motion, *see infra* note 2, reflect this scenario.

PAGE 5 – OPINION AND ORDER

Tenza rests its motion for default judgment against Zhukov on the alter ego theory alone. The authority cited by Tenza is not to the contrary. Tenza primarily relies on *Certified Building Products, Inc. v. NLRB*, a one-page opinion from the Ninth Circuit, to support the proposition that if a corporation is found to be an individual's alter ego, a court can "pierce the corporate veil" and attribute contacts of the corporation to the individual. 528 F.2d 968, 969 (9th Cir. 1976). The cases provided by Tenza citing *Certified Building* deal exclusively with whether allegations of alter ego liability are sufficient to establish personal jurisdiction or service of process.[2] These cases, however, do not address whether merely alleging alter ego liability against a party coupled with that party's failure to respond is sufficient to support the entry of a default judgment.

Because Tenza has not demonstrated that it provided Zhukov with adequate notice of this action, "it is inappropriate to conclude that the defendant has failed to plead or otherwise defend

---

[2] *See ADO Fin., AG v. McDonnell Douglas Corp.*, 931 F. Supp. 711, 713, 715 (C.D. Cal. 1996) (finding that defendant "made a *prima facie* showing of alter ego liability" that allowed the court to exercise personal jurisdiction over the counterclaim-defendants); *Goldman v. Seawind Grp. Holdings Pty Ltd.*, 2013 WL 4647492, at *3-4 (N.D. Cal. Aug. 29, 2013) (finding that the plaintiffs made a prima facie showing of alter ego liability sufficient to establish personal jurisdiction and effective service of process over a defendant); *Hoag v. Sweetwater Int'l*, 857 F. Supp. 1420, 1427 (D. Nev. 1994) (finding that the plaintiff's allegations that an individual was the sole shareholder of a corporation was "not enough, in itself, to establish that the corporation is the alter ego," and thus the court could not exercise personal jurisdiction over that individual); *j2 Global, Inc. v. Fax87.Com*, 2014 WL 462832, at *4 (C.D. Cal. Feb. 5, 2014) (finding that the plaintiff made insufficient allegations to establish that an individual was the alter ego of a corporation and that service of process was insufficient); *Peak Performance Nutrition v. MediaPower, Inc.*, 2010 WL 2384412, at *4-5 (C.D. Cal. June 7, 2010) (declining to exercise personal jurisdiction where the plaintiffs "neither alleged nor produced evidence to show that 'separate personalities of the corporation and the shareholder do not really exist'" (citation omitted)); *Perrotta v. Roadway Global Air*, 1996 WL 723031, at *1-2 (N.D. Cal. Dec. 9, 1996) (finding on a motion to dismiss for lack of personal jurisdiction that the plaintiff failed to demonstrate that the defendant corporation was the alter ego of another); *RAE Sys., Inc. v. TSA Sys., Ltd.*, 2005 WL 1513124, at *4 (N.D. Cal. June 24, 2005) (finding that "allegations of alter ego liability are sufficient at this stage [motion to dismiss for lack of personal jurisdiction] of the litigation").

PAGE 6 – OPINION AND ORDER

under Federal Rule of Civil Procedure 55(a)." *Rhuma v. Libya*, 2014 WL 1665042, at *3 (E.D. Cal. Apr. 24, 2014) (citation and quotation marks omitted), *report and recommendation adopted*, 2014 WL 2548861 (E.D. Cal. June 5, 2014). The Court therefore declines to address the substance of Tenza's alter-ego argument because Zhukov would not be deemed to be served pursuant to *Certified Building* and required to respond to Tenza's amended pleadings until the Court first rules that it has personal jurisdiction over Zhukov as the alter ego of Calista. *See supra* note 2.

Second, the Court declines to enter default judgment because default judgment against Zhukov may be inconsistent with a judgment on the merits in favor of the remaining and answering counterclaim party, Calista, if that even were to occur. *See Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872). Because Calista responded to Tenza's Answer and First Amended Counterclaims, the question arises whether the Court should exercise its discretion under Rule 54(b) to enter a default judgment against less than all the answering counterclaim parties. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (explaining that a district court may exercise its discretion "in the interest of sound judicial administration" to enter a default judgment as to less than all defendants (citation and quotation marks omitted)).

The principle announced in *Frow* and the discretion inherent in Rule 54(b) applies not only to claims dealing with joint liability between parties, but also to circumstances in which counterclaim parties have closely related defenses or are otherwise "similarly situated." *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). The Ninth Circuit noted that for "similarly situated" parties, it would be "incongruous and unfair" to allow an opposing party to prevail against a defaulting party on a legal theory rejected by a court with regard to an answering party "in the same action." *Id.* The risk of inconsistency is particularly true when the

PAGE 7 – OPINION AND ORDER

entry of default "precede[s] the findings as to the non-defaulting [parties] at the time the case" is "originally [being] decided by the district court[]." *Garamendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012). Because the parties' cross-motions for summary judgment are pending, and a trial will be needed if summary judgment is denied, the Court declines to enter default judgment as to Zhukov when such an entry may be inconsistent with the Court's ruling on the pending motions or a trial on the merits.

## CONCLUSION

The Court DENIES without prejudice Tenza's Motion for Entry of Default Judgment as to Counterclaim-Defendant Alexander Zhukov (Dkt. 90).

**IT IS SO ORDERED**.

DATED this 23rd day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 8 – OPINION AND ORDER