IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALISTA ENTERPRISES LTD.**, <br> *a Republic of Seychelles Company*, <br><br> Plaintiff, <br><br> v. <br><br> **TENZA TRADING LTD.**, <br> *a Cyprus Company*, <br><br> Defendant, <br><br> v. <br><br> **ALEXANDER ZHUKOV**, <br> *a Czechoslovakian citizen*, <br><br> Counterclaim-Defendant. | Case No. 3:13-cv-01045-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

On July 2, 2014, Plaintiff Calista Enterprises Ltd. ("Calista") moved for leave to file an amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Defendant Tenza Trading Ltd. ("Tenza") opposes Calista's motion. For the reasons that follow, the Court grants Calista's motion.

PAGE 1 – ORDER

Rule 15(a) provides that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The court should apply the rule's "policy of favoring amendments . . . with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks and citation omitted). In determining whether to grant a motion to amend, the court should consider bad faith, undue delay, prejudice to the opposing party, futility of amendment, and prior amendments to the complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Futility alone can justify denying an amendment. *Id.*

Calista moves to correct what Calista says was a scrivener's error in Count I of its complaint. Calista seeks to replace its reference to 15 U.S.C. § 1125(2)(D)(5) with 15 U.S.C. § 1114(2)(D)(v). The consistent reference by the parties to 15 U.S.C. § 1114 during the course of this litigation and the recent discovery of the asserted scrivener's error in Calista's complaint indicate that Calista is not acting in bad faith by seeking to amend its complaint in this manner. Further, Calista did not unduly delay filing its motion to amend because Calista explains that it only learned of this error shortly before June 17, 2014.

In addition, Tenza fails to establish that it will suffer unfair prejudice if the Court grants Calista's motion. As noted by Calista, Tenza has conducted discovery into the elements related to 15 U.S.C. § 1114 and there is some evidentiary overlap between § 1114 and § 1125. Tenza's position that it would not object to Calista *dismissing* the 15 U.S.C. § 1125 claim and allowing Calista to add a new claim under 15 U.S.C. § 1114 also indicates that Tenza is more concerned with collateral issues than an adjudication in this forum of Calista's claims on the merits. Further, Calista's proposed amendment would not raise substantial issues that are disconnected to the original complaint or require lengthy and new discovery. There is no argument asserted that Calista's claim under 15 U.S.C. § 1114 is futile. Finally, Calista has made no prior

amendments to its complaint. Thus, all the relevant considerations favor granting Calista's motion.

The Court GRANTS Calista's Motion for Leave to File Amended Complaint (Dkt. 107) solely to allow Calista to correct the scrivener's error in Count I of its complaint and change the reference to 15 U.S.C. § 1125(2)(D)(5) to 15 U.S.C. § 1114. To the extent, however, that Tenza needs additional reasonable and related discovery, Tenza may do so and those discovery costs are to be paid by Calista regardless of who the prevailing party is in this case. *See Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995) ("[A] district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty.").

**IT IS SO ORDERED.**

DATED this 23rd day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge