**Thomas Freedman Jr.** (OSB No. 080697) thomas@prllaw.com
**Pearl Law LLC**
552 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
Tel:     (503) 295-6296 | Fax: (503) 295-6344

**Valentin Gurvits** (*pro hac vice*) vgurvits@bostonlawgroup.com
**Matthew Shayefar** (*pro hac vice*) matt@bostonlawgroup.com
**Boston Law Group, PC**
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:     (617) 928-1800 | Fax: (617) 928-1802

**Sean Ploen** (*pro hac vice*) sploen@ploen.com
**Ploen Law Firm, PC**
100 South Fifth Street, Suite 1900
Minneapolis, Minnesota  55402
Tel:     (651) 894-6800 | Fax: (651) 894-6801

**Evan Fray-Witzer** (*pro hac vice*) evan@CFWLegal.com
**Ciampa Fray-Witzer, LLP**
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel:     (617) 426-0000 | Fax: (617) 507-8043

Attorneys for Counterclaim Defendant Alexander Zhukov.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **CALISTA ENTERPRISES LTD.**, a Republic of Seychelles company,<br><br>     Plaintiff,<br><br>- v. -<br><br>**TENZA TRADING LTD.**, a Cyprus company,<br><br>     Defendant. | Case No. 3:13-cv-01045-SI<br><br>**ALEXANDER ZHUKOV'S OPPOSITION TO TENZA'S MOTION FOR ALTERNATIVE SERVICE** |

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**                                                        Page **1**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                                          Zhukov Opposition to Tenza's
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com          Motion for Alternative Service

**TENZA TRADING LTD.**,
a Cyprus company,

    Counterclaim Plaintiff,

- v. -

**CALISTA ENTERPRISES LTD.**,
a Republic of Seychelles company, and
**ALEXANDER ZHUKOV**,
a Czechoslovakian citizen,

    Counterclaim Defendants.

    Despite its straightforward admission that it has never *attempted* to properly serve Defendant Alexander Zhukov ("Mr. Zhukov") under the Hague Convention, Defendant Tenza Trading, Inc. ("Tenza") seeks to bypass the rules of service because – having waited nine months to first move to add Mr. Zhukov to the present action, and then another three months after the Court's allowance to file the present motion – it no longer believes that proper service can be effectuated in a timely manner.  The Defendant's own delays, however, do not justify throwing out the Rules of Civil Procedure as well as an international treaty, simply because Tenza finds compliance with those laws to be inconvenient.  As such, the Tenza's Motion must be denied.  In further support of this Opposition, and pursuant to the limited appearance filed on Mr. Zhukov's behalf, Mr. Zhukov states as follows.

## Factual Background

    On June 21, 2013, Calista filed the present action.  On August 21, 2013, Tenza filed its Answer and Counterclaim.  According to Tenza, it has believed and "maintained from the earliest hearing in this matter that 'Calista Enterprises Ltd.' was not a legitimate corporate entity

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com

Page **2**
Zhukov Opposition to Tenza's
Motion for Alternative Service

and was merely an alter ego and alias for its 'principal' Alexander Zhukov." Tenza's Motion to Amend Counterclaims, p. 2 (citing the sworn declaration of Attorney Tauger, in which he states the same).[1] Nevertheless, Tenza waited until March 14, 2014, some five-and-a-half months later, to move for leave to add Mr. Zhukov as a defendant in this action. On April 23, 2014, the Court allowed Tenza's Motion to amend. Tenza then waited another three months to file the present Motion for Alternative Service, choosing instead to first pursue a litigation strategy of seeking to default an individual never served with process.

## Argument

I. Tenza's Motion Must Be Denied As The Form of Service It Proposes Is Not Permitted Under the Hague Convention.

Fed. R. Civ. P. 4(f)(3) provides that the Court may allow alternative service "by other means not prohibited by international agreement . . . ." In its Motion, however, Tenza readily admits that, according to the Hague Convention on International Service, "service in the Czech republic can only be accomplished through the Central Authority." Tenza's Motion, p. 4. In this respect, Tenza is absolutely correct. None of the forms of service which it proposes are permitted under the Hague Convention. As such, the forms of service of process proposed by Tenza are means which are "prohibited by international agreement" and outside of the Court's power to permit.

