**Paul N. Tauger (*Appearing Pro Hac Vice* - CA Bar No. 160552)**
*pnt@eclipsegrp.com*
**Anna M. Vradenburgh (*Appearing Pro Hac Vice* - CA Bar No.  163212)**
*amv@eclipsegrp.com*
THE ECLIPSE GROUP LLP
2020 Main Street, Suite 600
Irvine, CA 92614
Phone 949-851-5000 ext. 110
Fax 949-851-5051

**Devon Zastrow Newman, OSB #014627**
*dnewman@schwabe.com*
**Alexandra J. Bodnar, OSB #133058**
*abodnar@schwabe.com*
SCHWABE, WILLIAMSON & WYATT
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Phone 503-222-9981
Fax 503-796-2900

Attorneys for Defendant
**Tenza Trading Ltd.**

# THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALISTA ENTERPRISES LTD,** a Republic of Seychelles Company,<br><br>      Plaintiff,<br><br> v.<br><br>**TENZA TRADING LTD.,** a Cyprus Company,<br><br>      Defendant. | Case No. 3:13-cv-01045-SI<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**<br><br>DEMAND FOR JURY TRIAL |

Page 1 -    **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**



---

**TENZA TRADING LTD.,** a Cyprus
Company,

      Counterclaim Plaintiff,

 v.

**CALISTA ENTERPRISES LTD,** a Republic
of Seychelles Company; and **ALEXANDER
ZHUKOV,** A Czechoslovakian citizen,

      Counterclaim Defendants.

   Defendant and Counterclaim-plaintiff TENZA TRADING LTD. (hereafter, "Tenza" or

"Defendant and Counterclaim-plaintiff"), by and through its counsel, answers the First Amended

Complaint of Plaintiff CALISTA ENTERPRISES LTD. (hereafter, "Calista" or "Plaintiff") as

follows:

   1.  Answering Paragraph 1 of the Complaint, Tenza denies the allegations of this

paragraph.

   2.  Answering Paragraph 2 of the Complaint, Tenza admits that Plaintiff operates a

number of websites that infringe Tenza's federally-registered trademark PORNTUBE, and

denies the remainder of the allegations of this paragraph.

   3.  Answering Paragraph 3 of the Complaint, Tenza admits that Plaintiff had, for a

relatively short period, sent users to Tenza's website identified by the federally-registered

trademark PORNTUBE, and denies the remainder of the allegations of this paragraph.

   4.  Answering Paragraph 4 of the Complaint, Tenza denies that it had any dealings

with Plaintiff prior to 2011, denies that it was aware that Plaintiff operated websites that

Page 2 -  **ANSWER TO FIRST AMENDED COMPLAINT AND
FIRST AMENDED COUNTERCLAIM OF TENZA
TRADING LTD**



infringed Tenza's federally-registered trademark, denies that it wanted Plaintiff to drive users from specific websites owned by Plaintiff, and admits the remainder of the allegations of this paragraph.

5.      Answering Paragraph 5 of the Complaint, Tenza admits that Plaintiff forwarded many visitors to the website at www.porntube.com, and denies the remainder of the allegations of this paragraph.

6.      Answering Paragraph 6 of the Complaint, Tenza admits that it filed an administrative proceeding against Plaintiffs under the arbitration rules of the Uniform Domain Name Dispute Resolution Policy ("UDRP") for its ownership and maintenance of thirteen websites that infringed Tenza's federally-registered PORNTUBE trademark, and denies the remainder of the allegations of this paragraph.

7.      Answering Paragraph 7 of the Complaint, Tenza denies that it requested Plaintiffs's services, denies that the arbitration panel decision was erroneous, and admits the remainder of the allegations of this paragraph.

8.      Answering Paragraph 8 of the Complaint, Tenza admits that the documents attributed to it by Plaintiffs were filed by Tenza in the UDRP proceeding.  Tenza lacks sufficient information to admit or deny the remaining allegations of this paragraph and upon that basis denies the allegations therein.

9.      Answering Paragraph 9 of the Complaint, Tenza admits that Plaintiff seeks the relief identified in this paragraph, but denies that Plaintiff has brought this action for those purposes and denies that Plaintiff is entitled to said relief.

Page 3 -    **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**



ECLIPSE|GROUP
2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

10.     Answering Paragraph 10 of the Complaint, Tenza lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies all allegations therein.

11.     Answering Paragraph 11 of the Complaint, Tenza admits the allegations of this paragraph.

12.     Answering Paragraph 12 of the Complaint, Tenza admits that Plaintiff seeks declaratory judgment by its Complaint, but denies that jurisdiction is available under the cited statutes on the facts alleged by Plaintiff and denies Plaintiff is entitled to said relief.

13.     Answering Paragraph 13 of the Complaint, Tenza denies that subject matter jurisdiction exists in this case.

14.     Answering Paragraph 14 of the Complaint, Tenza admits that it has consented to the personal jurisdiction of this Court in the very limited context provided by the UDRP, and otherwise denies the remainder of the allegations of this paragraph.

15.     Answering Paragraph 15 of the Complaint, Tenza admits that venue would be correct for an action predicated upon the limited circumstances identified in Paragraph 14, *supra*, and denies the remainder of the allegations therein.

