IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALISTA ENTERPRISES LTD.**, *a Republic of Seychelles Company*,<br><br>    Plaintiff,<br><br>    v.<br><br>**TENZA TRADING LTD.**, *a Cyprus Company*,<br><br>    Defendant and Counterclaim-Plaintiff,<br><br>    v.<br><br>**ALEXANDER ZHUKOV**, *a citizen of the Czech Republic*,<br><br>    Counterclaim-Defendant. | Case No. 3:13-cv-01045-SI<br><br>**OPINION AND ORDER** |

Valentin David Gurvits and Matthew Shayefar, BOSTON LAW GROUP, PC, 825 Beacon Street, Suite 20, Newton Centre, MA 02459; Sean Ploen, PLOEN LAW FIRM, PC, 100 South Fifth Street, Suite 1900, Minneapolis, MN 55402; Evan Fray-Witzer, CIAMPA FRAY-WITZER, LLP, 20 Park Plaza, Suite 505, Boston, MA 02116; Thomas Freedman Jr., PEARL LAW LLC, 522 S.W. Fifth Avenue, Suite 1100, Portland, OR 97204. Of Attorneys for Plaintiff Calista Enterprises Ltd. and Counterclaim-Defendant Alexander Zhukov (limited appearance).

Paul N. Tauger and Anna M. Vradenburgh, THE ECLIPSE GROUP LLP, 2020 Main Street, Suite 600, Irvine, CA 92614; Devon Zastrow Newman and Alexandra J. Bodnar, SCHWABE, WILLIAMSON & WYATT, P.C., 1211 S.W. Fifth Avenue, Suite 1900, Portland, OR 97204. Of Attorneys for Defendant Tenza Trading Ltd.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

Defendant and Counterclaim-Plaintiff Tenza Trading Ltd. ("Tenza") moves for alternative service on Counterclaim-Defendant Alexander Zhukov ("Mr. Zhukov") pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. (ECF 148.) Tenza requests an order permitting it to effect service of process on Mr. Zhukov through one or more of the following alternative means: (1) by email to webmaster@AlexZ-Traffic.com; (2) by service on the attorneys who entered a limited appearance for Mr. Zhukov to challenge the motion for default, namely Valentin Gurvitz, Thomas Freedman, Evan Fray-Witzer, Matthew Shayefar, and Sean Ploen; or (3) by mail both to Mr. Zhukov's Russian address and his Czech Republic address. Mr. Zhukov, making a limited special appearance, objects to Tenza's proposed alternative service. For the reasons stated below, the Court GRANTS in part Tenza's motion.

## BACKGROUND

Plaintiff Calista Enterprises Ltd. ("Calista") filed this action on June 21, 2013. On August 21, 2013, Tenza filed its Answer and Counterclaims. On March 14, 2014, Tenza filed a motion for leave to amend its counterclaims to add Mr. Zhukov as a counterclaim-defendant and alleged real party in interest to this matter. The basis of Tenza's motion was its assertion that Mr. Zhukov is the alter ego of Calista, which Tenza contends it determined during the course of discovery in January and February of 2014. In particular, Tenza relied on the deposition testimony of Mr. Zhukov taken as Calista's designated representativee pursuant to Fed. R. Civ. P. 30(b)(6). The deposition of Mr. Zhukov was conducted in the Czech Republic. On April 23, 2014, the Court granted Tenza's motion to file its Answer and First Amended Counterclaims. On June 9, 2014, after adding Mr. Zhukov as a counterclaim-defendant, Tenza filed a motion for default judgment against him. Mr. Zhukov made a limited special appearance for the purpose of

PAGE 2 – OPINION AND ORDER

responding to that motion. On July 23, 2014, the Court denied without prejudice Tenza's motion for entry of default judgment against Mr. Zhukov.

Tenza made one attempt at service of process on Mr. Zhukov. During an expert deposition in this case "[s]ome months ago," counsel for Tenza asked counsel for Calista if Mr. Zhukov authorized counsel for Calista to accept service of process on behalf of Mr. Zhukov. Counsel for Calista stated that they would need to check with Mr. Zhukov. Having not received a response, counsel for Tenza sent a follow-up email to counsel for Calista on July 31, 2014. Counsel for Calista responded: "[A]fter speaking with Mr. Zhukov, I had told you that we had not been authorized to accept service on his behalf. I am told that this remains the case as of today."

## STANDARDS

Service of process is a "formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Volkswagenwerk Aktiengesellschaft v. Schlunk* 486 U.S. 694, 700 (1988) (citations omitted). Service of process requirements are generally a prerequisite to a court's jurisdiction over an adverse party. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly . . . .").