II. Tenza Cannot Bypass the Hague Convention Simply Because It Finds Its Provisions to be Inconvenient.

Although it has not attempted to serve Mr. Zhukov in the Czech Republic (where he resides and where Tenza took Calista's 30(b)(6) deposition, for which Mr. Zhukov served as Calista's representative) in accordance with the requirements of the Hague Convention, it asks to

---

[1] The first hearing in this matter took place on October 30, 2013.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**                                     Page **3**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                       Zhukov Opposition to Tenza's
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com         Motion for Alternative Service

be relieved of its obligation to do so because (a) it claims it does not have time to do so and (b) a failure to relieve it of its legal obligations will allegedly result in irreparable harm. With respect to Tenza's first argument, it is a problem of its own making and with respect to the second it is simply inaccurate.

First, as is noted above, Tenza first believed that Mr. Zhukov was a proper defendant in this case some ten (10) months ago. Nevertheless, it waited until March of this year to seek to add Mr. Zhukov to the case and another three months after this Court's allowance of its Motion to Amend to bring its present motion. In the interim, it used its time in an attempt to default an individual whom it had never served, a legal tactic that proved to be unfruitful. What it did not do – and what it does not claim to have done – is start the proper process under the Hague Convention to properly serve Mr. Zhukov. If Tenza is now permitted to make an end-run around the Hague Convention – simply because it finds the treaty to be inconvenient – it will serve as a lesson to litigants that they may treat Rules and treaties as optional because they can always ask the Court to allow them to ignore the requirements imposed by such Rules and treaties. This cannot possibly be the proper result under Rule 4 or the Hague Convention.

Secondly, Tenza's claim of "irreparable harm" is misplaced. As this Court noted during the last oral argument, *if* Tenza is ultimately successful on its claims and *if* it is unable to recover from Calista on a judgment, it is always free at that point to bring a claim against Mr. Zhukov in which it attempts to pierce Calista's corporate veil. Surely in such a situation Tenza will have sufficient time to attempt proper service of process.

## Conclusion

For the reasons stated hereinabove, Mr. Zhukov respectfully requests that Tenza's Motion for Alternative Service be denied.

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**　　　　　　　　　　　　　　　　　　　Page **4**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459　　　　　　　　　　　　　Zhukov Opposition to Tenza's
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com　　　Motion for Alternative Service

Dated:  August 7, 2014

Respectfully Submitted,
Counterclaim Defendant Alexander Zhukov,
By his attorneys, pursuant to their limited appearance,

/s/ Matthew Shayefar
Matthew Shayefar (*pro hac vice*)
Valentin Gurvits (*pro hac vice*)
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel:     (617) 928-1800
Fax:    (617) 928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

/s/ Evan Fray-Witzer
Evan Fray Witzer (*pro hac vice*)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel:     (617) 426-0000
Fax:    (617) 507-8043
evan@CFWLegal.com

/s/ Thomas Freedman Jr.
Thomas Freedman Jr. (OSB No. 080697)
Pearl Law LLC
552 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
Tel:     (503) 295-6296
Fax:    (503) 295-6344
thomas@prllaw.com

/s/ Sean Ploen
Sean Ploen (*pro hac vice*)
Ploen Law Firm, PC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
Tel:     (651) 894-6800
Fax:    (651) 894-6801
sploen@ploen.com

**Val Gurvits | Matthew Shayefar | Boston Law Group, PC**                                                                                    Page **5**
825 Beacon Street, Suite 20 | Newton Centre, MA 02459                                               Zhukov Opposition to Tenza's
617-928-1800 | vgurvits@bostonlawgroup.com | matt@bostonlawgroup.com           Motion for Alternative Service