16.     Answering Paragraph 16 of the Complaint, Tenza denies the existence of anything generically called a "porn tube"; PORNTUBE is Tenza's federally-registered trademark and is used to identify its www.porntube.com website.  Tenza lacks sufficient information to admit or deny the allegations of this paragraph and on that basis denies the remaining allegations therein.

17.     Answering Paragraph 17 of the Complaint, Tenza denies the existence of anything generically called a "porn tube"; PORNTUBE is Tenza's federally-registered trademark and is used to identify its www.porntube.com website.  Tenza lacks sufficient information to admit or

Page 4 -     **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**


ECLIPSE GROUP
2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

deny the remainder of the allegations of this paragraph and on that basis denies the remaining allegations therein.

18.     Answering Paragraph 18 of the Complaint, Tenza denies the existence of anything generically called a "porn tube"; PORNTUBE is Tenza's federally-registered trademark and is used to identify its www.porntube.com website.  Tenza lacks sufficient information to admit or deny the remainder of the allegations of this paragraph and on that basis denies the remaining allegations therein.

19.     Answering Paragraph 19 of the Complaint, Tenza denies the existence of anything generically called a "porn tube"; PORNTUBE is Tenza's federally-registered trademark and is used to identify its www.porntube.com website.  Tenza lacks sufficient information to admit or deny the remainder of the allegations of this paragraph and on that basis denies the remaining allegations therein.

20.     Answering Paragraph 20 of the Complaint, Tenza denies the existence of anything generically called a "porn tube"; PORNTUBE is Tenza's federally-registered trademark and is used to identify its www.porntube.com website.  Tenza lacks sufficient information to admit or deny the remainder of the allegations of this paragraph and on that basis denies the remaining allegations therein.

21.     Answering Paragraph 21 of the Complaint, Tenza admits that Plaintiff operates websites identified by at least fourteen domains that include, as part of their names, Tenza's federally-registered trademark PORNTUBE, and denies the remainder of the allegations therein.

22.     Answering Paragraph 22 of the Complaint, Tenza admits that the thirteen domain names listed contain Tenza's federally-registered PORNTUBE trademark but denies that these

**ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**




are the only domains owned, controlled and/or administered by Plaintiff that contain Tenza's federally-registered PORNTUBE trademark.

23.    Answering Paragraph 23 of the Complaint, Tenza admits that it so alleged the facts recited therein in its UDRP Complaint.

24.    Answering Paragraph 24 of the Complaint, Tenza admits that Plaintiff's UDRP Response alleged that Plaintiff operates the domains identified in Paragraph 22 of Plaintiff's Complaint and denies the remainder of the allegations therein.

25.    Answering Paragraph 25 of the Complaint, Tenza admits that it owns a website identified by its federally-registered PORNTUBE trademark, admits that Plaintiff previously drove traffic to its www.porntube.com website, and denies the remainder of the allegations of this paragraph.

26.    Answering Paragraph 26 of the Complaint, Tenza denies the allegations therein.

27.    Answering Paragraph 27 of the Complaint, Tenza denies the allegations therein.

28.    Answering Paragraph 28 of the Complaint, Tenza admits the allegations contained therein.

29.    Answering Paragraph 29 of the Complaint, the terms used therein are undefined and, therefore, not readily comprehensible.  Tenza cannot, therefore, admit or deny allegations with respect to these terms and therefore denies the allegations therein.

30.    Answering Paragraph 30 of the Complaint, Tenza denies that Plaintiff asked Defendant to direct users to domains owned by Defendant, and denies that DreamStar owns or owned "porn tubes."

31.    Answering Paragraph 31 of the Complaint, Tenza denies the allegations therein.



32.     Answering Paragraph 32 of the Complaint, Tenza denies the allegations therein.

33.     Answering Paragraph 33 of the Complaint, Tenza denies that it had any knowledge of Plaintiff's registration and use of Tenza's federally-registered PORNTUBE trademark in its domain names, denies that anyone other than Plaintiff received benefit from Plaintiff's infringement thereof, and admits the remainder of the allegations therein.

34.     Answering Paragraph 34 of the Complaint, Tenza admits that, from January 3, 2011 through March 28, 2013, Plaintiff's websites resulted in referrals to Tenza's www.porntube.com site, and denies the remainder of the allegations therein.

35.     Answering Paragraph 35 of the Complaint, Tenza denies that its other affiliates are "like Plaintiff," as Tenza is unaware of any affiliates, other than Plaintiff, that have, and continue, to infringe its federally-registered PORNTUBE trademark, and admits the remainder of allegations therein.

36.     Answering Paragraph 36 of the Complaint, Tenza lacks sufficient information to admit or deny the allegations of this paragraph and therefore denies the allegations therein.

37.     Answering Paragraph 37 of the Complaint, Tenza denies the allegations of this paragraph.

38.     Answering Paragraph 38 of the Complaint, Tenza denies the allegations contained therein.

39.     Answering Paragraph 39 of the Complaint, Tenza denies the allegation that it ever listed Plaintiff's infringing goldporntube.com in any capacity, and lacks sufficient information to admit or deny the remainder of the allegations of this paragraph.




40.     Answering Paragraph 40 of the Complaint, Tenza denies the allegations contained therein.

41.     Answering Paragraph 41 of the Complaint, Tenza admits that Plaintiff won an Apple iPad in the contest drawing and denies the remainder of the allegations contained therein.