In the federal courts, sufficiency of service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. *Id.* Rule 4(f) governs service on an individual in a foreign country. *See* Fed. R. Civ. P. 4(f). Rule 4(f) provides that an individual "may be served at a place not within any judicial district of the United States" through any of three separate methods:

> (1)　by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

PAGE 3 – OPINION AND ORDER

>    (2)    if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>    >    (A)    as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>    >
>    >    (B)    as the foreign authority directs in response to a letter rogatory or letter of request; or
>    >
>    >    (C)    unless prohibited by the foreign country's law, by:
>    >
>    >    >    (i)    delivering a copy of the summons and of the complaint to the individual personally; or
>    >    >
>    >    >    (ii)   using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>    (3)    by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Of the three enumerated methods of alternative service, none is preferred more than another. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Nothing in the Rule indicates that Rule 4(f)(3) is available only after attempting service of process by other means. *Id.* "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (quoting *Rio Props.*, 284 F.3d at 1016)). The only limitations under Rule 4(f)(3) are that service must be "(1) directed by the court; and (2) not prohibited by international agreement." *Rio Props.*, 284 F.3d at 1014. Courts applying Rule 4(f)(3) have approved "a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and . . . email." *Id.* at 1016 (collecting cases).

PAGE 4 – OPINION AND ORDER

# DISCUSSION

Tenza proposes three alternative means of serving Mr. Zhukov: (1) by email to webmaster@AlexZ-Traffic.com; (2) by substituted service on his domestic attorneys; and (3) by mail both to Mr. Zhukov's Russian address and to his Czech Republic address. Whether Tenza's proposed alternative service is permissible depends not only on the Federal Rules of Civil Procedure, but also on the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 164 (hereinafter "Hague Service Convention" or "Convention"), as well as the Due Process Clause, U.S. Const. amend. V. The Court first analyzes the interaction of these three sources of law before evaluating Tenza's proposed alternative means of service.

## A.  The Hague Service Convention

The Hague Service Convention "regularized and liberalized service of process in international civil suits." *Brockmeyer*, 383 F.3d at 805. The Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Service Convention, art. 1. The Convention requires each participating state to establish a "Central Authority" that receives "requests for service of documents from other countries." *Volkswagenwerk*, 486 U.S. at 698. The primary method by which service is accomplished under the Convention is by forwarding the summons and complaint to the Central Authority for the country in which service is to be made, along with a request for service.[1] *See* Hague Service Convention, arts. 2, 3, and 5.

---

[1] Tenza claims that service through the Czech Republic's Central Authority would take six to eight months and that such a delay would cause Tenza irreparable harm. Although the Convention itself provides in Article 15 that alternate methods may be used if a Central Authority does not respond within six months, the Court notes that Tenza has had from at least April 23, 2014, when the Court permitted Tenza to file its Answer and First Amended Counterclaims, to effect service of process on Mr. Zhukov. During the past four months, rather

After the Central Authority receives a request that complies with the Convention, the Central Authority then serves the documents or arranges to have them served by an appropriate agency. *See id.* at art. 5. After completing service of process, the Central Authority "complete[s] a Certificate in the form of the model annexed to the . . . Convention," which details "the method, the place, and the date of service" or explains why service did not occur. *Id.* at art. 6. The completed Certificate is then sent "directly to the applicant." *Id.*

Although the Convention seeks to establish a uniform system of service, it "does not interfere with" certain other enumerated types of service, "[p]rovided the State of designation does not object." *Id.* at art. 10. These other enumerated types of service include:

> a)  the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> b)  the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
>
> c)  the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

*Id.* If a foreign country opposes service by mail or through diplomatic channels, a party is required to use the foreign country's Central Authority. *Id.*

## B. The Relationship Between the Convention and the Law of the Forum

The Supreme Court has observed in dicta that where the Convention is applicable, "compliance with the Convention is mandatory." *Volkswagenwerk*, 486 U.S. at 705. That is, where the Convention applies, alternative service would be "prohibited by international

---

than attempt to effect service of process on Mr. Zhukov, Tenza pursued a motion for default judgment. Tenza's claims of irreparable harm are not dispositive to this motion.

PAGE 6 – OPINION AND ORDER

agreement" and therefore unavailable. *Cf.* Fed. R. Civ. P. 4(f)(3). The question is whether, with respect to a given method of service, the Convention applies.

The Convention provides that it applies when there is "occasion to transmit" a document "for service abroad." Hague Service Convention, art. 1. But the Convention leaves unspecified the circumstances that might give rise to such an occasion. *Volkswagenwerk*, 486 U.S. at 700. Accordingly, that lacuna must "almost necessarily" be filled by reference to the internal law of the forum. *Id.* Because the internal law of the forum governs sufficiency of service of process in the forum's court, it is the internal law of the forum that governs whether "the applicable method of service [requires] the transmittal of documents abroad." *Id.*

For example, in *Volkswagenwerk*, the Supreme Court permitted process to be served on a German company by serving its American subsidiary, as an involuntary agent for service of process under state law. *Id.* at 696. The Court held that "[w]here service on a domestic agent is valid and complete under both [forum] law and the Due Process Clause, our inquiry ends and the Convention has no further implications." *Id.* at 707. This means that, for the purposes of the Hague Service Convention, the place where service is effected is where—as defined by forum law—service is complete.[2] If service is effected domestically, then the Hague Service Convention does not apply. *Id.* at 700; *see id.* at 702 (recognizing that this construction "decreases the obligatory force of the Convention").