42.     Answering Paragraph 42 of the Complaint, Tenza denies the allegations contained therein.

43.     Answering Paragraph 43 of the Complaint, Tenza admits that, on March 28, 2013, it filed a complaint against Plaintiff under the Uniform Domain Name Dispute Resolution Policy and denies the remainder of the allegations therein.

44.     Answering Paragraph 44 of the Complaint, Tenza admits that it alleged in its UDRP complaint that it owns exclusive rights to use the federally-registered trademark PORNTUBE for the goods and services identified in its federal registration, admits that it alleged that Plaintiff was not operating a *bona fide* service at domains that it owned, admits that it alleged that Plaintiff registered and used the domains in bad faith, and denies the remainder of the allegations therein.

45.     Answering Paragraph 45 of the Complaint, Tenza lacks sufficient information to admit or deny the allegations of this paragraph and therefore denies the allegations therein.

46.     Answering Paragraph 46 of the Complaint, Tenza denies the allegations therein.

47.     Answering Paragraph 47 of the Complaint, Tenza denies the allegations therein.

48.     Answering Paragraph 48 of the Complaint, Tenza admits the allegations therein.

49.     Answering Paragraph 49 of the Complaint, Tenza denies the allegations therein and denies that Plaintiff is entitled to the requested relief.



Page 8 -    **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**



2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

50.    Answering Paragraph 50 of the Complaint, Tenza admits that its federal registration for PORNTUBE, filed on October 29, 2008, was issued on March 29, 2011, and denies the remainder of the allegations in this paragraph.  With respect to the allegations contained in footnote 1 to this paragraph, Tenza denies that it engaged in any "half truths." Tenza admits that an opposition was filed against Tenza's then-pending trademark application for the PORNTUBE mark, and that opposition was based, in part, on the allegation that Tenza's mark was descriptive without acquired secondary meaning.  As in the instant lawsuit, Tenza denies that the allegation by the Opposer had any merit, and further denies that co-existence agreement evidences or, in any other way, supports the contention that it does.

51.    Answering Paragraph 51 of the Complaint, Tenza denies the allegations therein

52.    Answering Paragraph 52 of the Complaint, Tenza denies the allegations therein.

53.    Answering Paragraph 53 of the Complaint, Tenza denies the allegations therein.

54.    Answering Paragraph 54 of the Complaint, Tenza denies the allegations therein.

55.    Answering Paragraph 55 of the Complaint, Tenza denies the allegations therein.

56.    Answering Paragraph 56 of the Complaint, Tenza denies the allegations therein.

57.    Answering Paragraph 57 of the Complaint, Tenza denies the allegations therein.

58.    Answering Paragraph 58 of the Complaint, Tenza admits the allegations therein.

59.    Answering Paragraph 59 of the Complaint, Tenza denies the allegations therein.

60.    Answering Paragraph 60 of the Complaint, Tenza admits the allegations therein.

61.    Answering Paragraph 61 of the Complaint, Tenza denies the allegations therein.

62.    Answering Paragraph 62 of the Complaint, Tenza admits the allegations therein.

63.    Answering Paragraph 63 of the Complaint, Tenza admits the allegations therein.



ECLIPSE|GROUP
2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

64.      Answering Paragraph 64 of the Complaint, Tenza denies that the domains that were the subject of the UDRP proceeding are or ever were "rightfully-owned property" of Plaintiff.  Tenza lacks sufficient information to admit or deny the remainder of the allegations therein and therefore denies them on that basis.

65.      Answering Paragraph 65 of the Complaint, Tenza admits that its federal registration for its PORNTUBE mark is active and denies the remainder of the allegations therein.

66.      Answering Paragraph 66 of the Complaint, Tenza denies the allegations therein.

67.      Answering Paragraph 67 of the Complaint, Tenza incorporates by reference it responses to the individual allegations of the Complaint as if fully set forth herein.

68.      Answering Paragraph 68 of the Complaint, Tenza denies the allegations therein.

69.      Answering Paragraph 69 of the Complaint, Tenza denies the allegations therein.

70.      Answering Paragraph 70 of the Complaint, Tenza denies the allegations therein.

71.      Answering Paragraph 71 of the Complaint, Tenza denies the allegations therein.

72.      Answering Paragraph 72 of the Complaint, Tenza denies the allegations therein.

73.      Answering Paragraph 73 of the Complaint, Tenza denies the allegations therein.

74.      Answering Paragraph 74 of the Complaint, Tenza denies the allegations therein.

75.      Answering Paragraph 75 of the Complaint, Tenza denies the allegations therein.

76.      Answering Paragraph 76 of the Complaint, Tenza admits the allegations therein.

77.      Answering Paragraph 77 of the Complaint, Tenza lacks sufficient information to admit or deny the allegations and upon that basis denies all the allegations therein.

**ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**

ECLIPSE GROUP
2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

78.     Answering Paragraph 78 of the Complaint, Tenza denies the allegations therein and denies Plaintiff has been harmed.

79.     Answering Paragraph 79 of the Complaint, Tenza denies there is an actual justiciable controversy, denies Plaintiff is entitled to any relief, and admits the remainder of the allegations.

80.     Answering Paragraph 80 of the Complaint, Tenza incorporates by reference its responses to paragraphs 1 through 79, inclusive, of the Complaint as if fully set forth herein.

81.     Answering Paragraph 81 of the Complaint, Tenza denies the allegations therein.

82.     Answering Paragraph 82 of the Complaint, Tenza incorporates by reference its responses to the individual allegations of the Complaint as if fully set forth herein.

83.     Answering Paragraph 83 of the Complaint, Tenza denies the allegations therein.

84.     Answering Paragraph 84 of the Complaint, Tenza denies the allegations therein and denies Plaintiff has been harmed.

85.     Answering Paragraph 85 of the Complaint, Tenza denies the allegations therein.

86.     Answering Paragraph 86 of the Complaint, Tenza incorporates by reference its responses to the individual allegations of the Complaint as if fully set forth herein.

87.     Answering Paragraph 87 of the Complaint, Tenza denies the allegations therein.

88.     Answering Paragraph 88 of the Complaint, Tenza incorporates by reference its responses to the individual allegations of the Complaint as if fully set forth herein.

89.     Answering Paragraph 89 of the Complaint, Tenza denies the allegations therein.

90.     Answering Paragraph 90 of the Complaint, Tenza denies the allegations therein and denies Plaintiff has been harmed.

Page 11 -   **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**




2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

91.     Answering Paragraph 91 of the Complaint, Tenza denies the allegations therein.

92.     Answering Paragraph 92 of the Complaint, Tenza incorporates by reference it responses to the individual allegations of the Complaint as if fully set forth herein.

93.     Answering Paragraph 93 of the Complaint, Tenza denies the allegations therein.

94.     Answering Paragraph 94 of the Complaint, Tenza denies the allegations therein.

95.     Answering Paragraph 95 of the Complaint, Tenza denies the allegations therein.

## Affirmative Defenses

### First Affirmative Defense

The Complaint fails to state facts upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is barred by the Doctrine of Unclean Hands.

### Third Affirmative Defense

Plaintiff lacks standing to maintain this action.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no compensable injury.

### Fifth Affirmative Defense

Plaintiff is not entitled to injunctive relief because it has not established irreparable harm.

### Sixth Affirmative Defense

Plaintiff is not entitled to an award of attorneys' fees in the absence of a statute or law authorizing such fees.

### Seventh Affirmative Defense



Plaintiff cannot recover damages from Tenza to the extent that damages alleged by Plaintiff are speculative or uncertain.

<u>Eighth Affirmative Defense</u>

Plaintiff cannot recover damages from Tenza to the extent that Plaintiff failed to mitigate its alleged damages.

<u>Ninth Affirmative Defense</u>

Plaintiff is liable to Tenza in amounts in excess of those Plaintiff claims herein.  Tenza is entitled to set off and/or recoup its damages against the damages, if any, that Plaintiff may be awarded under the Complaint.

<u>Tenth Affirmative Defense</u>

Reservation of Affirmative Defenses

Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings.  Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

<u>Counterclaims</u>

Tenza Trading, Ltd. ("Tenza") asserts the following counterclaims.  Tenza invokes Rule 8(c)(2) thereby permitting any defense designated as a counterclaim and any counterclaim designated as a defense to be treated as if the pleading had been properly designated.

1.      This Court has jurisdiction over the claims in this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1332 and 1367(a).  The domain names at issue in this action are hosted by

Page 13 -   **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**



2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

Moniker Online Services, LLC, an Oregon corporation.  Moreover, Plaintiff has voluntarily

submitted to this jurisdiction by filing this action.  This Court has supplemental jurisdiction

under 28 U.S.C. § 1367 for the claims arising out of Oregon's common law of trademark

infringement.

      2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).  The domain names

at issue in this action are registered through Moniker Online Services, LLC, an Oregon

corporation.  Moreover, Plaintiff has voluntarily submitted to this jurisdiction by filing this

action.

**The Parties**

      3.      Counterclaim-plaintiff TENZA TRADING LTD. is a Cyprus company.

      4.      Counterclaim-defendant CALISTA TRADING LTD. is a Seychelles company

that, on information and belief, conducts business within this judicial district.

      5.      Counterclaim-defendant ALEXANDER ZHUKOV is a resident of

Czechoslovakia who, on information and belief, conducts business within this district through his

alter-ego, CALISTA TRADING, LTD.  Through conducting business in this district and by his

actions in filing litigation through his alter-ego in this district, Alexander Zhukov has also

voluntarily submitted jurisdiction in this district and this Court.

      6.      Counterclaimant is ignorant of the true names and capacities of counter-

defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these counter-

defendants as such fictitious names.  Counterclaimant will amend this complaint to allege their

true names and capacities when ascertained. Counterclaimant is informed and believes and

thereon alleges that each of these fictitiously named counter-defendants is responsible in some

Page 14 -    **ANSWER TO FIRST AMENDED COMPLAINT AND
FIRST AMENDED COUNTERCLAIM OF TENZA
TRADING LTD**



manner for the occurrences herein alleged, and that Counterclaimant's injuries as herein alleged were proximately caused by the aforementioned counter-defendants.

7.      Counterclaimant is informed and believes and thereon alleges that at all times herein mentioned, each of the counter-defendants was a co-conspirator with the other counter-defendants, or the agent and/or employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

### Allegations Common to Defendant and Counterclaimant's Affirmative Defenses and Counterclaim.

### Counterclaim-plaintiff

8.      Counterclaim-plaintiff Tenza ("Tenza") owns a commercial adult entertainment website at [www.porntube.com](www.porntube.com) that features photographs, videos, related film clips and other multimedia material (hereafter, "PornTube®").  PornTube® is relatively unique among adult entertainment websites in that everything on its website is uploaded by professional producers of the material.

9.      Tenza first opened its PornTube® website in 2005 and, since then, has earned an excellent reputation among the relevant demographic of consumers, who have visited the Porntube® website in ever-increasing numbers.

10.      Tenza received a federal trademark registration for its PORNTUBE mark (hereafter, the "Registered Mark") and is the owner of said mark.  Its application, made on the basis of actual use in commerce, was filed on October 29, 2008, with a date of first use of May, 2005.  The United States Patent and Trademark Office issued Registration Number 3,936,197 for Tenza's PORNTUBE trademark on March 29, 2011.



2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

11. Tenza earns the bulk of its income from the PornTube® website by selling advertising on its site; the more visitors to its site, the more advertising the website can sell and the higher the rates it can charge its advertisers. The PornTube® website utilizes an affiliate program to increase the number of visitors to its site. Participants in the affiliate program are operators of other adult entertainment websites who include links on their webpages to PornTube® with the expectation that their visitors will click on the PornTube® link and be directed to the PornTube® site. Tenza tracks each "click-through" from a participating affiliate and compensates the affiliate on a per-click-through basis. Throughout its history, well over one thousand different website operators have participated in Tenza's PornTube® affiliate program. At present, approximately two hundred active website operators participate in Tenza's PornTube® affiliate program. Each participating website operator may own and/or control many different domains and websites that link to Tenza's PornTube® site.

<u>Counterclaim-defendants</u>

12. Counterclaim-defendant Alexander Zhukov is the sole owner and employee of Calista. Mr. Zhukov manages Calista out of his home and pays its costs using his personal credit cards. Calista is the alter-ego of Alexander Zhukov. Hereafter, "Calista" refers collectively to Calista and Alexander Zhukov, acting as a single entity.

13. Calista owns a number of websites that target internet consumers interested in adult entertainment media. A number of these websites include, and are identified by, Tenza's federally-registered PORNTUBE trademark (hereafter, "Calista's Infringing Websites"). Calista's Infringing Websites include, at least:

largeporntube.com
goldporntube.com

Page 16 - **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**



2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

kissporntube.com
boxporntube.com
pipeporntube.com
69porntube.com
royalporntube.com
bookporntube.com
cubeporntube.com
freshporntube.com
lustporntube.com
bonusporntube.com
directporntube.com

14.     Tenza is informed and believes, and upon that basis alleges, that, in addition to those identified above, Calista owns other websites that are identified by, and include, Tenza's federally-registered PORNTUBE trademark.  Calista has no permission, authorization or consent to use Tenza's federally-registered PORNTUBE trademark in this manner.

15.     Tenza is informed and believes, and upon that basis alleges, that, unlike Tenza's PornTube® website, which gathers and hosts original material, Calista's Infringing Websites, merely reproduce material found on other adult entertainment sites.

<p align="center">Counterclaim-defendants' Unlawful Conduct</p>

16.     Calista's Infringing Websites, in addition to displaying the adult entertainment material they reproduce from other websites, also contain a list of hyperlinks that identify other adult entertainment sites owned by Calista, as well as by third parties.  These hyperlinks identify the name of the linked website and, when clicked by a visitor to Calista's Infringing Websites, redirect a visitor at Calista's Infringing Websites to the third party site.  Calista enrolled itself in Tenza's affiliate program, whereby it received payment from Tenza for each click-through to Tenza's PornTube® website.  One of the third party links displayed on Calista's Infringing Websites was, at one time, for Tenza's PornTube® website.

Page 17 -    **ANSWER TO FIRST AMENDED COMPLAINT AND
              FIRST AMENDED COUNTERCLAIM OF TENZA
              TRADING LTD**



ECLIPSE|GROUP
2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

17.     The third party links on the Calista Infringing Websites are identified by the actual name of the linked site, e.g. the Calista Infringing Website  www.largeporntube.com hyperlinks to the Calista Infringing Website www.goldporntube.com by a link that displays "Gold Porn Tube."  During the time of Calista's participation in Tenza's PornTube® website affiliate program, Calista included a link to the PornTube® website that was identified by Tenza's federally-registered PORNTUBE trademark.

18.     In addition to unauthorized use in the domain names themselves, Calista has used Tenza's federally-registered PORNTUBE trademark to misdirect visitors to other Calista Infringing Websites.  For example, Calista's www.goldporntube.com website's index page contains a footer that contains a hyperlink labeled "Porn Tube."  That link directs visitors from the www.goldporntube.com site to another Calista Infringing Website, www.69porntube.com. This use of Tenza's federally-registered PORNTUBE trademark is hard-coded into the HTML source code of the index page of Calista's website:

    <a href=http://www.69porntube.com>Porn Tube</a>

19.     Calista's actions in this regard have caused damage to Tenza by diverting would-be visitors to Tenza's PornTube® website to the Calista Infringing Websites, thereby depriving Tenza of the associated advertising income it would have earned.  Calista's actions have caused additional damage in that it has attempted to associate Tenza's federally-registered trademark, and the goodwill appurtenant to it, with Calista's lower-quality websites with which Tenza's PornTube® website competes.

20.     Tenza subsequently filed a complaint pursuant to the Uniform Name Dispute Resolution ("UDRP") process specified by ICANN against Calista for the thirteen domains listed

**ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**


ECLIPSE GROUP
2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

in Paragraph 11. The administrative panel, after considering the arguments and evidence

presented by the parties, found in favor of Tenza and ordered Calista's ICANN registrar,

Moniker, to transfer ownership of the domains to Tenza.

21.    Tenza was unaware of Calista's use of Tenza's federally-registered PORNTUBE

trademark on Calista's websites or in Calista's domain registrations prior to filing the UDRP

complaint. As a participant in Tenza's affiliate program, Calista's only authorization to use

Tenza's federally-registered PORNTUBE trademark was to identify links to Tenza's Porntube®

website. Other than this specific use, Calista had no permission or right to use Tenza's federally-

registered PORNTUBE trademark, and all such use was without Tenza's knowledge or consent.

<div align="center">

**First Cause of Action**

Infringement of Registered Trademark

15 U.S.C. § 1114

</div>

22.    Tenza incorporates by reference paragraphs 1 through 19, inclusive, as if fully set

forth herein.

23.    Calista's activities, as described herein and consisting, *inter alia*, of the

acquisition and use in commerce of websites identified by, and using as part of the URL, Tenza's

federally-registered PORNTUBE trademark constitute trademark infringement in violation of the

Lanham Act including, but not limited to, 15 U.S.C. § 1114.

24.    Calista's use of Tenza's federally-registered PORNTUBE trademark has caused

and/or is likely to cause actual consumer confusion as to source, sponsorship, ownership or

affiliation of the services provided by Tenza in connection with its federally-registered

PORNTUBE trademark.

Page 19 -    **ANSWER TO FIRST AMENDED COMPLAINT AND**
             **FIRST AMENDED COUNTERCLAIM OF TENZA**
             **TRADING LTD**



25.     Calista's  use of Tenza's federally-registered PORNTUBE trademark, as described herein, was willful and deliberate, and intended to trade upon the consumer goodwill and reputation appurtenant to Tenza's federally-registered PORNTUBE trademark.

26.     As a direct and proximate result of Calista's wrongful conduct, Tenza has suffered substantial losses including, but not limited to, damage to its business reputation and goodwill.  Tenza is entitled to damages, which include its losses and all profits Counter-defendants have made as a result of their wrongful conduct, pursuant to 15 U.S.C. § 1117(a).

27.     In addition, because Calista's' infringement of Tenza's federally-registered PORNTUBE trademark was willful within the meaning of the Lanham Act, Tenza is entitled to an additional award of treble the damages and profits pursuant to 15 U.S.C. § 1117(b). Alternatively, the award of statutory damages should be enhanced pursuant to 15 U.S.C. § 1117(c).

28.     Calista Enterprises, Ltd. and Alexander Zhukov are jointly and severally liable for their unlawful conduct.

29.     The unlawful conduct by Calista complained of herein is ongoing and unlikely to cease unless enjoined.  Tenza is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling Calista and all third parties acting in concert with Calista to immediately surrender ownership and control of all internet domains owned and/or controlled by Calista that include Tenza's PORNTUBE mark, or any colorable imitation thereof, as part of the domain name.  Tenza is further entitled to an order enjoining further infringing use of Tenza's PORNTUBE mark.  Tenza has no adequate remedy at law for Calista's wrongful conduct because, inter alia, (a) Tenza's PORNTUBE trademark is a unique and valuable property that has


ECLIPSE|GROUP
2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

no readily determinable market value; (b) Counter-defendants' infringement constitutes harm to Tenza's business reputation and goodwill such that Tenza could not be made whole solely by a monetary award; (c) if Calista's wrongful conduct is allowed to continue, the public and relevant market are likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the products identified by the infringing mark; and (d) Calista's wrongful conduct, and the resulting damages to Tenza, is, on information and belief, on-going.

30.     Tenza is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

<div align="center">

**Second Cause of Action**

Federal Unfair Competition

15 U.S.C. § 1125(a)

</div>

31.     Tenza incorporates by reference paragraphs 1 through 19, and paragraphs 21 through 27, inclusive, as if fully set forth herein.

32.     Calista's activities, as described herein, constitute federal unfair competition, false designation of origin, and common law trademark infringement pursuant to 15 U.S.C. § 1125(a).

33.     As a result of the activities of Calista as described herein, Tenza has been damaged in an amount to be determined.

34.     Calista Enterprises, Ltd. and Alexander Zhukov are jointly and severally liable for their unlawful conduct.

35.     The activities by Calista complained of herein are ongoing and are unlikely to cease unless enjoined.  Tenza is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling Calista and all third parties acting in concert with Calista to

Page 21 -   **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**


ECLIPSE|GROUP
2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

immediately surrender ownership and control of all internet domains owned and/or controlled by

Calista that include Tenza's PORNTUBE mark, or any colorable imitation thereof, as part of the

domain name.  Tenza is further entitled to an order enjoining any further infringing use of

Tenza's PORNTUBE mark.  Tenza has no adequate remedy at law for Calista's wrongful

conduct because, inter alia, (a) Tenza's PORNTUBE trademark is a unique and valuable

property that has no readily determinable market value; (b) Calista's infringement constitutes

harm to Tenza's business reputation and goodwill such that Tenza could not be made whole

solely by a monetary award; (c) if Calista's wrongful conduct is allowed to continue, the public

and relevant market are likely to become further confused, mistaken, or deceived as to the

source, origin or authenticity of the products identified by the infringing mark; and (d) Calista's

wrongful conduct, and the resulting damages to Tenza, is, on information and belief, on-going.

<div align="center">

**Third Cause of Action**

Common Law Trademark Infringement

</div>

36.    Tenza incorporates by reference paragraphs 1 through 19, paragraphs 21 through

27, and paragraphs 29 through 31, inclusive, as if fully set forth herein.

37.    Tenza alleges trademark infringement in violation of Oregon common law.

38.    Calista infringed and misappropriated Tenza's PORNTUBE mark without

permission.  Calista's infringement is likely to and/or has caused confusion amongst consumers

or misunderstanding as to the source, sponsorship or approval of services that Calista and

Tenza's PornTube® website provide.



39.     Calista's actions are likely to lead consumers to conclude, incorrectly, that the services that Calista's websites provide are affiliated, connected, or associated with Tenza's PornTube® website.

40.     On information and belief, Calista acted with full knowledge of Tenza's use of and statutory rights in the PORNTUBE mark and without regard to the likelihood of confusion of the public created by Calista's activities.

41.     Calista's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Tenza's PORNTUBE mark to the irreparable injury of Tenza.

42.     Calista Enterprises, Ltd. and Alexander Zhukov are jointly and severally liable for their unlawful conduct.

43.     As a direct and proximate result of Calista's trademark infringement, Tenza has suffered and will continue to suffer loss of income, profits and goodwill, and Calista have and will continue to acquire income, profits and usurp the goodwill appurtenant to Tenza's federally-registered PORNTUBE trademark.

44.     Calista's acts of infringement will cause further irreparable injury to Tenza if Calista are not restrained by this Court from further violation of Tenza's rights.  Accordingly, Tenza demands an amount of money damages to compensate Tenza for the harm caused, including but not limited to Calista's profits, statutory and/or punitive damages, as well as equitable relief, attorneys' fees, costs and interest.

ECLIPSE|GROUP
2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

**Fourth Cause of Action**

Counterfeiting

15 U.S.C. § 1116

45.     Tenza incorporates by reference paragraphs 1 through 19, paragraphs 21 through 27, paragraphs 29 through 31, and paragraphs 33 through 39, inclusive, as if fully set forth herein.

46.     Calista's use of "Porn Tube" as an identifier of source on webpages on Calista's domains to link to websites other than Tenza's PornTube® website constitutes use of a counterfeit mark within the meaning of 15 U.S.C. § 1116..

47.     Calista's use of a counterfeit mark in this manner was willful.

48.     Calista Enterprises, Ltd. and Alexander Zhukov are jointly and severally liable for their unlawful conduct.

49.     Tenza is entitled to its actual damages resulting from Calista's use of a counterfeit mark in this manner or, at Tenza's election, statutory damages not to exceed more than Two Million Dollars ($2,000,000) per counterfeit mark.

**Fifth Cause of Action**

Cybersquatting

15 U.S.C. § 1125(d)

50.     Tenza incorporates by reference paragraphs 1 through 19, paragraphs 21 through 27, paragraphs 29 through 31, paragraphs 33 through 39, and paragraphs 41 through 43, inclusive, as if fully set forth herein.





2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

51.     Calista's conduct as described herein constitutes a violation of 15 U.S.C. § 1125(d)(1)(A).

52.     Calista registered Calista's Infringing Websites with a bad faith intent to profit from Tenza's federally-registered PORNTUBE trademark.

53.     At the time Calista registered the domain names of Calista's Infringing Websites, Tenza's federally-registered PORNTUBE trademark was distinctive.

54.     At the time Calista registered the domain names of Calista's Infringing Websites, said domain names were confusingly similar to Tenza's federally-registered PORNTUBE trademark.

55.     Calista Enterprises, Ltd. and Alexander Zhukov are jointly and severally liable for their unlawful conduct.

56.     As a result of the unlawful conduct of Calista as described herein, Tenza has been damaged in an amount to be determined.

57.     Pursuant to 15 U.S.C. § 1125(d)(1)(C), Tenza is entitled to an order transferring the domain names of the Calista Infringing Websites to Tenza.

**Sixth Cause of Action**

Constructive Trust

58.     Tenza incorporates by reference paragraphs 1 through 19, paragraphs 21 through 27, paragraphs 29 through 31, paragraphs 33 through 39, paragraphs 41 through 43, and paragraphs 45 through 50, inclusive, as if fully set forth herein.

Page 25 -   **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**

 

ECLIPSE|GROUP
2020 Main Street    t: 949.851.5000
Suite 600    f: 949.851.5051
Irvine, CA 92614

59.     Calista's conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off services identified by Tenza's federally-registered PORNTUBE trademark without approval or authorization by Tenza.

60.     By virtue of Calista's wrongful conduct, Calista have unlawfully received money and profits that rightfully belong to Tenza.

61.     Tenza is also entitled, pursuant to 15 U.S.C. § 1117(a) to recover any and all profits of Calista that are attributable to their acts of infringement or other violations thereof.

62.     Tenza is also entitled, pursuant to 15 U.S.C. § 1115 to recover any and all profits of Calista that are attributed to their acts of counterfeiting or other violations thereof.

63.     Calista Enterprises, Ltd. and Alexander Zhukov are jointly and severally liable for their unlawful conduct.

64.     On information and belief, Calista hold the unlawfully received money and profits in the form of bank accounts, real property, intellectual property, and personal property that can be located and traced.

65.     Calista hold the money and profits that they have unlawfully received as constructive trustees for the benefit of Tenza.

<div align="center">

**Seventh Cause of Action**

Accounting

</div>

66.     Tenza incorporates by reference paragraphs 1 through 19, paragraphs 21 through 27, paragraphs 29 through 31, paragraphs 33 through 39, paragraphs 41 through 43, paragraphs 45 through 50, and paragraphs 52 through 57, inclusive, as if fully set forth herein.

Page 26 -   **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**




67.     Tenza is entitled, pursuant to 15 U.S.C. §§ 1116 and 1117, to recover any and all profits of Calista that are attributable to their acts of infringement, counterfeiting and other violations detailed herein.

68.     Calista Enterprises, Ltd. and Alexander Zhukov are jointly and severally liable for their unlawful conduct.

69.     The amount of money due from Calista to Tenza is unknown to Tenza and cannot be ascertained without a detailed accounting by Calista.

**Eighth Cause of Action**

Conversion

70.     Tenza incorporates by reference paragraphs 1 through 19, paragraphs 21 through 27, paragraphs 29 through 31, paragraphs 33 through 39, paragraphs 41 through 43, paragraphs 45 through 50, paragraphs 52 through 57, and paragraphs 59 through 60, inclusive, as if fully set forth herein.

71.     Calista's activities, as described herein and consisting, *inter alia*, of the acquisition and use in commerce of websites identified by, and using as part of the URL, Tenza's federally-registered PORNTUBE trademark constitutes an intentional exercise of dominion or control over Tenza's rights.  In doing so, Calista interfered with Tenza's right to possession of its undivided interest in Tenza's federally-registered PORNTUBE trademark.

72.     Calista's practice wherein they display a link to "Porn Tube" but redirect traffic to www.porntubem.com and other domains, rather than to Tenza's PornTube® website, further constitutes conversion of the benefit from internet traffic that should have been directed to Tenza's PornTube® website.

Page 27 -     **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**


2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051

73.     Calista Enterprises, Ltd. and Alexander Zhukov are jointly and severally liable for their unlawful conduct.

74.     As a proximate result of Calista's conversion, Tenza has suffered damages that are the natural, reasonable and proximate result of the conversion.

75.     Tenza is entitled to recover the full value of Calista's use of Tenza's property, in an amount that will be determined upon further discovery.

### Demand for Jury Trial

Tenza hereby demands a trial by jury on Plaintiff's Complaint and Tenza's Counterclaims.

### Prayer for Relief

WHEREFORE, Defendant and Counterclaim-plaintiff Tenza prays for judgment as follows:

A.     That Plaintiff take nothing by its Complaint;

B.     That all internet domains owned by Calista using as part of the URL, Tenza's federally-registered PORNTUBE trademark be transferred to Tenza;

C.     That Calista and Alexander Zhukov each be permanently enjoined from using Tenza's PORNTUBE mark pursuant to 15 U.S.C. § 1116, applicable Oregon state law and the equitable powers of this Court;

D.     That Tenza be awarded compensatory damages according to proof;

E.     That Tenza be awarded, in addition to its actual damages, treble damages and profits pursuant to 15 U.S.C. § 1117(b);

**ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**




F.    A finding that this is an exceptional case within the meaning of 15 U.S.C. § 1117 and an award to Tenza of its attorney's fees;

G.    That Tenza be awarded its attorney's fees as authorized by statute by Oregon Statute;

H.    That Tenza be awarded punitive damages as authorized by Oregon statute;

I.    That Tenza be awarded statutory damages for counterfeiting in the amount of $2,000,000 per infringement pursuant to 15 U.S.C. § 1117;

J.    That Tenza be awarded its costs of suit;

K.    For such other relief as the Court may deem necessary, just and proper.


Dated:  August 25, 2014                    Respectfully submitted,



s/ Paul N. Tauger
Paul N. Tauger, *Admitted Pro Hac Vice*
Anna M. Vradenburgh, *Admitted Pro Hac Vice*
Telephone: 949 851-5000 ext. 110
Facsimile:   949 851-5051

Devon Zastrow Newman, OSB #014627
Alexandra J. Bodnar, OSB #133058
Telephone: 503 222-9981
Facsimile:  503-796-2900

Attorneys for Defendant
**Tenza Trading Ltd.**


Page 29 -    **ANSWER TO FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM OF TENZA TRADING LTD**


2020 Main Street
Suite 600
Irvine, CA 92614
t: 949.851.5000
f: 949.851.5051