Following the reasoning of *Volkswagenwerk*, several federal courts have authorized service under Rule 4(f)(3) on domestic counsel as involuntary agents for their clients abroad. *See, e.g.*, *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, 2011 WL 2607158, at *13 (N.D. Cal.

---

[2] This stands to reason. For example, if service is properly effected under Rule 4(e)(2)(B) by delivery at the person's dwelling located within a judicial district of the United States, the Convention is not triggered simply because the person being served may, at the time of service, be vacationing in the Czech Republic.

PAGE 7 – OPINION AND ORDER

July 1, 2011) (authorizing service on domestic counsel for defendants located in India, a signatory to the Convention); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005) (authorizing service on domestic counsel for defendant in Pakistan, a signatory to the Convention). *See generally Richmond Techs.*, 2011 WL 2607158, at *13 (collecting more cases). Indeed, the commentary to Rule 4(f)(1) seems also to indicate that Rule 4(f)(3) may be an alternative method of service. *See* Fed. R. Civ. P. 4(f)(1) Advisory Committee Notes, 1993 Amendments (observing that when a Convention signatory is "dilatory . . . resort may be had to [Rule 4(f)(3)]").

As the *Volkswagenwerk* Court recognized, however, the Due Process Clause places some limits on a court's inventiveness in authorizing a method of service. Individuals not within the United States must either be served personally—triggering the strictures of the Convention—or through substituted service "that provides 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Volkswagenwerk*, 486 U.S. at 705 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

**C. Tenza's Motion for Alternative Service of Process**

Of Tenza's proposed methods of service, substituted service upon Mr. Zhukov's domestic attorneys is the least problematic. Such service would be complete within the United States and would therefore not trigger the Hague Service Convention. Furthermore, such service would give Mr. Zhukov notice sufficient to satisfy the Due Process Clause: Mr. Zhukov already has actual notice, and as the same attorneys represent Calista, the corporation of which he is sole owner and designated representative, they are in reasonable contact with him. *Cf. Richmond Techs.*, 2011 WL 2607158, at *13 (holding that substituted service on attorneys under similar circumstances provided sufficient notice); *FMAC Loan Receivables*, 228 F.R.D. at 534-35

PAGE 8 – OPINION AND ORDER

(similar). Accordingly, the Court hereby authorizes substituted service upon Mr. Zhukov's attorneys.

Mail to Mr. Zhukov's Czech address is more problematic. Both the United States and the Czech Republic are signatories of the Hague Service Convention. Mail to Mr. Zhukov's Czech address would, therefore, trigger the Convention, for it would be a "transmittal abroad that is required as a necessary part of service." *Cf. Volkswagenwerk*, 486 U.S. at 707. Moreover, the Czech Republic has objected to service by postal channels under Article 10 of the Convention. *Service of Process*, U.S. MARSHALS SERVICE, http://www.usmarshals.gov/process/hague_service.htm (last visited Aug. 25, 2014). Accordingly, service by mail is "prohibited by international agreement" and thus may not be authorized under Rule 4(f)(3). Service by mail to Mr. Zhukov's Czech address is denied.

Mail to Mr. Zhukov's Russian address might not be prohibited by international agreement because Russia appears to have "unilaterally suspended all judicial cooperation with the United States in civil and commercial matters in 2003." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1238 (Fed. Cir. 2010) (quotation marks omitted). But, because Mr. Zhukov is not currently residing in Russia, service there might not satisfy due process. As the Court has already authorized one method of service, another, more dubious one is unnecessary. Service by mail to Mr. Zhukov's Russian address is denied.

Similarly, the propriety of service by email would depend on the country in which the server for AlexZ-Traffic.com is located, as that is where service would be complete. That information is not before the Court, and in its absence, this Court declines to authorize a dubious method of service. Service by email is denied.

PAGE 9 – OPINION AND ORDER

**D. Personal Jurisdiction**

The due process standards for service of process are not stringent. *See Volkswagenwerk*, 486 U.S. at 705 (citation omitted). But service of process is not the only requirement for jurisdiction over a defendant: A court must also have personal jurisdiction. That standard is markedly higher. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (setting out the Ninth Circuit's three-prong test for personal jurisdiction). Mr. Zhukov, by entering a limited appearance for the purposes of contesting service of process, has not waived his right to contest personal jurisdiction, and that issue is not currently before the Court.

## CONCLUSION

The Court GRANTS in part Tenza's motion for alternative service of process on Counterclaim-Defendant Alexander Zhukov (ECF 148). Tenza may serve Mr. Zhukov by substituted service on his domestic attorneys. The Court DENIES the remainder of Tenza's motion.

**IT IS SO ORDERED**.

DATED this 26th day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge